UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.,
A Florida Corporation,

             Plaintiff,                       Case No.:

vs.

COSTAR REALTY INFORMATION, INC.,
A foreign Corporation and
COSTAR GROUP, INC.,
A foreign Corporation,

             Defendants.
_____/

## DEFENDANTS, COSTAR REALTY INFORMATION, INC. AND COSTAR GROUP, INC.'S NOTICE OF REMOVAL

Defendants, CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively "CoStar") through undersigned counsel removes this action from the Circuit Court for the Sixth Judicial Circuit in and for Pinellas, Florida, Case No. 08-8290CI-15 to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The basis for the removal of this action is that there is diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

In support if its removal, CoStar states:

1. On or around June 4, 2008, Plaintiff, Klein & Heuchan, Inc. ("Plaintiff"), filed a declaratory judgment action in the Sixth Judicial Circuit in and for Pinellas County, Florida entitled <u>Klein & Heuchan, Inc. a Florida Corporation v. CoStar Realty Information, Inc., a</u>

foreign Corporation and CoStar Group, Inc., a foreign Corporation. ("Action"). A copy of the original Complaint is attached hereto as Exhibit A.

2. Plaintiff is a Florida Corporation organized under the existing laws of the State of Florida.

3. CoStar Realty Information, Inc. is a foreign corporation organized under the existing laws of the State of Delaware with its principal place of business and corporate offices located in Bethesda, Maryland.

4. CoStar Group, Inc. is a foreign corporation organized under the existing laws of the State of Delaware with its principal place of business and corporate offices located in Bethesda, Maryland.

5. This Notice of Removal is timely filed within thirty (30) days after service of Plaintiff's Complaint upon CoStar in accordance with 28 U.S.C. §1446(b).

6. Complete diversity exists in accordance with 28 U.S.C. §1332. This action does not fall within the class of action which, under the applicable rules, laws or statutes, prevents or limits the right of removal of such causes of action.

7. While the amount in controversy is not facially apparent from the Complaint, as clearly set forth in the declaration of Christopher Winters, the amount in controversy as to this dispute is $86,096.00. See Exhibit B, Declaration of Christopher Winters ¶¶ 15.

8. CoStar is a leading national commercial real estate information provider that licenses the information contained within its databases to businesses. Id. ¶¶ 3, 5.

9. Access to CoStar's subscription information services and their associated databases is limited to authorized users who gain authorization pursuant to a license

agreement. Id. ¶ 6. By logging into CoStar's Internet-based subscription information services, the user agrees to the Terms of Use agreement. Id. ¶ 8. The Terms and Use agreement constitutes a legal contract between the user and CoStar. Id.

10. Scott Bell, Plaintiff's licensed agent and independent contractor along with Plaintiff had unauthorized access to CoStar's information services for a period of 16 months, and therefore, Plaintiff owes CoStar for the licensing fees that Plaintiff should have paid for this access to CoStar's information services. Id. ¶ 13.

11. The object of Plaintiff's declaratory judgment action is to determine Plaintiff's rights and obligations under CoStar's Terms of Use agreement. See Exhibit A ¶ 18.

12. The amount in controversy is greater than $75,000, because the value of Plaintiff's level of unauthorized access to CoStar's information services is valued at $5,381.00 per month, and therefore, Plaintiff's unauthorized access to CoStar's site for 16 months equates to $86,096.00 in lost licensing fees. See Exhibit B ¶¶ 14-16.

13. In accordance with 28 U.S.C. § 1446(a) and Local Rule 4.02(b), CoStar has attached as Exhibits and filed with the Clerk of this Court true and legible copies of all process, pleadings, orders, and other papers on file with the Sixth Judicial Circuit in and for Pinellas County, Florida.

14. Pursuant to 28 U.S.C. § 1446(d), CoStar has provided written notice to Plaintiff and has filed a copy of this Notice of Removal with the Clerk for the Sixth Judicial Circuit in and for Pinellas County, Florida. A copy of CoStar's Notice of Removal to Plaintiff and Notice of Filing Notice of Removal are attached hereto as Exhibits C and D respectively.

WHEREFORE, Defendants, CoStar Realty Information, Inc. and CoStar Group, Inc., respectfully requests that this Honorable Court exercise jurisdiction over the above-styled action.

Respectfully submitted,

/s/ William C. Guerrant, Jr.
William C. Guerrant, Jr.
Trial Counsel
Florida Bar No. 516058
wguerrant@hwhlaw.com
William F. Sansone
Florida Bar No. 0781231
wsansone@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U. S. Mail this 25th day of June, 2008 to J. Paul Raymond, Esq., MacFarlane Ferguson & McMullen, P. O. Box 1669, Clearwater, FL 33757.

/s/
Attorney

618584

4