IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KLEIN & HEUCHAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC, <br><br> Defendants. | Civil Action No. 8:08-cv-01227-JSM-MSS |

**DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER VENUE
AND INCORPORATED MEMORANDUM OF LAW**

Defendants CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar"), by their attorneys, hereby move to dismiss the complaint filed by plaintiff Klein & Heuchan, Inc. ("K&H") under the court's discretionary authority to determine whether and when to entertain a declaratory judgment action (*Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)). In the alternative, CoStar moves to transfer venue to the U.S. District Court for the District of Maryland, Greenbelt Division, under 28 U.S.C. § 1404(a).

I.  **INTRODUCTION**

This declaratory judgment action is duplicative of another case that is currently pending before the U.S. District Court for the District of Maryland, in which CoStar is the plaintiff. The Maryland action arises out of the same dispute, raises the same issues, and involves the same parties as does this case. The Maryland case names an additional party and includes additional claims (including a federal copyright claim) that are not included here. The Maryland action

thus would also result in a more complete resolution of the parties' dispute. Moreover, the circumstances surrounding K&H's filing of this case suggest that it was purely the result of forum-shopping. K&H was aware of CoStar's intent to file the Maryland action, the additional party, and the copyright claim, but nevertheless chose to file this declaratory judgment action in Florida state court to avoid the more appropriate forum of Maryland district court.

Allowing these two parallel cases to proceed in two different federal district courts would result in a waste of the court's and the parties' resources and would run the risk of inconsistent results. This case should therefore either be dismissed outright or transferred to Maryland district court.

## II. **BACKGROUND**

The dispute giving rise to both this case and the parallel action in Maryland arises out of the unauthorized access to CoStar databases by Scott Bell ("Bell"), who is an employee or independent contractor of the plaintiff in this action, Klein & Heuchan, Inc. ("K&H"). (*See* Complaint, Case No. 8:08-cv00663-AW, District of Maryland, Greenbelt Division ("Maryland Complaint") ¶¶ 19-25, (Ex. A).) CoStar's licensees, which primarily include commercial real estate brokers, search CoStar's internet-based databases by numerous search fields to find the type of property desired. (*Id.* ¶¶ 10, 13.) CoStar believes that Bell inappropriately used a username and password that he had obtained from his previous employer (who was a licensee of CoStar) to obtain unauthorized access to CoStar's information databases. (*Id.* ¶¶ 22-23.)

K&H is not a licensee of CoStar. Bell's wrongful use of the username and password that he obtained from his previous employer for the benefit of K&H constitutes copyright infringement by K&H and Bell. After it became aware of Bell's unauthorized use, CoStar

forwarded a draft complaint to K&H outlining its claims, and suggested in the cover letter that the parties discuss a resolution short of litigation. (May 28, 2008 letter from Mr. Curtis Ricketts of CoStar to K&H and Bell at 1 (Ex. B).) In that letter, CoStar informed K&H that because its discussions with K&H to date had been unable to resolve their dispute, CoStar intended to file the complaint unless they could come to an agreement by June 3, 2008. (*Id.*) The claims in the draft complaint included a copyright claim and a breach of contract claim against K&H. (*Id.*)

On June 4, 2008, just one week after CoStar forwarded the draft complaint, CoStar received notice from K&H's counsel that K&H had filed a declaratory judgment action against CoStar in Florida state court. (June 4, 2008 letter from J. Paul Raymond (K&H's counsel) to Jonathan Coleman (CoStar's General Counsel and Secretary) (Ex. C).) Regardless of being on notice that the Maryland Complaint contained a copyright claim, K&H did not reference that claim in its declaratory judgment complaint filed in Florida state court ("Florida Complaint"). Instead, the Florida Complaint references only a contractual dispute between CoStar and K&H. (*See* Florida Complaint ¶¶ 15-18 (Dkt. 2).)

On June 17, 2008, CoStar filed a complaint against K&H and Bell in Maryland district court alleging: (1) direct copyright infringement against Bell; (2) contributory and vicarious copyright infringement against K&H; (3) violation of 18 U.S.C. § 1030 (fraud and related activity in connection with computers) against Bell; and (4) breach of contract against Bell.[1]

---

[1] On March 13, 2008, CoStar filed a similar complaint in Maryland district court against different defendants. (Complaint and Electronic Filing Receipt, Case No. 08-CV-663-AW, U.S. District Court, District of Maryland (Ex. D).) That case is assigned to the same district court judge as is the Maryland case against K&H and Bell. (Docket Reports, Case No. 08-CV-663-AW and Case No. 08-CV-01575-AW, U.S. District Court, District of Maryland (Exs. E and F.) The defendants in the March 13 case are not directly related to K&H or Bell; however, CoStar believes that those defendants, like the defendants here, illegally accessed CoStar's databases through the unauthorized use of usernames and passwords, and are liable for, among other things, copyright infringement.

