KLEIN & HEUCHAN, INC.

     Plaintiff

v.                               Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.

     Defendants

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER VENUE AND INCORPORATED MEMORANDUM OF LAW

Defendant KLEIN & HEUCHAN, INC. (hereinafter "K&H"), by and through its undersigned counsel hereby files this Response in Opposition to Defendants' Motion to Dismiss or to Transfer [Docket No. 6]. As detailed herein, Plaintiff's suit should not be dismissed as it adequately states a cause of action for declaratory relief against COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC. (hereinafter collectively "COSTAR"). Moreover, this Court should not transfer venue to the U.S. District Court for the District of Maryland – a jurisdiction that will be unable to assert personal jurisdiction over K&H. COSTAR's Motion should be denied in its entirety

### I.     PROCEDURAL BACKGROUND

COSTAR's assertion that this case is duplicative of another case filed in Maryland is absolutely correct. However, the duplication is of COSTAR's doing. This case is the first of two filed suit between COSTAR and K&H. Following allegations made by Plaintiff that K&H wrongfully obtained access to Plaintiffs computer

Dockets.Justia.com

database(s), on June 4, 2008 K&H filed a declarative action in the Florida State Courts in Pinellas County, Florida pursuant to Chapter 86 of the Florida Statutes. This lawsuit sought the Florida State Courts to declare K&H's rights and obligations as they relate to COSTAR and to declare that K&H has no obligations pursuant to any agreement. There is absolutely no reason that K&H, a closely held Florida corporation based in Clearwater, Pinellas County, Florida, would file suit anywhere but in the only jurisdiction it does business.

The very day the Florida suit was filed, counsel for K&H forwarded a courtesy copy of the lawsuit via facsimile to in-house counsel for COSTAR asking if they could accept service. A copy of this correspondence enclosing a courtesy copy of the suit is attached as "Exhibit A." COSTAR's did not respond to the undersigned counsel. Instead, nearly two weeks later COSTAR filed its own lawsuit against K&H and Scott Bell, an independent real estate sales agent, in the U.S. District Court for the District of Maryland on June 17, 2008. A copy of the Maryland lawsuit is attached as "Exhibit A" to Defendants' Motion. [Docket 8-2]. Following that filing COSTAR then removed the Florida state suit to this Court and filed the instant motion seeking for this Court to dismiss this lawsuit or transfer it to the second filed Maryland suit.[1]

In the interim, K&H filed a Motion to Dismiss or alternatively Motion to Transfer Venue in the District of Maryland. A copy of K&H's Maryland Motion is attached as "Exhibit B."[2] K&H seeks for the Maryland District Court to dismiss the Maryland action as it lacks personal jurisdiction over K&H. Alternatively, K&H seeks for the Maryland

---

[1] COSTAR does not challenge personal or subject matter jurisdiction in the Middle District of Florida.

[2] K&H does not file Exhibits B and C to the Maryland Motion as they are all a part of this Court's record.

Court to transfer the Maryland action to the Middle District of Florida so that the duplicative suits can be consolidated with K&H's first filed suit.

This Court should deny COSTAR's Motion to Dismiss as K&H adequately pleads an action for declaratory relief. This Court should also deny COSTAR's Motion to Transfer Venue to the District of Maryland because the First Filed Rule requires that this matter be heard in the jurisdiction of the first filed lawsuit between the parties. Moreover, transfer is not appropriate because the Maryland District Court cannot exercise jurisdiction over K&H and because the convenience of the parties weighs in favor of litigating in Florida, not Maryland.

## II. K&H'S DECLARATORY JUDGMENT ACTION IS NOT INCOMPLETE AND SHOULD NOT BE DISMISSED.

COSTAR alleges that this Court should exercise its discretion[3] and dismiss the this suit because: (1) COSTAR has asserted more claims against more parties in the Maryland action; (2) Mr. Scott Bell is a necessary party; and (3) K&H has allegedly attempted to forum-shop. None of these arguments merit dismissal of K&H's suit.

---

[3]     COSTAR dismissively asserts that the Federal Declaratory Judgment Act applies as opposed to Florida's Declaratory Judgment Act found at Chapter 86, Florida Statutes. While K&H does not believe this issue is relevant to the disposition of the instant motion, the law is hardly as clear as COSTAR would have the Court believe. There are cases that find that because Chapter 86 of the Florida Statutes is a procedural mechanism, the Federal Declaratory Judgment Act applies when the lawsuit is heard by a federal court. *See e.g. Buckley Towers Condominium, Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 2490450, at n.1 (S.D. Fla. June 18, 2008); *Fernandez v. Scottsdale Ins. Co.*, No. 8:07-cv-598-T-30EAJ, 2007 WL 2209280 (M.D. Fla. July 30, 2007); *Townhouses of Highland Beach Condominium Assn., Inc. v. QBE Ins. Corp.* No 06-81132-CIV, 504 F. Supp. 2d 1307 (S.D. Fla. June 22, 2007). However, other cases have applied Chapter 86 in similar circumstances. *See e.g. Hansen V. Geovera Specialty Ins. Co.*, No. 8:07-CV-1243-T-27MSS, 2008 WL 816686, at *3 (M.D. Fla. March 26, 2008); *First Auto. Srvs Corp. v. First Colonial Ins. Co.*, No. 3:07-CV-682-J-32TEM, 2008 WL 816973, at *4 (M.D. Fla. March 25, 2008); *Siewak v. Amsouth Bank*, No. 8:06-CV-927-T-24EAJ, 2007 WL 141186, at *3-5 (M.D. Fla. Jan. 16, 2007); *Field v. National Life Ins. Co.*, No. 8:00-CV-989-T-24TBM, 2001 WL 77101, at *5 (M.D. Fla. Jan. 22, 2001).

**A.** **This Court Should Not Dismiss this Suit to Permit the Maryland Court to Resolve the Differences because the Maryland District Court has no Personal Jurisdiction Over K&H.**

The crux of COSTAR's argument appears to be that the second filed Maryland lawsuit is broader both in scope and parties, and therefore, this court should defer to the District of Maryland and allow the second filed Maryland suit to move forward. However, while Maryland would undoubtedly be more convenient for COSTAR, Plaintiff's argument ignores the glaring problem that the Maryland District Court cannot assert personal jurisdiction over K&H.

In order to avoid unnecessary duplication, K&H hereby incorporates herein the arguments made before the Maryland District Court that it could not assert personal jurisdiction over K&H. *See* Exhibit B, pp. 5-11. The law is clear that K&H does not have the minimum contacts with Maryland necessary for the Court to entertain personal jurisdiction over K&H. Accordingly, this Court should not dismiss the Florida litigation.

**B.** **If Scott Bell is Truly a Necessary Party Pursuant to Rule 19(a), Nothing Prevents COSTAR from Adding Him as a Party.**

COSTAR next argues that this case should be dismissed because Mr. Scott Bell is a necessary party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. However, even if Mr. Bell were a necessary party, the text of Rule 19(a) and Eleventh Circuit analysis would clearly call for the addition of Mr. Bell to the Florida litigation, not the dismissal of the action. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279-80 (11th Cir. 2003).

