## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KLEIN & HEUCHAN, INC.,**

    **Plaintiff,**

v.                                                          Case No.  8:08-cv-1227-T-30MSS

**COSTAR REALTY INFORMATION, INC.,**
**and COSTAR GROUP, INC.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss or to Transfer Venue and Incorporated Memorandum of Law (Dkt. 8) and Plaintiff's Response in Opposition to the same (Dkt. 9).  The Court, having reviewed the motion, response, and supporting memoranda, and being otherwise fully advised in the premises, determines the motion should be DENIED.

### **Background**

Plaintiff, Klein & Heuchan, Inc. ("K&H"), is a real estate broker that operates entirely within the state of Florida.  Defendants CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar") are, together, a national commercial real estate information service provider that operates an internet database of this information.

The dispute between K&H and CoStar arises through the alleged unauthorized access of the CoStar database by Scott Bell ("Bell"), who is an employee or independent contractor

of K&H. CoStar alleges that Bell obtained a username and password through his previous employment and continued to use that username and password to access the database while working at K&H.

Upon discovering Bell's unauthorized access, CoStar had made some attempts to discuss the dispute with K&H. On May 28, 2008, CoStar sent a draft complaint with a letter notifying K&H of its intent to file it if both parties could not resolve the dispute by June 3, 2008. On June 4, K&H filed a declaratory judgment action in Florida state court seeking a determination of its rights and obligations with respect to CoStar, which CoStar removed to this court on June 25, 2008. On June 17, 2008, almost two weeks after K&H's filing, CoStar filed its complaint against K&H and Bell in the United States Court, District of Maryland.

## Discussion

**A. Motion to Dismiss**

Pursuant to 28 U.S.C. § 2201(a), a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). However, "[i]t only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). While district courts may not decline to hear actions for declaratory relief "on the basis of whim or personal

disinclination," the standard is clearly generous. *Angora v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986).

CoStar argues that K&H's declaratory judgment action is incomplete because Bell is not a party to the instant action and K&H's complaint fails to mention any potential copyright infringement. First, CoStar claims that Bell is a necessary party under Fed. R. Civ. P. 19(a) because CoStar's copyright infringement claim against K&H arises out of Bell's unauthorized access to the database. The issue of whether Bell is a necessary party need not be decided now. Even if Bell is a necessary party to this action, CoStar has given no reason why Bell cannot feasibly be joined. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003). Second, in its complaint K&H declared that it is unsure of its rights and obligations or of the existence or non existence of any legal relationship with respect to CoStar, which may encompass any possible copyright issues involved in this dispute.

CoStar also argues that K&H engaged in impermissible forum-shopping by filing a declaratory judgment action in Florida state court in anticipation of CoStar filing a complaint in Federal District Court in Maryland. The Eleventh Circuit follows the first to file doctrine, which provides that in the event of parallel litigation in different courts, the first court in which jurisdiction attaches should hear the case "in the absence of compelling circumstances." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). While anticipatory filing may justify a departure from this rule, it "do[es]

not automatically compel abandoning the first-filed rule. The matter is one of discretion for the trial court." *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998).

After K&H was forwarded a draft of CoStar's potential complaint, which it was told would be filed if the parties could not resolve the dispute on their own by June 3, 2008, K&H claims it attempted to contact CoStar to discuss the dispute. (Dkt. 8, Exhibit C; Dkt. 9, Exhibit A). The parties could not come to a resolution. On June 4, 2008, K&H filed its action in Florida state court. CoStar did not file in Maryland until June 17, 2008, nearly two weeks after K&H filed its action. These surrounding circumstances are not sufficiently compelling to cause this court to depart from the first-filed rule.

Therefore, the motion to dismiss is denied.

**B. Motion to Transfer**

28 U.S.C. §1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The balance of convenience factors should weigh heavily in favor of transfer, not simply shift inconvenience to the other party. *Van Dusen v. Barrack*, 376 U.S. 612, 645-646 (1964). Though transferring this case to Maryland would be more convenient for CoStar, the transfer would merely shift the inconvenience to K&H. Furthermore, the first-filed rule applies to the transfer of venue and the same analysis holds true as for the motion to dismiss.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss or to Transfer Venue and Incorporated Memorandum of Law (Dkt. #8) is **DENIED**.

2. Defendants are directed to file an answer to the Complaint within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 3, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1227.mtd or transfer declaratory judgment.wpd