IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.,

    Plaintiff,

v.

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC,

    Defendants.

Civil Action No. 8:08-cv-1227-30-EAJ

**DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar"), by their attorneys, hereby move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff, Klein & Heuchan, Inc.'s ("K&H"), pleading is so vague as to the grounds for the request for declaratory judgment that it fails to notify CoStar of the asserted grounds, thereby making it impossible for CoStar to form an answer. The Court should therefore order K&H to file a more definite statement of the grounds for its request for a declaratory judgment.

On June 4, 2008, K&H filed a declarative action in the Sixth Judicial Circuit in and for Pinellas County, Florida, pursuant to Chapter 86 of the Florida Statutes. CoStar removed the matter to this Court and filed a motion to dismiss or in the alternative to transfer venue. (Dkt. Nos. 1, 8). As part of the basis for its motion, CoStar asserted, among other positions, that K&H's declaratory judgment action failed to include copyright claims at issue between the parties. Dkt. No. 8 at 6-7. In its response, K&H asserted that the copyright claims were

"encompassed" in its Complaint.[1] Dkt. No. 9 at 6-7. In particular, K&H referenced paragraph 17 of its complaint, stating that K&H is "unsure as to what phantom agreement CoStar alleges has been breached." *Id.* It also referenced paragraph 18, stating that "K&H more broadly alleges that 'K&H is in doubt as to its rights and obligations.'" *Id.* at 7. K&H concluded that CoStar's copyright allegations are "certainly encompassed in these allegations." *Id.* The Court denied CoStar's motion, in part based upon K&H's statements regarding its paragraph 18 of the Complaint. Dkt. No. 10 at 3 ("[i]n its complaint K&H declared that it is unsure of its rights and obligations or of the existence or non existence of any legal relationship with respect to CoStar, which may encompass any possible copyright issues involved in this dispute.")

Under Rule 12(e) of the Federal Rules of Civil Procedure, a defendant may move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). K&H's request for a declaratory judgment appears, on its face, to relate solely to contractual issues, and, in fact, does not expressly mention copyright allegations at all. However, when pressed, K&H asserted that a request for declaratory judgment regarding copyright claims is "encompassed in these allegations." Dkt. No. 9 at 7. K&H's admittedly broad and commingled allegations make it virtually impossible for CoStar to know the scope or number of claims included in K&H's request for a declaratory judgment, much less to know which allegations of fact are intended to support which claim(s) for relief.

Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as K&H's "is not expected to frame a responsive pleading." *Anderson v. Dist. Bd. of Trs. of Cent.*

---

[1] This is not surprising, given that K&H filed its declaratory judgment action in state court, and reference to copyright issues would have created federal question jurisdiction on the face of the declaratory judgment complaint.

2

*Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Rather, "the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Id*; *see also Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 983-984 (11th Cir. 2008). In short, CoStar is not expected to guess, at its own peril, exactly what or how many claims are "encompassed" in K&H's declaratory judgment complaint.

K&H's complaint should provide a clear statement of those areas in which it seeks a declaratory judgment, rather than a broad catch-all statement which may or may not include additional commingled claims beyond those it has identified thus far. *See Anderson*, 77 F.3d at 366 ("[w]here, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b).")[2] CoStar, therefore, requests that the Court require K&H to provide a more definite statement regarding that which it requests the Court to declare. In addition, CoStar requests that K&H provide a more definite statement regarding which allegations relate to each request for declaratory judgment. A more definite statement will enable CoStar to frame a responsive pleading and enable the Court to administer discovery in a more concise manner.

For the foregoing reasons, CoStar respectfully requests that this Court grant this motion and require K&H to submit a more definite statement.

---

[2] As noted herein, K&H's declaratory judgment action originated in state court, and at that time was not subject to the Federal Rules of Civil Procedure. However, the federal rules became applicable upon removal of the matter to federal court. Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.")

3

Respectfully submitted,

s/William C. Guerrant, Jr.
William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
Trial Counsel
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 7, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to J. Paul Raymond and Jeff Gibson, MacFarlane Ferguson & McMullen, P. O. Box 1669, Clearwater, FL 33757.

s/William C. Guerrant, Jr.
Attorney

770506