UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

    Plaintiff

v.                                                       Civil No.: 8:08-cv-01227-JSM-EAJ

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.

    Defendants

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant KLEIN & HEUCHAN, INC. (hereinafter "K&H"), by and through its undersigned counsel, hereby files this Response in Opposition to *Defendants' Motion for a More Definite Statement and Incorporated Memorandum of Law* [Docket No. 14]. As detailed herein, Plaintiff's Motion should be denied.

COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC. (hereinafter collectively "COSTAR) continue to improperly engage in dilatory and piecemeal litigation. As this Court is aware, this case is the first of two filed lawsuits between COSTAR and K&H. On June 4, 2008 K&H filed this declarative action in Pinellas County, Florida, that COSTAR subsequently removed to this Court. Two weeks after K&H filed suit in Florida, COSTAR filed suit against K&H and Mr. Scott Bell in the United States Court for the District of Maryland.

On September 3, 2008 this Court issued an Order [Docket No. 10] denying *Defendants' Motion to Dismiss or to Transfer Venue and Incorporated Memorandum of*

Dockets.Justia.

*Law* [Docket No. 8]. The Order specifically directed COSTAR to "file an answer to the Complaint" by September 23, 2008. This Court extended the deadline to October 7, 20008 by granting COSTAR's Unopposed Motion for an Extension. However, instead of filing an Answer, Defendant filed a second pre-Answer Motion. Despite actively engaging in over four (4) months of detailed procedural litigation in two (2) jurisdictions, COSTAR now claims that the Original Complaint "is so vague as to the grounds for the request for declaratory judgment" that COSTAR finds it "impossible" to form an Answer. COSTAR's Motion for More Definite Statement, at p.1. K&H respectfully submits that this argument lacks any merit and should be rejected. Moreover, to permit this matter to finally proceed on the merits, K&H respectfully requests this Court order COSTAR to file its Answer on an expedited basis.

A motion for more definite statement is proper only if the Complaint "is so vague or ambiguous that [the Defendant] cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e); *Scarfato v. Nat. Cash Reg. Corp.*, 830 F.Supp. 1441, 1442 (M.D. Fla. 1993). Federal Courts "employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices." *Id.* at 1443; *Bazal v. Belford Trucking Co.*, 442 F.Supp.1089, 1102 (S.D. Fla. 1977) ("The purpose of pleading under the Federal Rules is to give notice rather than to provide those details of the issues and evidence which would eventuate at trial. The latter objective is pursued through discovery."). Such a motion should be denied, as here, where the information needed by Defendant to prepare for trial can be obtained through the discovery process. *Scarfato*, 830 F.Supp. at 1443.

Plaintiff's Complaint is not so vague or ambiguous that Defendant cannot reasonably be expected to appropriately respond.[1] In fact, Plaintiff's Complaint could not be clearer. COSTAR made certain pre-litigation allegations that K&H had acted improperly. These pre-litigation allegations form the basis for K&H's request for declaratory relief. Paragraphs 13, 15 and 16 succinctly allege:

> 13. COSTAR claims that K&H obtained access to the COSTAR database by obtaining authorized users' user names and passwords and accessed the COSTAR database for its own commercial purpose without a valid license or any other authorization from COSTAR.
>
> 15. COSTAR claims that K&H accessed the COSTAR database and that by accessing the COSTAR database it agreed to be bound by the terms of use agreement of the website maintained by COSTAR.
>
> 16. COSTAR claims that K&H breached this phantom agreement and that COSTAR was injured as a result of this breach.

K&H further alleges that it did not obtain access to COSTAR's database in an unauthorized manner (¶ 14); that K&H was unsure as to what agreement had been breached (¶ 17); and that K&H was in doubt as to its rights and obligations (¶ 18). While COSTAR may wish to make this case more complicated than framed by K&H – which it

---

[1] Moreover, because the instant Motion is COSTAR's second pre-Answer Motion, it is prohibited pursuant to the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(g)(2) and 12(h); *see also Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002); *Sammons v. Taylor*, 967 F.2d 1533, 1549 (11th Cir. 1992); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1385 (3d ed. 2002) ("if the defendant exercises the option afforded by Rule 12(b) and raises certain defenses and objections by preliminary motion, he or she is bound by the consolidation principle in Rule 12(g), which contemplates a single pre-answer motion in which the defendant asserts all the Rule 12 defenses and objections that are then available to him or her."); *Id.* at § 1384 ("Simply stated, the objective of the consolidation rule is to eliminate unnecessary delay at the pleading stage. . . The defendant cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion, but must present them simultaneously."). There can be no doubt that Plaintiff's current objection under Rule 12(e) was available when the Motion to Dismiss was filed on July 17, 2008.

certainly is entitled to do by way of a Counterclaim or Third-Party Complaint – the reason and basis for K&H's request for declaratory relief is clear.

Accordingly, COSTAR's Motion should be denied.

WHEREFORE, Defendant KLEIN & HEUCHAN, INC. respectfully requests that this Court deny Plaintiff's Motion for More Definite Statement and order Plaintiff to file an Answer on an expedited basis.

Respectfully submitted this 9th day of October, 2008.

_____
J. PAUL RAYMOND, ESQ.
Florida Bar No. 0169268
jpr@macfar.com
JEFFREY W. GIBSON, ESQ.
Florida Bar No.: 0568074
jg@macfar.com
MACFARLANE FERGUSON & MCMULLEN
P.O. Box 1669
Clearwater, FL 33757
(727) 441-8966 – Phone
(727) 442-8470 – Facsimile
Attorneys for Plaintiff
KLEIN & HEUCHAN, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2008, a copy of the foregoing *Plaintiff's Response In Opposition To Defendants' Motion For a More Definite Statement and Incorporated Memorandum of Law* has been furnished electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to **William Cooper Guerrant, Jr., Esq.** and **William Fargo Sansone, Esq.**, of Hill Ward Henderson, *counsel for Defendants*.

_____
JEFFREY W. GIBSON, ESQ.