**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KLEIN & HEUCHAN, INC.,**

    **Plaintiff,**

v.                                                         **Case No.  8:08-cv-1227-T-30EAJ**

**COSTAR REALTY INFORMATION, INC.,**
**and COSTAR GROUP, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for a More Definite Statement and Incorporated Memorandum of Law (Dkt. 14) and Plaintiff's Response in Opposition (Dkt. 15).  The Court, having considered the motion, response, and being otherwise advised on the premises determines that the motion should be denied.

**Background**

Plaintiff, Klein & Heuchan, Inc. ("K&H"), is a real estate broker that operates entirely within the state of Florida.  Defendants CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar") are, together, a national commercial real estate information service provider that operates an internet database of this information.

The dispute between K&H and CoStar arises through the alleged unauthorized access of the CoStar database by Scott Bell ("Bell"), who is an employee or independent contractor of K&H.  CoStar alleges that Bell obtained a username and password through his previous

employment and continued to use that username and password to access the database while working at K&H.

Upon discovering Bell's unauthorized access, CoStar had made some attempts to discuss the dispute with K&H. On May 28, 2008, CoStar sent a draft complaint with a letter notifying K&H of its intent to file it if both parties could not resolve the dispute by June 3, 2008. On June 4, K&H filed a declaratory judgment action in Florida state court seeking a determination of its rights and obligations with respect to CoStar, which CoStar removed to this court on June 25, 2008. On June 17, 2008, almost two weeks after K&H's filing, CoStar filed its complaint against K&H and Bell in the United States Court, District of Maryland.

CoStar filed a motion to dismiss under the Court's discretion pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which was denied on September 3, 2008.

## Discussion

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." However, motions for a more definite statement are disfavored under the law. Campbell v. Miller, 836 F.Supp. 827, 832 (M.D. Fla. 1993). "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." Eye Care Int'l., Inc. v. Underhill, 92 F.Supp.2d 1310, 1316 (M.D. Fla. 2000). "Furthermore, a motion for more definite statement is not to

be used as a substitute for discovery." Id.  Here, the Court finds that the complaint is not so vague that CoStar cannot reasonably be expected to respond.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for a More Definite Statement is **DENIED**.

2. Defendants are directed to file an answer to the Complaint within twenty (20) days of the entry of this order.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1227.more def statement.frm