(Maryland Complaint at 8-12 (Ex. A).) CoStar's copyright and § 1030 claims against Bell are based in part on Bell's unauthorized access and use of the CoStar databases on 132 occasions for a total of 46 hours, involving 'hits' to 12,829 pages on the CoStar website. ((Declaration of Steven J. Williams ¶¶ 4-5 (Ex. G) ("Williams Decl."); *see also* Maryland Complaint ¶ 51; ¶¶ 19-33, 44-48 (Ex. A).) CoStar believes that K&H is liable for contributory copyright infringement by virtue of the fact that, among other things, it provided Bell with office space, computers, and internet access with which Bell accessed CoStar's databases. (*See* Maryland Complaint ¶¶ 37-43 (Ex. A).) CoStar's breach of contract claim against Bell is based on his breach of CoStar's Terms of Use that appear on CoStar's website at the Subscriber Login Area.[2] (*See id.* ¶¶ 49-50, 13-18.)

CoStar removed K&H's state court action to this court on June 25, 2008. (Notice of Removal (Dkt. 1).) CoStar now moves for dismissal of this case on the ground that K&H filed this action in anticipation of CoStar's Maryland action. In the event that the Court does not dismiss this action, it should instead transfer this case to the district court in Maryland, which is where CoStar had originally intended to file suit against K&H and Bell, and which is the appropriate venue for resolution of the parties' dispute.

## III. <u>ARGUMENT</u>

### A. This Court Should Exercise Its Discretion to Dismiss K&H's Incomplete Declaratory Judgment Action

Under well established Supreme Court authority, this Court has the discretion to dismiss this incomplete declaratory judgment action. Although the Declaratory Judgment Act grants federal district courts jurisdiction to hear declaratory judgment actions, the Act does not *require*

---

[2] The Terms of Use also contain a forum selection clause under which the user agrees to exclusive jurisdiction and venue in Maryland. (Williams Decl. ¶ 3 (Ex. G) and Ex. 1 (CoStar

the courts to hear such actions.[3] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). Rather, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act . . . ." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995). If a court decides not to entertain the declaratory proceeding, it may either stay or dismiss the federal action. *Wilton*, 515 U.S. at 287.

In exercising that discretion, courts may consider a number of factors, depending on the circumstances of the case. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("The factors relevant in deciding whether to hear a declaratory judgment action are equitable in nature."). Among the factors courts may consider are the questions of whether the declaratory judgment action will completely resolve the parties' dispute, and whether the declaratory judgment action was filed in apparent anticipation of another pending proceeding that would fully resolve the parties' dispute. *Ven-Fuel v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982); *see* Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 10B *Federal Practice and Procedure* § 2759 at 543 ("One of the most important considerations that may induce a court to deny declaratory relief is that the judgment sought would not settle the controversy between the parties.") (1998) (hereinafter, "Wright & Miller"); *id.* § 2758 at 514-19 (a "declaratory action may be dismissed or stayed if the other suit will satisfactorily resolve the controversy between the parties.").

---

Terms of Use) at 11); *see also* Maryland Complaint ¶ 18 (Ex. A).)
[3] The Federal Declaratory Judgment Act (as opposed to Florida's Declaratory Judgment Act) applies because declaratory relief is a procedural matter, and in diversity cases, federal law applies with respect to procedural issues. *Townhouses of Highland Beach Condominium Assn., Inc. v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1309-10 (S.D. Fla. 2007) (applying Federal Declaratory Judgment Act in case that had originally been brought under Florida's Declaratory Judgment Act but that had been removed to federal court from state court); *accord Fernandez v. Scottsdale Ins. Co.*, No. 8:07-cv-598-T-30EAJ, 2007 WL 2209280 at *1 (M.D. Fla. July 30, 2007) (Moody, J.); *see also Manuel*, 430 F.3d at 1183 n. 3.

These factors weigh heavily in favor of dismissal. As an initial matter, the Florida action will not fully resolve the dispute between the parties. Although the suits arise out of the same dispute, raise essentially the same issues, and involve the same parties, the Florida action is woefully deficient in the claims and parties it includes. First, the issues raised by the parties' dispute, which arises out of Bell's illegal access to CoStar's copyrighted photographs and K&H's involvement in that illegal access are not included in the single, contractual claim raised by the Florida Complaint, but are instead fully encompassed by the claims raised by the Maryland Complaint: direct copyright infringement against Bell; contributory copyright infringement against K&H; violation of § 1030 against Bell; and breach of contract against Bell. K&H's attempt to couch the dispute as solely a breach of contract action should not be allowed to succeed, especially given that CoStar has not asserted, and no longer intends to assert, a breach of contract action against K&H, rendering K&H's declaratory judgment action arguably moot.