Rule 19(a) provides in full:

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in the person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

(3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

The plain language of Rule 19 evidences that just because one is a *necessary* party does not mean that the lack of that person as a party mandates dismissal of the action. Rule 19 sets forth a two-part test for determining whether a party is *indispensable* requiring dismissal of a suit. First, "the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible." *Focus on the Family*, 344 F.3d at 1280. Only if the person should be joined but cannot does the court proceed to the next prong of the analysis. If the person should be joined but cannot, the Court then determines whether, applying the factors in Rule 19(b), the litigation may continue. *See id.* Because there is absolutely no evidence that Mr. Scott Bell cannot be joined, COSTAR's argument that Rule 19 requires the dismissal of the action because

5

complete resolution of the dispute with respect to all claims against all parties cannot be attained holds no merit.

While COSTAR argues that Mr. Bell is necessary party, there is no evidence before this court to in any way indicate that Mr. Bell could not be joined to this litigation. The text of Rule 19(a) alone provides the solution: have him joined as a party. *See Focus on the Family*, 344 F.3d at 1280 ("Because it appears that [third-party] readily can be made a party to this action, the standard for dismissal under Rule 19(b) is unmet."); *Siewak v. Amsouth Bank*, No. 8:06-CV-927-T-24EAJ, 2007 WL 141186 at *5 (Jan. 16, 2007) (denying Defendants motion to dismiss because two third parties had not been joined where court found that Defendants "have not identified any reason why joinder of the two companies is not feasible."). Accordingly, because Mr. Scott Bell is not an indispensible party that cannot be joined in this action, this suit should not be dismissed solely because Mr. Scott Bell is not currently a party to the litigation.

C.   **K&H's Suit Should Not Be Dismissed Simply Because it was Filed First and K&H had Knowledge of Potential Maryland Litigation.**

COSTAR finally argues that dismissal is warranted because of the "circumstances surrounding K&H's filing of this declaratory judgment action." *See* COSTAR's Motion at 7. Without citing the Court any authority supporting its position, K&H argues that because K&H was aware of COSTAR's prior threat of federal litigation in Maryland before it filed in declaratory action in Florida state court, that K&H's suit should be summarily dismissed. COSTAR's position has no merit.

First, COSTAR incorrectly characterizes K&H's declaratory action as being based solely on a contractual dispute between K&H and COSTAR. K&H's Complaint

alleges that it is "unsure as to what phantom agreement COSTAR alleges has been breached." *Complaint* at ¶17. Moreover, K&H more broadly alleges that "K&H is in doubt as to its rights and obligations." *Complaint* at ¶18. COSTAR's allegations that K&H is somehow committing copyright infringement (directly, vicariously or contributorily) is certainly encompassed in these allegations. K&H seeks for a declaration of the rights and obligation as they relate to COSTAR and for a declaration that K&H has no contractual obligations. K&H's lawsuit is not solely a contractual declaratory action because K&H does not believe there is any contractual relationship.

COSTAR's position seems to be that K&H should have simply waited to be sued in COSTAR's home venue even though that venue would have no jurisdiction over K&H. COSTAR's implication that K&H has somehow acted improperly makes no sense. K&H certainly is within its rights to seek redress of differences in the courts. In order to assert these rights, the law does not require K&H to file suit in a foreign jurisdiction that would not ordinarily have personal jurisdiction over it.

Accordingly, K&H's suit should not be dismissed simply because it was filed before any suit filed by COSTAR but with knowledge that COSTAR had threatened to initiate federal litigation in Maryland.

## III. THIS CASE SHOULD NOT BE TRANSFERRED TO THE DISTRICT OF MARYLAND

COSTAR alleges that this matter should be transferred to the District of Maryland because K&H "impermissibly forum shopped" and because the balance of convenience supports such transfer. However, there simply is no reason for this Court to depart from the First Filed Rule. Moreover, analyzing the convenience of all of the parties and

witnesses, not just COSTAR's convenience, weighs heavily in favor of maintaining the litigation in Florida.

This case should remain in this Court because it was filed before COSTAR filed its suit in Maryland. The "First Filed Rule" provides that "when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case." *See Allstate Ins. Co. v. Clohessy*, 9 F.Supp.2d 1314, 1315-16 (M.D. Fla. 1998). The Eleventh Circuit follows the First Filed Rule and has held that "[i]n the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fedder & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). The primary purpose of this rule is to conserve judicial resources and avoid conflicting rulings. *See Jasper Corp. v. National union fire Ins. Co.*, No. 98-2532-CIV-T-17E, 1999 WL 781808, at *5 (M.D. Fla. Sept. 3, 1999). Because H&K filed the Florida litigation two-weeks prior to COSTAR filing suit in Maryland, this Court should hear and decide the dispute between the parties.[4]

COSTAR alleges that this Court should depart from the First File Rule because H&K first filed this declaratory suit with knowledge of COSTAR's threatened federal litigation in Maryland. While the filing of a declaratory action in one's home forum may provide the circumstance to permit a court to deviate from the First Filed Rule, the change of venue analysis requires a cast-by-case determination based on principles of fairness and convenience. *Stewart Org. Inc. v. Ricoh Corp.* 487 U.S. 22, 29 (1988); *Carl v. Republic Security Bank*, No. 018981-CIV-HURLEY, 2002 WL 32167730, at *3-4 (S.D. Fla. Jan. 22, 2002). The Eleventh Circuit has articulated a policy of restricting

---

[4]      K&H has already moved in the District of Maryland to transfer to the Middle District of Florida under the same legal theories. *See* "Exhibit B"

transfer of actions, stating that "[t]he plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations." *American Aircraft Sales int'l, Inc. v Airwarsaw, Inc.*, No. 98-365-CIV-T-17A, 1999 WL 503965, *3 (M.D. Fla. July 2, 1999) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). COSTAR has the burden of persuading this Court that transfer is appropriate and should be granted. *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F.Supp. 281, 282 (M.D. Fla. 1996).

Moreover, even when a party files a declaratory action in these circumstances, "[a]bandonment of the first-filed rule is not automatic." *Jasper Corp.*, 1999 WL 781808, at *5. The court must use its discretion when making the decision to abandon the First Filed Rule and "[e]ven where compelling circumstances are present, the first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just effective disposition of disputes, require otherwise." *Id.* (internal quotations and citation omitted); *Philibert v. Ethicon, Inc.*, No. 04-81101-CIV, 2005 WL 525330, at *1 (S.D. Fla. Jan. 14, 2005).

COSTAR has provided this Court with no compelling reason to justify abandonment of the First Filed Rule or to disturb K&H's choice of forum other than the argument that this is "a declaratory judgment action filed for forum-shopping purposes." *See* COSTAR's Motion at p.9. However, the filing of declaratory action alone does not justify abandonment of the First File Rule. Moreover, consideration of judicial and litigant economy weighs in favor of maintaining the litigation in this Court.