Second, the Maryland case would also allow for a more complete resolution of all claims against all parties, as Scott Bell is a party to the Maryland Complaint but is not party to the Florida Complaint. Bell is a necessary party to this suit. Fed. R. Civ. P. 19(a). As an initial matter, the Florida Complaint itself refers to him, alleging that Bell was an authorized user of CoStar's databases (which of course is an allegation that CoStar denies). (Florida Complaint ¶ 12 (Dkt. 2).) Moreover, the court cannot accord complete relief among the existing parties to this suit without Bell, as it is Bell's direct copyright infringement on which CoStar's copyright infringement claim against K&H is based. *See* Fed. R. Civ. P. 19(a)(1)(A). Put simply, dismissal of this case is warranted because this case would not result in a complete resolution of the parties' dispute with respect to all claims against all parties. *See Ven-Fuel*, 673 F.2d at 1195.

Dismissal is also warranted because the circumstances surrounding K&H's filing of this declaratory judgment action in Florida state court strongly suggest that K&H filed this case in an attempt to forum-shop in anticipation of CoStar's filing of its complaint in Maryland. K&H received a letter from CoStar on May 28, 2008 informing it that CoStar intended to file a suit against it. The draft complaint attached to the letter included a copyright claim. K&H was therefore well aware that CoStar intended to bring a copyright claim against it in federal court in Maryland. Moreover, K&H was also aware that Scott Bell was the employee or independent contractor who was accessing CoStar's website, as evidenced by K&H's references to Bell in its declaratory judgment complaint. (Florida Complaint ¶¶ 11-12 (Dkt. 2).) Despite having been aware of the existence of CoStar's federal copyright claim and of Bell's involvement in the dispute, K&H nonetheless filed a declaratory judgment complaint in Florida state court that only references a contractual dispute between K&H and CoStar. It is fair to infer from these facts that K&H filed the present declaratory judgment action in anticipation of the Maryland lawsuit in order to force CoStar to litigate its claims in Florida state court.

K&H's attempt to forum-shop and to exclude CoStar's copyright claim by filing this incomplete declaratory judgment action in state court should not be allowed to succeed. Because the Maryland case would resolve the controversy between the parties more thoroughly than would this action, this declaratory judgment action should be dismissed under the Court's discretionary authority. *Wilton*, 515 U.S. at 283; *Ven-Fuel*, 673 F.2d at 1195.

**B.    If This Case Is Not Dismissed, It Should Be Transferred to the District of Maryland**

K&H's blatant forum-shopping also compels transfer of this case to Maryland, even if it is not dismissed. Transfer is further supported by the balance of convenience factors.

1. **This Case Should Be Transferred to Maryland Because K&H's Filing of its Declaratory Judgment Complaint in Florida State Court Constitutes Impermissible Forum-Shopping**

Under 28 U.S.C. § 1404(a), a district court has the discretion to transfer a case to another district in which venue is proper "[f]or the convenience of the parties and witnesses in the interest of justice."[4] The district court makes an individualized, case-by-case determination regarding whether to transfer based on principles of fairness and convenience. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *see also Brown v. General Life Ins. Co.*, 934 F.2d 1193, 1197 (1991).

Ordinarily, there is a presumption that, when parties have instituted competing or parallel litigation in two federal courts, the court that was the first to have jurisdiction should hear the case. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). An exception to the first-filed rule, however, provides that a court may depart from that rule "where one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum" in an attempt to forum-shop. *Jasper Corp. v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, No. 98-2532-CIV-T-17E, 1999 WL 781808 at *5-6 (M.D. Fla. Sept. 3, 1999); *see also Soroka v. Lee Techn. Servs., Inc.*, No. 1:06-CV-0710-TWT, 2006 WL 1734277 at *4-5 (N.D. Ga. June 19, 2006) (transferring declaratory judgment action filed for forum-shopping purposes and collecting cases holding

---

[4] Venue would be proper in Maryland. An action, such as this one, in which jurisdiction is based upon diversity of citizenship, may be brought in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). The illegal access to CoStar's password-protected services and copyrighted photographs occurred in Maryland, where CoStar's computers and internet servers are located. (*See* Williams Decl. ¶ 6 (Ex. G).) Moreover, the defendants in this declaratory judgment action are both Maryland corporations, and venue is therefore also proper on that basis. 28 U.S.C. § 1391(a)(1) (venue is proper in district where "where any defendant resides, if all defendants reside in the same State.")