COSTAR alleges in the second filed Maryland suit that K&H engaged in affirmative conduct making it liable for contributory and vicarious copyright

infringement. COSTAR also alleges that Mr. Bell committed direct copyright infringement and breach some agreement with COSTAR. K&H seeks a declaration of its rights and responsibilities with regard to COSTAR in the instant suit. At issue will be the actions of Mr. Scott Bell as well as representatives of K&H. All of these witnesses are located within the Middle District of Florida. While there will be some witnesses for COSTAR who will testify regarding the alleged access of individuals to COSTAR's information databases via the internet, all of these activities were performed in the Middle District of Florida. K&H does not believe that Mr. Bell performed any activities in Maryland and certainly no representative of K&H set foot in Maryland with regard to COSTAR. Accordingly, aside from the limited number of witnesses who will testify regarding COSTAR's functions and access to COSTAR's database, every other witness and all discovery will need to take place in Florida. Consideration of this case based on the facts presented do not justify transferring venue to the District of Maryland.

Moreover, because the convenience of the parties and witnesses and the interests of justice requires, this Court should maintain this cause here in the Middle District of Florida. 28 U.S.C. § 1404(a) provides as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

K&H respectfully submits that because almost all of the witnesses to this action are in Florida, convenience dictates that the case should be tried in the Middle District of Florida. Again, aside from any COSTAR witnesses who may testify regarding the COSTAR databases and servers located in Maryland, every other witness to this action reside in Florida. Mr. Bell and all of the representatives of K&H reside in Florida.

Moreover, discovery regarding Mr. Bell's prior employer where he obtained a subscription to the COSTAR databases will become extremely relevant and take place in Florida. All of the discovery into who did what, where and when will need to take place in Florida. Accordingly, because almost all of the witnesses will be in Florida, the convenience of the parties and witnesses points toward Florida as the proper forum for the litigation to continue.

## IV. CONCLUSION

This Court should deny COSTAR's Motion to Dismiss as K&H adequately pleads an action for declaratory relief. This Court should also deny COSTAR's Motion to Transfer Venue to the District of Maryland because the First Filed Rule requires that this matter be heard in the jurisdiction of the first filed lawsuit between the parties. Moreover, transfer is no appropriate because the Maryland District Court cannot exercise jurisdiction over K&H and because the convenience of the parties weighs in favor of litigating in Florida, not Maryland.

Respectfully submitted this 31st day of July, 2008.

J. PAUL RAYMOND, ESQ.
Florida Bar No. 0169268
jpr@macfar.com
JEFFREY W. GIBSON, ESQ.
Florida Bar No.: 0568074
jg@macfar.com
Macfarlane Ferguson & McMullen
P.O. Box 1669
Clearwater, FL 33757
(727) 441-8966 – Phone
(727) 442-8470 – Facsimile
Attorneys for Plaintiff
Klein & Heuchan, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2008, a copy of the foregoing *Plaintiff's Response In Opposition To Defendants' Motion To Dismiss or to Transfer Venue and Incorporated Memorandum of Law* has been furnished electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to **William Cooper Guerrant, Jr., Esq.** and **William Fargo Sansone, Esq.**, of Hill Ward Henderson, *counsel for Defendants*

_____
JEFFREY W. GIBSON, ESQ.

# MACFARLANE FERGUSON & McMULLEN

### ATTORNEYS AND COUNSELORS AT LAW

1501 SOUTH FLORIDA AVENUE
LAKELAND, FLORIDA 33803
(863) 680-9908  FAX (863) 683-2849

ONE TAMPA CITY CENTER, SUITE 2000
201 NORTH FRANKLIN STREET
P.O. BOX 1531 (ZIP 33601)
TAMPA, FLORIDA 33602
(813) 273-4200  FAX (813) 273-4396

www.mfmlegal.com
EMAIL: info@mfmlegal.com

625 COURT STREET
P. O. BOX 1669 (ZIP 33757)
CLEARWATER, FLORIDA 33756
(727) 441-8966    FAX (727) 442-8470

IN REPLY REFER TO:

Post Office Box 1669
Clearwater, FL 33757
jpr@macfar.com

June 4, 2006

***VIA FACSIMILE (301) 656-7146***
***and CERTIFIED MAIL – RETURN RECEIPT***

Jonathan Coleman, Esquire
General Counsel & Secretary
CoSTAR Group, Inc.
2 Bethesda Metro Center, 10th Floor
Bethesda, MD  20814

Re:    *Klein & Heuchan, Inc. v. COSTAR Realty Information, Inc. and*
          *COSTAR Group, Inc.*
          Pinellas County Case No.:  08-8290-CI-15

Dear Mr. Coleman:

This firm has the pleasure of representing Klein & Heuchan, Inc.  We were forwarded correspondence from Mr. Curtis Ricketts alleging that our client used CoStar's services without authorization.  Mr. Ricketts' May 28, 2008 correspondence included a draft lawsuit alleging breach of contract and copyright infringement and indicated that the Complaint would be filed against my client unless the parties could resolve their differences by Tuesday, June 3, 2008.

Unfortunately, Mr. Ricketts refused to respond to our repeated attempts at dialog made via telephone and e-mail.  For your convenience I am enclosing a copy of my previous correspondence.  Because I received no response, we were given no option but to file a lawsuit seeking a declaratory judgment pursuant to the Florida Declaratory Judgment Act.  Enclosed please find a courtesy copy of the lawsuit filed today in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Civil Division.  Please let me know if you are authorized to and willing to accept service of the Complaint.  If not, I will have the action served by process server.



**EXHIBIT**

**A**

We remain willing to discuss this matter with you further but dialogue is a two-way street.

I await your response.

Sincerely,

J. Paul Raymond

JPR/jg

cc:    Curtis Rickets
           (via facsimile (301) 656-7146) and electronic mail (crickets@costar.com)
       Klein & Heuchan, Inc.

MODE = MEMORY TRANSMISSION     START=JUN-04 18:20     END=JUN-04 18:22

FILE NO.=021

| STN NO. | COMM. | ONE-TOUCH/ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---------|-------|--------------------|-----------------------|-------|----------|
| 001 | OK | ☎ | 913016649176 | 008/008 | 00:01:24 |

—MACFARLANE FERGUSON     —

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* —     — \*\*\*\*\* —     727 442 8470— \*\*\*\*\*\*\*\*

# MACFARLANE FERGUSON & McMULLEN
### Attorneys and Counselors at Law

## PERSONAL AND CONFIDENTIAL

## FAX TRANSMITTAL FORM

ATTENTION:     Jonathan Coleman, Esquire

FIRM NAME:     CoSTAR Group, Inc.

FROM:     J. Paul Raymond, Esquire

DATE:     June 4, 2008

FAX NO:     (301) 664-9176

PHONE NO.:

Number of Pages     8
(including cover page)

Client/Matter #     Klein & Heuchan

Sender:     If there is a problem with this transmission, please contact Sarah at (727) 441-8966.

Message:  Please see attached correspondence of today's date.