same). Forum-shopping is not an activity that the first-filed rule protects. *See Jasper*, 1999 WL 781808 at *5. Instead, in deciding a motion to transfer, the most important considerations are conservation of judicial resources and the avoidance of conflicting rulings. *See id.*

As discussed above, it is fair to infer that K&H's filing of the declaratory judgment action in Florida state court constitutes impermissible forum-shopping. K&H received notice on May 28, 2008 that CoStar intended to file a complaint against it in federal court in Maryland alleging claims of contract and copyright infringement. K&H was aware that Bell was the employee upon whose actions CoStar's allegations were based. K&H nonetheless filed a declaratory judgment complaint in state court that references only the contractual rights and obligations, and omits any mention of CoStar's federal copyright claim and Bell.

In short, if this case is not dismissed, this case should be transferred on the ground that it is a declaratory judgment action filed for forum-shopping purposes. *See Soroka*, 2006 WL 1734277 at *5 (transferring case where court found that forum-shopping concerns motivated the plaintiff to file declaratory judgment action); *Jasper*, 1999 WL 781808 at *6 (transferring case in part on ground that plaintiff filed declaratory action in Florida in "race to the courthouse").

### 2. The Balance of Convenience Factors Also Favors Transfer to Maryland

The balance of the other convenience factors considered under a 1404(a) motion also favors transfer. The § 1404(a) analysis is "flexible and individualized," and the factors that a court considers on a motion to transfer are case-specific. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Factors considered include: the relative ease of access to sources of proof, the convenience of the parties and the witnesses, the locus of operative facts, the plaintiff's interest in its original choice of forum, and trial efficiency and the interests of justice, based on a totality of the circumstances. *See Manuel*, 430 F.3d at 1135 n. 1.

The balance of factors favor Maryland. The CoStar companies named in this action are both have their principal places of business in Bethesda, Maryland. (*See* Maryland Complaint ¶¶ 1, 2 (Ex. A).) The witnesses who would testify on behalf of CoStar all work out of CoStar's Bethesda, Maryland, office. (Williams Decl. ¶ 6 (Ex. G).) Scott Bell, a necessary party to this action, is subject to a forum-selection clause pursuant to which he consented to jurisdiction and venue in Maryland.[5] The relevant evidence is located in Maryland – the computer servers, on which access records are kept, are located in Maryland and all of the documents upon which CoStar would rely to prove its defenses and any claims it would join, are located at CoStar's Bethesda, Maryland, office. (*Id.*) The injury to CoStar resulting from the unauthorized access to CoStar's computer databases was felt by CoStar in Maryland. The weight accorded a plaintiff's choice of forum also favors CoStar, which is the true plaintiff in this declaratory judgment action.

---

[5] By virtue of his having clicked "accept" to CoStar's Terms of Use as they appear at the "Subscriber Login Area" on CoStar's Internet-based database, Bell "irrevocably consent[ed] to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use." (Williams Decl. ¶ 3 (Ex. G) and Ex. 1 (CoStar Terms of Use) at 11.) *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses "are prima facie valid and should be enforced . . ."); *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 808 (11th Cir. 2003). Bell's agreement to the Terms of Use therefore requires that CoStar's dispute with Bell be resolved in Maryland.

Finally, as discussed at length above, considerations of trial efficiency and the interests of justice based on a totality of the circumstances, by far favor CoStar. Transfer to the District of Maryland would permit consolidation of both cases, and would result in a more complete resolution of all the actual claims, against all parties, that are raised by the parties' dispute. Moreover, CoStar has brought a similar case, against different defendants, that is currently pending in Maryland district court before the same district judge who is assigned to CoStar's case against Klein & Heuchan and Bell. (Docket Reports, Case No. 08-CV-663-AW and Case No. 08-CV-01575-AW, U.S. District Court, District of Maryland (Exs. E and F).) Transferring this case to Maryland would allow the same judge to resolve the parallel issues in both cases thus avoiding a duplication of efforts and reducing the risk of inconsistent results.

Under the totality of the circumstances, Maryland is the more appropriate venue for this case and it should be transferred there.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, CoStar respectfully requests that the Court grant this motion and dismiss this case outright, or in the alternative transfer venue to the District Court for the District of Maryland, Greenbelt Division.

Respectfully submitted,

s/William C. Guerrant, Jr.
William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
Trial Counsel
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendants

- and -

William J. Sauers
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC 20004
Telephone: (202) 624-2746
Facsimile: (202) 628-8844
wsauers@crowell.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 17, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to J. Paul Raymond and Jeff Gibson, MacFarlane Ferguson & McMullen, P. O. Box 1669, Clearwater, FL 33757.

s/William C. Guerrant, Jr.
Attorney

649039