**FAX NO.: (727) 442-8470**          **TELEPHONE NO.: (727) 441-8966**

**Mailing Address:** P.O. BOX 1669
Clearwater, Florida 33757

### CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE ADDRESSEE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, COMMUNICATION OF THIS MATERIAL IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE (COLLECT IF NECESSARY) AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

MODE = MEMORY TRANSMISSION          START=JUN-04 18:22      END=JUN-04 18:24

FILE NO.=022

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/TEL. NO. | PAGES | DURATION |
|---------|-------|---------------------|-----------------------|-------|----------|
| 001 | OK | ☎ | 913017182444 | 008/008 | 00:01:25 |

-MACFARLANE FERGUSON        -

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* —          — \*\*\*\*\* —      727 442 8470- \*\*\*\*\*\*\*\*\*

# MacFarlane Ferguson & McMullen
### Attorneys and Counselors at Law

## PERSONAL AND CONFIDENTIAL

## FAX TRANSMITTAL FORM

ATTENTION:      Curtis Ricketts

FIRM NAME:      CoSTAR Group, Inc.

FROM:           J. Paul Raymond, Esquire

DATE:           June 4, 2008

FAX NO:         (301) 718-2444

PHONE NO.:

Number of Pages
(including cover page)      8

Client/Matter #      Klein & Heuchan

Sender:      If there is a problem with this transmission, please contact Sarah at (727) 441-8966.

Message:   Please see attached correspondence of today's date addressed to Jonathan Coleman.

FAX NO.: (727) 442-8470          TELEPHONE NO.: (727) 441-8966

Mailing Address:  P.O. BOX 1669
Clearwater, Florida  33757

### CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-CLIENT
PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE
ADDRESSEE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
COMMUNICATION OF THIS MATERIAL IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED
THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE
(COLLECT IF NECESSARY) AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE
ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

# MACFARLANE FERGUSON & MCMULLEN

## ATTORNEYS AND COUNSELORS AT LAW

1501 SOUTH FLORIDA AVENUE
LAKELAND, FLORIDA 33803
(863) 680-9908  FAX (863) 683-2849

ONE TAMPA CITY CENTER, SUITE 2000
201 NORTH FRANKLIN STREET
P.O. BOX 1531 (ZIP 33601)
TAMPA, FLORIDA 33602
(813) 273-4200 FAX (813) 273-4396

www.mfmlegal.com
EMAIL: info@mfmlegal.com

625 COURT STREET
P. O. BOX 1669 (ZIP 33757)
CLEARWATER, FLORIDA 33756
(727) 441-8966    FAX (727) 442-8470

IN REPLY REFER TO:

Post Office Box 1669
Clearwater, FL 33757
jpr@macfar.com

June 4, 2006

***VIA FACSIMILE (301) 656-7146***
***and CERTIFIED MAIL – RETURN RECEIPT***

Jonathan Coleman, Esquire
General Counsel & Secretary
CoSTAR Group, Inc.
2 Bethesda Metro Center, 10th Floor
Bethesda, MD 20814

      Re:    *Klein & Heuchan, Inc. v. COSTAR Realty Information, Inc. and*
                *COSTAR Group, Inc.*
                Pinellas County Case No.: 08-8290-CI-15

Dear Mr. Coleman:

      This firm has the pleasure of representing Klein & Heuchan, Inc. We were forwarded correspondence from Mr. Curtis Ricketts alleging that our client used CoStar's services without authorization. Mr. Ricketts' May 28, 2008 correspondence included a draft lawsuit alleging breach of contract and copyright infringement and indicated that the Complaint would be filed against my client unless the parties could resolve their differences by Tuesday, June 3, 2008.

      Unfortunately, Mr. Ricketts refused to respond to our repeated attempts at dialog made via telephone and e-mail. For your convenience I am enclosing a copy of my previous correspondence. Because I received no response, we were given no option but to file a lawsuit seeking a declaratory judgment pursuant to the Florida Declaratory Judgment Act. Enclosed please find a courtesy copy of the lawsuit filed today in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Civil Division. Please let me know if you are authorized to and willing to accept service of the Complaint. If not, I will have the action served by process server.

We remain willing to discuss this matter with you further but dialogue is a two-way street.

I await your response.

Sincerely,

J. Paul Raymond

JPR/jg

cc:   Curtis Rickets
         (via facsimile (301) 656-7146) and electronic mail (crickets@costar.com)
      Klein & Heuchan, Inc.

## Paul Raymond

**From:** Paul Raymond
**Sent:** Monday, June 02, 2008 1:45 PM
**To:** 'cricketts@costar.com'

This firm represents Klein and Heuchan, Inc. Mark Klein forwarded your email of May 28, 2008, and discussed with me the circumstances surrounding your claim.

It appears that a sales agent, who is an independent contractor and not an employee of my client, was formerly with another firm that has an account with your firm. He evidently was granted a license to use your services and his authority to use those services evidently was not terminated upon his dissociation with his former national firm. For these purposes, we will accept your assertion that this individual continued to access your website as a licensed user. If he did so, he did so for himself and not per the instructions or at the request of my client. If you have any facts to the contrary, please provide them.

It is my understanding that these facts were disclosed to you and that you have threatened a suit in Maryland, a jurisdiction in which my client has no nexus, and provided a copy of the proposed lawsuit. The draft makes allegations that are not true and that you must know are not true. It is my understanding that you indicated that you would not file the lawsuit if my client subscribed to your company's services and then received further communication indicating that the person who made such offer had no authority to do so.

It is my understanding that as a CCIM firm, my client was provided free use of your services as a promotion for a limited time. Mark Klein accessed your firm's web site during that "complimentary" period and determined that the services your firm offered were not helpful in its, primarily local, commercial brokerage business, and never again accessed your firm's site. Again, if you have any facts to the contrary, please provide them.

I placed a call to you last week and again today in an effort to discuss this matter with you. I have not received a return to my call and write to you in an effort to open a dialogue. I look forward to speaking with you.

## J. Paul Raymond, Esq.
**Macfarlane Ferguson & McMullen**
P.O. Box 1669 Clearwater, FL 33757
625 Court Street Clearwater, FL 33756
Main: (727) 441-8966
Direct: (727) 444-1406
Fax: (727) 442-8470
jpr@macfar.com



*This electronic message transmission contains information from the law firm of Macfarlane Ferguson & McMullen and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us immediately by collect telephone at (813) 273-4200 or electronic mail (info@mfmlegal.com). Thank you*

**IRS Circular 230 Disclosure: Any tax advice in this communication is not intended or written by Macfarlane Ferguson & McMullen to be used, and cannot be used, by a client or any other person or entity for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or other matter addressed herein.**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CERCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

KLEIN & HEUCHAN, INC.,
a Florida Corporation

       Plaintiff,

v.

COSTAR REALTY INFORMATION, INC.,
a foreign Corporation and
COSTAR GROUP, INC.,
a foreign Corporation

       Defendants.

_____/

Case No. 08-82 9 DC1-15

RECEIVED
CIVIL COURT RECORDS

JUN 04 2008

KEN BURKE
CLERK CIRCUIT COURT
PINELLAS COUNTY

## COMPLAINT

Plaintiff KLEIN & HEUCHAN, INC., a Florida Corporation (hereinafter "K&H") hereby sues Defendants COSTAR REALTY INFORMATION, INC., a foreign Corporation and COSTAR GROUP, INC., a foreign Corporation (hereinafter collectively "COSTAR") and alleges as follows:

1.    This is an action for a declaratory judgment pursuant to the Florida Declaratory Judgment Act, Chapter 86, Florida Statutes.

2.    Plaintiff K&H is a Florida Corporation, organized and existing under the laws of the State of Florida.

3.    Plaintiff K&H is authorized to and conducts business in Pinellas County, Florida as a licensed real estate broker.

4. Defendant COSTAR REALTY INFORMATION, INC. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located in Bethesda, Maryland.

5. Defendant COSTAR REALTY INFORMATION, INC. conducts business throughout the State of Florida including Pinellas County, Florida.

6. Defendant COSTAR GROUP, INC. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located in Bethesda, Maryland.

7. Defendant COSTAR GROUP, INC. conducts business throughout the State of Florida including Pinellas County, Florida.

8. COSTAR is a national commercial real estate information service provider that has created and maintains a commercial real estate information database. Access to this commercial real estate information database is obtained via the internet.[1]

9. COSTAR charges a fee for access to the COSTAR database and only permits access by authorized users.

10. K&H is a licensed real estate broker.

11. Scott Bell is a licensed agent and independent contractor of K&H.

12. At all times material, Scott Bell was an authorized user of the COSTAR database.

13. COSTAR claims that K&H obtained access to the COSTAR database by obtaining authorized users' user names and passwords and accessed the COSTAR database for its own commercial purpose without a valid license or any other authorization from COSTAR.

---

[1] The internet based commercial real estate information database is hereinafter referred to as the "COSTAR database".

14.     K&H did not obtain access to the COSTAR database by obtaining authorized users' user names and passwords and did not access the COSTAR database for its own commercial purpose without a valid license or any other authorization from COSTAR.

15.     COSTAR claims that K&H accessed the COSTAR database and that by accessing the COSTAR database it agreed to be bound by the terms of use agreement of the website maintained by COSTAR.

16.     COSTAR claims that K&H breached this phantom agreement and that COSTAR was injured as a result of this breach.

17.     K&H is unsure as to what phantom agreement COSTAR alleges has been breached.

18.     Plaintiff K&H is in doubt as to its rights and obligations.

19.     Plaintiff K&H is in further doubt as to the existence or nonexistence of any legal relationship between COSTAR and K&H.

20.     This is a bona fide, present and practical need for declaration of rights.

21.     The declaration concerns a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

22.     An immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts.

23.     The relief sought is not merely giving of legal advice or the answer to questions propounded for curiosity.

WHEREFORE, Plaintiff KLEIN & HEUCHAN, INC, prays that this Court declare Plaintiff KLEIN & HEUCHAN, INC.'s rights and obligations as they relate to: (1) COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC., and that Plaintiff KLEIN &

HEUCHAN, INC. have no obligation(s) pursuant to the phantom terms of service agreement alleged by COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC.

MACFARLANE FERGUSON & McMULLEN
Post Office Box 1669 (33757)
625 Court Street, Suite 200
Clearwater, FL 33756
(727) 441-8966 - Phone
(727) 442-8470 - Fax
Attorneys for Plaintiff
KLEIN & HEUCHAN, INC.

By_____
J. Paul Raymond, Esq.
SPN No. 00170550 / FBN. 0169268
Jeffrey W. Gibson, Esq.
SPN 02530932 / FBN 0568074

h:\data\aty\jg\jpr\k&h\pleadings\complaint.doc

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

COSTAR REALTY INFORMATION,
INC. et al.,

      Plaintiffs

v.                                                    Civil No.: 08-CV-01575-AW

KLEIN & HEUCHAN, INC., et al.,

      Defendants

_____/

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF**
**PERSONAL JURISDICTION, OR ALTERNATIVELY,**
**MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA**

      Defendant KLEIN & HEUCHAN, INC. (hereinafter "K&H"), by and through its

undersigned counsel and pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure,

hereby files this Motion to Dismiss for Lack of Personal Jurisdiction.  In the alternative,

and subject to the Motion to Dismiss for Lack of Personal Jurisdiction, K&H files this

Motion to Transfer Venue pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure

and 28 U.S.C. § 1404(a).  For the following reasons, this case should be dismissed for

lack of personal jurisdiction over H&K, or in the alternative, transferred to the United

States District Court for the Middle District of Florida, Tampa Division, where a lawsuit

encompassing the very same facts was filed prior to the initiation of this case.

**I.     THE PARTIES**

      Plaintiffs COSTAR REALTY INFORMATION, INC. and COSTAR GROUP,

INC. (hereinafter collectively "COSTAR") are Delaware corporations with their principal



place of business and corporate offices located in Bethesda, Maryland. *See Complaint* at ¶¶ 1&2. COSTAR is a commercial real estate information services provider making real estate information available through its website. *See id.* at ¶¶ 9-11. COSTAR has vast operations throughout the nation. *See id.* at ¶¶ 9&10. COSTAR employs over 1,100 individuals who canvass the country building its information databases. *See id.* Access to the vast majority of COSTAR's information is limited to authorized users. *See id.* at ¶11.

In contrast to the size and nationwide scope of COSTAR, K&H is a closely held Florida corporation based in Clearwater, Pinellas County, Florida. *See Affidavit of Mark S. Klein* at ¶¶3 & 5, attached hereto as "Exhibit A." K&H provides brokerage services, property management services and development services to clients within the Tampa Bay area.[1] *See id.* at ¶4. K&H's sole shareholder is Mark S. Klein a real estate broker licensed in the State of Florida and a Certified Commercial Investment Member. *See id.* at ¶2-3. In addition to Mr. Klein, approximately 18 other Independent Service Professionals work out of two (2) offices maintained by K&H in Clearwater, Pinellas County, Florida. *See id.* at ¶¶5-6.

K&H's sole business contacts have been inside the State of Florida and K&H has no contacts with the State of Maryland. *See id* at ¶¶7-14. Since the formation of K&H over twenty years ago, K&H's offices have always been located in Clearwater, Pinellas County, Florida. *See id.* K&H has never performed any business outside the State of Florida. *See id.* K&H has never maintained an office, mailing address or telephone

---

[1]     The Tampa Bay Area encompasses the following counties in Southwest Central Florida: Pinellas, Hillsborough, Polk, Pasco, Hernando and Manatee

number outside of the State of Florida. *See id.* K&H has never owned, leased, rented or controlled any real property outside of the State of Florida. *See id.* K&H has never maintained accounts at either savings and loan associations or banks outside of the State of Florida. *See id.* K&H has never obtained or maintained any licenses outside of the State of Florida. *See id.* Finally, K&H has never signed any agreements with COSTAR.

Co-defendant Scott Bell is an independent sales professional who began working with K&H in December of 2006. *See id.* at ¶16. Mr. Bell does not earn a salary or receive a draw from K&H but earns a commission from each transaction that he closes. *See id.* at ¶17-18. K&H believes that the evidence will show that Mr. Bell had been granted authorization to access the COSTAR databases while employed with his prior employer, a competitor of K&H, and that his access continued after his relationship with the competitor ended.

## II.    PROCEDURAL BACKGROUND

COSTAR's instant Maryland lawsuit is an improper attempt to obtain legal advantage over K&H, a small regional real estate brokerage firm in Pinellas County, Florida. COSTAR is waging war against K&H on two jurisdictional fronts – one with no connection to K&H – in an attempt to forum shop in a jurisdiction inconvenient to K&H and to almost all of the relevant witnesses.

This case is the second filed suit between COSTAR and K&H. Following allegations made by Plaintiff that K&H wrongfully obtained access to Plaintiffs' computer database(s), on June 4, 2008 K&H filed a declarative action in the Florida State Courts in Pinellas County, Florida pursuant to Chapter 86 of the Florida Statutes. This

3

lawsuit sought the Florida State Courts to declare K&H's rights and obligations as they relate to COSTAR and to declare that K&H has no obligations pursuant to any agreement. That same day, counsel for K&H forwarded the lawsuit to in-house counsel for COSTAR asking if they could accept service. A copy of this correspondence enclosing a courtesy copy of the suit is attached as "Exhibit B." COSTAR's did not respond to counsel. Instead, COSTAR filed the instant lawsuit against K&H and Scott Bell, an independent real estate sales agent, in the District of Maryland on June 17, 2008.

Only Count II of COSTAR's Complaint is directed against K&H. This count alleges that K&H engaged in contributory and vicarious copyright infringement by providing Mr. Bell with office space, computers and internet access through which Mr. Bell allegedly infringed COSTAR's copyrights. *See Complaint* at ¶¶ 34-43. These are the sole actions on the part of K&H that COSTAR alleges sufficiently connects K&H to the jurisdiction of Maryland.

After filing the instant Maryland litigation, COSTAR then removed the Florida state court action to the Middle District of Florida and then filed a motion to dismiss or to transfer venue to the District of Maryland.[2] A copy of COSTAR's Motion is attached as "Exhibit C." COSTAR has made this motion despite the fact that the Florida litigation was filed and served first. COSTAR's attempt at forum shopping and to force K&H to engage in multi-jurisdiction litigation should not be permitted. COSTAR's actions are made for the sole purpose of forcing K&H, a small Florida real estate company, to be forced to retain lawyers in multiple jurisdictions and litigate in a foreign jurisdiction.

---

[2] COSTAR does not challenge jurisdiction in the Middle District of Florida.

4

This Court should dismiss this case for lack of personal jurisdiction as K&H does not have sufficient contacts with Maryland to permit this Court to maintain jurisdiction over K&H. Alternatively, should this Court deny K&H's Motion to Dismiss, because the District of Maryland is an improper venue and because the interest of justice and the convenience of the parties and witnesses require it, this Court should transfer this action to the Middle District of Florida, Tampa Division.

### III. THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION SHOULD BE GRANTED BECAUSE THE EXERCISE OF PERSONAL JURISDICTION OVER K&H DOES NOT COMPORT WITH THE DUE PROCESS CLAUSE

This Court may only exercise jurisdiction over K&H, a non-resident defendant, in the manner and extent authorized by state law in the forum state. *See* Fed. R.Civ. P. 4(k); *ePlus Tech v. Aboud*, 313 F.3d 166, 175 (4th Cir. 2002). Thus, a federal court only has personal jurisdiction over K&H if a Maryland state court in this court's forum state would have personal jurisdiction. *Copies Typewriters Calculators, Inc. v. Toshiba*, 576 F. Supp. 312, 318 (D. Md. 1983). When deciding a motion to dismiss for lack of personal jurisdiction in this District, the plaintiff must establish every element of jurisdiction and prove that the defendant is subject to jurisdiction in Maryland. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649 (D. Md. 2001).

To evaluate whether personal jurisdiction exists, a federal court should engage in a two-part analysis. *Costar Reality Info., Inc. v. Centers & Malls, LLC,* Case No. AW-07-1182, (D. Md. July 5, 2007). The Court must first determine whether the state long-arm statute authorizes the exercise of jurisdiction in the particular circumstances presented. Second, if the Court finds that the long-arm statute permits the court to

exercise jurisdiction, the court will then consider whether such an exercise of jurisdiction comports with the due process standards of the Fourteenth Amendment. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Christian Sci. Bd. Of Dir. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001); *Ellicott Mach. Corp v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993).

Because COSTAR filed this matter in federal court in Maryland, this Court must first examine whether it may exercise personal jurisdiction over K&H under Maryland law. Maryland's long-arm statute provides, in pertinent part:

> (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
>> (1) Transacts any business or performs any character of work or service in the State;
>> (2) Contracts to supply goods, food, services, or manufactured products in the state; ...
>> (3) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the state ...

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b). Courts have interpreted Maryland's long-arm statute as coterminous with the limits of the Due Process Clause of the Fourteenth Amendment. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002). Accordingly, "the statutory inquiry necessarily merges with the constitutional inquiry and the two inquiries become one." *Id.*

6

The exercise of personal jurisdiction over non-resident K&H comes nowhere near comporting with the Due Process Clause. Compliance with the Due Process Clause requires that K&H have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted); *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 941-42 (4th Ci1994). The purpose of the minimum contacts analysis is to determine whether a defendant had a surrogate presence in the state. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). This court must focus its inquiry on whether K&H's "contacts with the forum state are so substantial that they amount to a surrogate for presence and . . . render the exercise of sovereignty just, notwithstanding the lack of physical presence in the state." *Id.* Importantly, "[a]lthough the courts have recognized that the standards used to determine the proper exercise of personal jurisdiction may evolve as technological progress occurs, it nonetheless has remained clear that technology cannot eviscerate the constitutional limits on a State's power to exercise jurisdiction over a defendant." *ALS Scan, Inc.*, 293 F.3d at 711.

In conducting the personal jurisdiction analysis, the Supreme Court has drawn a distinction between "specific" and "general" jurisdiction. *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984). Specific jurisdiction exists where a suit "arises out of" a defendant's contacts with the forum state. *Id.* General jurisdiction, which permits a court to subject a non-resident defendant to a suit in the forum wholly unrelated to any contact it has with the forum, exists only where a foreign defendant's in-

state activities amount to "continuous and systematic" contact with the state. *Id*. 414-15. The level of contact required for the exercise of general jurisdiction is significantly higher than that required for specific jurisdiction. *ESAB Group, Inc.* 126 F.3d at 628.

COSTAR's Complaint against K&H should be dismissed because there is no basis for asserting personal jurisdiction over K&H in Maryland and COSTAR has failed to allege a prima facie case for personal jurisdiction over K&H in this Court. COSTAR alleges that personal jurisdiction over K&H is proper for 5 reasons:

> (a) Because codefendant Scott Bell allegedly accepted the online Terms of Use which contained a forum selection claims;
>
> (b) Because K&H "purposefully directed" its behavior "at this District by knowingly and willfully receiving the benefits of the use of COSTAR's services, which is based out of Maryland"
>
> (c) Because K&H allegedly "facilitated the use of COSTAR's database by co-defendant Scott Bell;
>
> (d) Because K&H allegedly "received the benefits of the use of COSTAR's services subject to the Terms of Use for the [COSTAR website]"; and
>
> (e) Because K&H allegedly "frequently and consistently engaged in business contacts with COSTAR employees in Maryland.

*See Complaint* at ¶7. Despite COSTAR's creative license with the facts, the Due Process Clause will simply not justify hauling K&H into court in Maryland. COSTAR's Complaint contains nothing more than blanket assertions and conclusory statements and fails to make any specific allegations as to the basis for Plaintiffs' claims against K&H. Nowhere in the Complaint can the Court even infer as to how K&H accessed COSTAR's website, when K&H accessed COSTAR's website or when K&H agreed to the phantom "Terms of Use" on COSTAR's website.

8

COSTAR's allegations that co-defendant Scott Bell's actions should somehow be imputed to K&H and require K&H to submit to jurisdiction in Maryland should not be permitted. Scott Bell is an independent contractor working as an independent real estate agent with K&H. *See Affidavit of Mark S. Klein* at ¶16. K&H asserts little control over Mr. Bell's activities and the manner in which he performs his job duties. *See id.* at ¶17-23. While K&H provided Mr. Bell with an office and internet access, any time Mr. Bell accessed the internet was on his computer and the date and time of his choosing. *See id.* K&H never instructed Mr. Bell to access any COSTAR databases and never received any direct financial benefit from any access Mr. Bell may have had. *See id.*

Plaintiff's sole claim against K&H is that K&H vicariously and contributorily infringed COSTAR's copyrights. *See Complaint* at ¶¶ 34-43. COSTAR alleges that this infringement flows from the fact that K&H provided the office space, computer,[3] and internet access through which co-defendant Bell allegedly infringed COSTAR's copyrights. Plaintiff simply does not even allege sufficient contacts with Maryland. Without a showing of additional conduct by K&H directed towards the forum, mere generalized vicarious or contributory exploitation of a copyright from a foreign jurisdiction does not amount to purposeful availment. *See Bridgeport Music, Inc. v. Agarita Music, Inc.*, 182 F.Supp.2d 653, 664 (M.D. Tenn. 2002). "To find otherwise would mean that a copyright infringement defendant would be subject to personal jurisdiction in any forum in which a copy of the alleged infringing work was ultimately sold by others without the defendant taking any further acts directed at that forum." *Id.*

---

[3]     Mr. Bell utilized his own computer. K&H provides office space and internet access. *See Affidavit of Mark S. Klein* at ¶19.

"Such a broad rule would amount to a judicial rewriting of the Copyright Act to provide for nationwide service of process." *Id.* (citing *Johnson v. Tuff N Rumble Mgmt., Inc.*, Civ. No. 99-1374, 1999 WL 1201891, *3 (E.D. La. Dec. 14, 1999) (no nationwide service of process under Copyright Act); *see also Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993) (because "no applicable federal statute" provides for service of process, California's long-arm statute governs in a copyright infringement action).

Under COSTAR's theory, any coffee shop or internet café that provided a desk to someone who accessed the COSTAR databases could be subject to jurisdiction in the District of Maryland. This is clearly not the state of the law and should not be permitted in this matter. Given the facts of this case, K&H never had sufficient "minimum contacts" with Maryland and traditional notions of fair play and substantial justice would be significantly offended should personal jurisdiction be maintained.

In *Ottenheimer*, the plaintiff claimed that the British company defendant had infringed its registered copyright property and should be subject to jurisdiction in Maryland. *Ottenheimer Publishers, Inc. v. Playmore, Inc.* 158 F.Supp.2d 649 (D. Md. 2001). Plaintiff claimed that the copyright infringement occurred in Maryland as plaintiff was located there and its operation was conducted from its Maryland's headquarters. *Id.* However, the plaintiff and defendant had previously entered into contracts for the distribution of the copyright materials and the contracts contained a choice of law provision setting forth venue in Maryland. *Id.* Nevertheless, the *Ottenheimer* court declined personal jurisdiction over defendant. *Id.* The Court explained that the alleged copyright infringement of Plaintiff's property could not be construed as defendant's

express aim in Maryland to invoke jurisdiction under *Calder v. Jones*, 465 U.S. 783 (1984). *Id.* at 653 ("[Defendant's] representatives had never visited Maryland, nor had [defendant] established a physical presence in Maryland.").

Applying the *Ottenheimer* rationale to the case at bar, K&H's alleged conduct, including providing the means (a desk and internet access) for Mr. Bell to allegedly commit copyright infringement, even if taken as true, cannot be construed as a basis for jurisdiction because it does not constitute an express aim at Maryland. All of the alleged actions by K&H and Bell occurred in Florida. K&H has not conducted any business in Maryland, nor aimed any of its actions towards the state. *See Affidavit of Mark S. Klein.* Consequently, COSTAR's allegations that jurisdiction is proper simply cannot be sustained.

IV. **IN THE ALTERNATIVE, K&H'S MOTION TO TRANSFER THIS CASE TO THE FIRST FILED VENUE OF THE MIDDLE DISTRICT OF FLORIDA IS APPROPRATIE UNDER FED. R. CIVL. P. 12(B)(3) AND 28 U.S.C. § 1404(A)**

A. **Venue is Improper in the District of Maryland.**

Plaintiffs contend that venue is proper in the District of Maryland pursuant to 28 U.S.C § 1391 because "a substantial part of the events giving rise to the claims occurred in this District and a substantial part of the property that is the subject of the action is situated in this District." COSTAR's allegations lack merit on their face.

The bases of COSTAR's claims against K&H are that it provided Mr. Bell with the means (the office space and internet access) for him to allegedly infringe upon COSTAR's copyrights. *See Count II of Complaint* at ¶¶ 34-43. These "material contributions" are the sole activities of K&H that COSTAR asserts bring contributory

11

and vicarious copyright infringement liability upon K&H. However, none of these actions were done in Maryland. Moreover, none of these actions were directed toward Maryland. *See Affidavit of Mark S. Klein.* K&H provided the office space in one of its two offices in Clearwater, Pinellas County, Florida. *See id.* K&H operates no other offices. *See id.* Likewise, K&H provided the internet access in the same Clearwater based offices. *See id.*

Moreover, even if the actions of Mr. Bell in accessing COSTAR's websites could be somehow imputed to K&H, all of those actions and activities also occurred in Clearwater, Pinellas County, Florida. There have been no allegations that Mr. Bell or anyone from K&H performed any action whatsoever in Maryland. None of these alleged actions occurred in or were directed towards Maryland. In reality, the sole basis for asserting that venue is proper is because the servers that host COSTAR's web based databases are located in Maryland. The location of a party's servers should not form the basis for imposing a foreign venue upon a foreign defendant.

### B.      Transfer to the Middle District of Florida is Appropriate

This lawsuit filed in Maryland is a blatant attempt to avoid litigating in the Middle District of Florida where COSTAR removed K&H's first filed action originally filed in state court. The fact that K&H first filed suit against COSTAR weighs heavily in favor of transfer to the first filed jurisdiction. *See Tenefrancia v. Robinson Expert & import Corp.*, 921 F.2d 556, 557 (4th Cir. 1990) (reversing the district court and concluding that venue was proper in the first filed jurisdiction). Where other factors with respect to change of venue are equal, a cause "ought to be tried in the district court in which it was

first filed." *See Ellicott Machine Corp. v. Modern Welding Co.,* 502 F.2d 178, 180 (4th Cir. 1974); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). This "first-to-file principle" has been generally applied. *See Ellicott Machine Corp. v. modern Welding Co.,* 502 F.2d 178, 180 n.2 (4th Cir. 1974) (quoting *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 423 (1965), cert dismissed, 384 U.s. 948 (1966) ("Absent the showing of balance of convenience in favor of the second action, it has long been held that a principle of sound judicial administration mandates that the first suit have priority.")); *accord Martin v. Graybar Elec. Co.,* 266 F.2d 202 (71th Cir. 1959); *Croseley Corp. v. Hazeltine Corp.,* 122 F.2d 925 (3rd Cir.), cert denied, 315 U.S. 813 (1941).

Accordingly, because K&H first filed its lawsuit against K&H in Florida, because the Florida lawsuit involves the very same set of factual allegations as the instant case, and because the District of Maryland is the improper forum, this Court should transfer this cause to the currently pending matter in the Middle District of Florida, Tampa Division should the Court not grant the Motion to Dismiss.

Moreover, because the convenience of the parties and witnesses and the interests of justice requires, this Court should transfer this cause to the Middle District of Florida. 28 U.S.C. § 1404(a) provides as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

K&H respectfully submits that because almost all of the witnesses to this action are in Florida, convenience dictates that the case should be tried in the Middle District of Florida. Aside from any COSTAR witnesses who may testify regarding the COSTAR

databases and servers located in Maryland, every other witness to this action reside in Florida. Mr. Bell and all of the representatives of K&H reside in Florida. Moreover, discovery regarding Mr. Bell's prior employer where he obtained a subscription to the COSTAR databases will become extremely relevant and take place in Florida. All of the discovery into who did what, where and when will need to take place in Florida. Accordingly, because almost all of the witnesses will be in Florida, the convenience of the parties and witnesses points toward Florida as the proper forum for the litigation to continue.

A court's decision whether or not to transfer a case under § 1404(a) is discretionary. *Jarvis Christian College v. Exxon Corp.*, 845 f.2d 523, 528 (5th Cir. 1988). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F.Supp.2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness"). Because of the location of almost all of the witnesses, the convenience of the parties and the interest of justice weigh heavily in having this case tried in the Middle District of Florida. Accordingly, K&H respectfully requests this Court transfer this cause to the Middle District of Florida, Tampa Division.

## V.    CONCLUSION

This Court should dismiss this case for lack of personal jurisdiction as K&H does not have sufficient contacts with Maryland to permit this Court to maintain jurisdiction

over K&H.  Alternatively, should this Court deny K&H's Motion to Dismiss, because the

District of Maryland is an improper venue and because the interest of justice and the

convenience of the parties and witnesses require it, this Court should transfer this action

to the Middle District of Florida, Tampa Division.

Respectfully submitted,

/ s /

_____

PAUL M. FINAMORE
Federal Bar #: 05992
Niles, Barton, and Wilmer, LLP
111 South Calvert Street
Suite 1400
Baltimore, Maryland 21202
(410) 783-6300
Attorneys for Defendant
Klein & Heuchan, Inc.

Of Counsel:

Jeffrey W. Gibson, Esquire[4]
Florida Bar #: 0568074
Macfarlane Ferguson & McMullen
P.O. Box 1669
Clearwater, FL 33757
(727) 441-8966
Non-resident Attorneys for Defendant
Klein & Heuchan, Inc.

ND: 4832-1257-9586, v.  1

---

[4] Admitted to the Bar of Florida.  It is anticipated that counsel will request admission *pro hac vice* in this Court in the event that the case continues in this Court.

15

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

COSTAR REALITY INFORMATION,
INC. et al.,

      Plaintiffs

v.

KLEIN & HEUCHAN, INC., et al.,

      Defendants

_____/

Civil No.: 08-CV-01575-AW

## AFFIDAVIT OF MARK S. KLEIN

STATE OF FLORIDA
COUNTY OF PINELLAS

BEFORE ME, the undersigned authority, personally appeared MARK S. KLEIN, who after first being duly sworn, deposes and says:

1.    I am over the age of 18 and have personal knowledge of the statements made herein.

2.    I am a real estate broker licensed in the State of Florida. I am also a Certified Commercial Investment Member (CCIM).

3.    I am one of the founding members of Klein & Heuchan, Inc., (hereinafter "K&H") and am currently its sole shareholder.

4.    K&H is a real estate company providing brokerage services, property management services and development services to clients in the Tampa Bay area.

5.    K&H maintains two offices in Clearwater, Pinellas County, Florida.

6.   In addition to myself, K&H has approximately 18 other Independent Service Professions that work out of K&H's two offices.

7.   K&H's sole business contacts have been inside the State of Florida.

8.   K&H has no offices or presence outside the State of Florida.  K&H certainly has no office or presence in the State of Maryland.

9.   K&H does not perform business outside of the State of Florida.  K&H has never performed business in the State of Maryland.

10.   K&H has never maintained a mailing address or telephone number outside of the State of Florida.

11.   K&H has never owned, leased, rented or controlled any real property outside of the State of Florida.

12.   K&H has never maintained any accounts at either savings and loan associations or banks outside the State of Florida.

13.   K&H has never obtained or maintained any licenses outside of the State of Florida.

14.   K&H has never signed any agreements with either COSTAR REALTY INFORMATION, INC. or COSTAR GROUP, INC. (hereinafter collectively "COSTAR").

15.   For many years COSTAR has consistently attempted to convince me to purchase a subscription to COSTAR's online databases.  I have never agreed to become a COSTAR subscriber.

16.   In December of 2006 Mr. Scott Bell began working with K&H as an independent real estate sales agent.

2

17.    As part of this arrangement, Mr. Bell earns a commission or "cut" from each transaction he is able to successfully close.

18.    K&H does not pay Mr. Bell a salary or provide any kind of draw to Mr. Bell

19.    K&H provides Mr. Bell with an office space and permits Mr. Bell to access the internet with his personal laptop computer.

20.    K&H does not have any control over the hours Mr. Bell works or how Mr. Bell goes about his job duties.

21.    I was never aware that Mr. Bell was unauthorized to access COSTAR internet databases.

22.    I never instructed Mr. Bell to access COSTAR internet databases.

23.    I am unaware of any time that K&H ever received any financial benefit from any alleged access of the COSTAR internet databases by Mr. Bell.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MARK S. KLEIN

SWORN TO and SUBSCRIBED before me this 28th day of July, 2008, by MARK S. KLEIN, who is personally known to me or has produced _____ as identification.

_____
Signature of Notary Public
My Commission Expires:



CAROL DUNCAN
Commission DD 741102
Expires January 10, 2012
Bonded Thru Troy Fain Insurance 800-385-7019

3