## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KLEIN & HEUCHAN, INC.,

     Plaintiff,

v.                             Civil Action No. 8:08-cv-01227-JSM-EAJ

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

     Defendants.

_____/

## KLEIN & HEUCHAN, INC.'s
## ANSWER TO COUNTERCLAIM

Plaintiff/Counter-Defendant, KLEIN & HEUCHAN, INC., [hereinafter referred to as "K&H"], by and through its undersigned attorneys, hereby answers the Counterclaims filed herein by Defendants/Counter-Plaintiffs and states as to each separate allegation:

1.     Counterclaim Plaintiff CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland, 20814-5388.

**ANSWER:   Plaintiff/Counter-Defendant, K&H, is without complete knowledge and therefore denies the allegations of Paragraph 1.**

2.     Counterclaim Plaintiff CoStar Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located    at    2    Bethesda    Metro    Center,    10th    Floor,    Bethesda,    Maryland,

Dockets.Justia.

20814-5388 (Counterclaim Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. are hereinafter collectively referred to as "CoStar").

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without complete knowledge and therefore denies the allegations of Paragraph 2.**

3. Counterclaim Defendant Klein & Heuchan ("K&H") is, upon information and belief, a Florida corporation, organized and existing under the laws of the Florida, with its principal place of business located at 1744 Belcher Rd, Suite 200, Clearwater, FL 33765.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits the allegations in Paragraph 3.**

4. Counterclaim Defendant Scott Bell ("BELL") is, upon information and belief, a Florida resident and works exclusively on behalf of, and at the direction of Defendant K&H out of K&H's principal place of business located at 1744 Belcher Rd, Suite 200, Clearwater, FL 33765.

**ANSWER: Plaintiff/Counter-Defendant, K&H, denies the allegations in Paragraph 4.**

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as an action that arises under the laws of the United States. The Court further has exclusive federal jurisdiction pursuant to 28 U.S.C. § 1338(a) as a case arising under the Copyright Act. This Court has subject matter jurisdiction over CoStar's claims for unauthorized access to computers and related claims pursuant to 18 U.S.C. § 1030.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits the jurisdiction of this court but deny the remaining allegations of Paragraph 5.**

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this District, and counterclaim defendants K&H and Bell conduct business in and are incorporated or reside in this District.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits the allegations of Paragraph 6.**

7. Personal jurisdiction over K&H is proper in this District because it is either headquartered in Florida, or conducts substantial business in this judicial district and regularly solicits business from, does business with, and derives revenue from goods and services provided to, customers in this district, and has committed acts of infringement in this judicial district.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that personal jurisdiction over K&H is proper in this District. Plaintiff/Counter-Defendant, K&H denies the remaining allegations of Paragraph 7.**

8. Personal jurisdiction over Bell is proper in this District because he either resides in this district, conducts substantial business in this judicial district and regularly solicits business from, does business with, and derives revenue from goods and services provided to, customers in this district, and has committed acts of infringement in this judicial district.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that personal jurisdiction over Mr. Bell is proper in this District. Plaintiff/Counter-Defendant, K&H denies the remaining allegations of Paragraph 8.**

## BACKGROUND

9. CoStar is a leading national commercial real estate information services provider. At enormous effort and expense, CoStar has created state-of-the-art software technology and research methods to develop one of the most comprehensive commercial real estate information

databases available. CoStar currently employs the services of approximately 1000 trained research professionals, including a field research force with over 120 research photographers and a fleet of over 100 specially equipped field research vehicles, that canvass the country, building information and analysis and photographs that are integrated into an enormous database that is updated daily.

**ANSWER:    Plaintiff/Counter-Defendant, K&H, admits that CoStar is a national commercial real estate information service provider.  Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the remaining allegations of Paragraph 9.**

10.    CoStar's photographs and the other information in CoStar's databases are not part of a repository of information generally available for free. CoStar licenses its information services to businesses, including primarily commercial real estate brokers, asset managers, mortgage lenders, investors, owners, property managers, security analysis, REIT professionals and appraisers/mortgage underwriters. CoStar's information licenses, among other things, enable its licensees to find for themselves or their customers available space for tenants, to match buyers to properties for sale, find tenants, research brokers, locate market-related information, and to value commercial real estate sales transactions. CoStar's licensees can search CoStar's database by selecting from the more than 150 fields of information and analysis included in the file for each property to find those properties that suit their needs. CoStar's licensees can search through CoStar's information in thousands of different ways to analyze various real estate markets, and thus access to CoStar's database greatly reduces the need for CoStar's licensees to spend money on conducting research to locate much of the very same information already collected, organized, developed and analyzed by CoStar.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that CoStar is a national commercial real estate information service provider that has created and maintains a commercial real estate information database. Plaintiff/Counter-Defendant, K&H, admits that access to certain information is obtained via the Internet and that CoStar charges a fee for access to certain information within the CoStar databases. Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the remaining allegations of Paragraph 10.**

11. With the exception of a very limited amount of its information services CoStar makes available for no charge on the Internet at http://www.CoStar.com, access to CoStar's information services is offered only to authorized users. Interested members of the general public can become authorized users either (a) by entering into an online agreement for ad hoc access and use, or (b) by entering into a written license agreement and subscribing to one or more of Co Star's information services.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that CoStar is a national commercial real estate information service provider that has created and maintains a commercial real estate information database. Plaintiff/Counter-Defendant, K&H, admits that access to certain information is obtained via the Internet and that CoStar charges a fee for access to certain information within the CoStar databases. Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the remaining allegations of Paragraph 11.**

12. Access to CoStar's subscription information services and their associated databases is limited to those authorized users who gain authorization solely pursuant to written license agreements, which limit their access and use of CoStar's databases to specific numbers of

licensed users and licensed sites. Licensed users are limited to employees of the licensee, or independent contractors working out of the licensed site and exclusively for the licensee.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that CoStar is a national commercial real estate information service provider that has created and maintains a commercial real estate information database. Plaintiff/Counter-Defendant, K&H, admits that access to certain information is obtained via the Internet and that CoStar charges a fee for access to certain information within the CoStar databases. Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the remaining allegations of Paragraph 12.**

13. Once a party executes a license agreement with CoStar, each of its authorized users is provided with a user identification and password and is given authorized use for Internet-based access to CoStar's subscription information services within the terms of the user's specific license. An authorized user must input a valid user identification and password at the "Subscriber Login Area" to gain authorized access to CoStar's restricted access information services for which they are licensed. The Subscriber Login Area contains prominent notices advising the user on each occasion of their use. "By logging in you are agreeing to CoStar's <u>terms of use</u>." and "Access restricted to licensed users. Sharing of passwords is prohibited." The authorized user must scroll through and "accept" the applicable online <u>Terms of Use</u> the first time they use the product as well as at periodic intervals thereafter. Furthermore, a warning appears at the bottom of the homepage that reads: "By using this site, you agree to our Terms of Use." Here too, by clicking on the underlined phrase, the user can view the terms of use.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that CoStar is a national commercial real estate information service provider that has created and maintains a**

commercial real estate information database. Plaintiff/Counter-Defendant, K&H, admits that access to certain information is obtained via the Internet and that CoStar charges a fee for access to certain information within the CoStar databases. Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the remaining allegations of Paragraph 13.

14. The Terms of Use provide:

> By accessing or using this Site (or any part thereof), you agree to be legally bound by the terms and conditions that follow (the "Terms of Use") as we may modify them from time to time. These Terms of Use apply to your use of this Site, including the CoStar services and products offered via the Site. **They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use**. If you do not agree to the Terms of Use, or if you do not have the right, power, and authority to agree to and be bound by these Terms of Use, you may not use the Site. (emphasis added).

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 14.**

15. In addition, the Terms of Use specifically note that "[p]ortions of the [website] are available only to individuals or entities who purchase a subscription (`Subscribers') and who, as specified in these Terms of Use and/or in the associated written license agreement between the Subscriber and CoStar that authorizes use of the information or product(s) (the 'License Agreement'), are Authorized Users (as defined below) under such a subscription."

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 15.**

16. Under the header "Prohibited Uses," the Terms of Use provide that "you shall not [a]ccess any portion of the [databases] unless you are an Authorized User for such [databases] using the Passcodes assigned to you by CoStar to access the components and services of the

[databases] that your subscription authorizes you to access, subject to the terms contained therein and in these Terms of Use."

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 16.**

17. The Terms of Use also state that "[u]pon your breach of any term of these Terms of Use or the License Agreement, CoStar's remedies shall include any monetary benefits that accrued to you as a result of the breach, any damages incurred by CoStar related to your breach and any other damages and relief available at law or in equity." The terms of use further provide that "CoStar shall be entitled to recover all costs, including attorney's fees."

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 17.**

18. Finally, the Terms of Use provide that the user "irrevocably consent[s] to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use."

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 18.**

## EVENTS GIVING RISE TO THE LAWSUIT

19. One of CoStar's customers ("CUSTOMER") signed a License Agreement with CoStar for access to the CoStar Property Professional®, CoStar Comps® and CoStar Tenant® commercial real estate information databases and related software.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 19.**

20.     Under Sections 1, 2 and 12 of CUSTOMER's License Agreement with CoStar, CUSTOMER agreed, among other things: (a) not to provide third parties with access to or use of the CoStar database service, (b) not to sub-license or resell CoStar's information services to others, (c) not to share the CUSTOMER-specific IDs and passwords assigned by CoStar, and (d) **not to store, copy or export any portion of the licensed CoStar database service into and base or other software program, except as explicitly permitted by the CoStar Resource License Agreement or by express written consent of CoStar.**

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 20.**

21.     One of CUSTOMER's users was BELL, who was, upon information and belief, CUSTOMER's employee or an independent contractor working exclusively for CUSTOMER. Upon information and belief, in December 2006 BELL ceased to be associated with CUSTOMER.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 21.**

22.     After BELL ceased to be associated with CUSTOMER, BELL began an association with K&H soon thereafter. Upon information and belief, BELL operates either as an employee of K&H or as an independent contractor working exclusively for. K&H. Upon information and belief, BELL works out of K&H's offices, is supplied with computer equipment and an Internet connection, and is presented to the public as a K&H employee, including on K&H's website, http://www.kleinandheuchan.com/our_people.htm. As such, K&H has, at all times since BELL's association with K&H, the right and ability to observe and to control BELL's conduct.

**ANSWER:** Plaintiff/Counter-Defendant, K&H, admits that Mr. Scott Bell was an independent contractor for K&H. Plaintiff/Counter-Defendant, K&H, admits that K&H provided Internet access in its offices. Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the remaining allegations of Paragraph ¶22.

23. Instead of terminating use of the CoStar user name and password provided to him through CUSTOMER once he associated with K&H, BELL continued to access the services to which CUSTOMER had subscribed. BELL's use of CoStar's services was for the purpose of benefiting K&H and within his responsibilities as an employee of or independent contractor for K&H.

**ANSWER:** Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 23.

24. K&H supplied all the facilities necessary for BELL to access CoStar's services including, upon information and belief; office space, computer equipment, and an Internet connection. Upon information and belief, BELL's use of CoStar's services was open and notorious in K&H's offices, and K&H knew that BELL was using CoStar's services and made no effort to prevent BELL from using CoStar's services.

**ANSWER:** Plaintiff/Counter-Defendant, K&H, denies the allegations of Paragraph 24.

25. By gaining unauthorized access to CoStar's products, BELL was able to make unauthorized copies and displays of CoStar's copyrighted databases and copyrighted photographs on K&H's computers.

**ANSWER:** Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 25.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT AGAINST BELL

26.     CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 26 [sic] of the Complaint.

**ANSWER:   Plaintiff/Counter-Defendant, K&H, realleges and incorporates herein its responses contained in Paragraphs 1 through 25 of the complaint.**

27.     CoStar owns valid copyrights in the compilations of data, information, and original content that form its databases of commercial real estate property information. CoStar has registered its copyrights in those compilations with the United States Copyright Office on a regular basis.

**ANSWER:  Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 27.**

28.     CoStar owns valid copyrights in millions of commercial real estate photographs taken by CoStar photographers. CoStar has registered the vast majority of those photographs with the United States Copyright Office on a quarterly basis.

**ANSWER:  Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 28.**

29.     By virtue of his unauthorized access to CoStar's products, BELL has infringed CoStar's copyrights in its database compilations, including by reproducing, distributing and/or displaying original and protectable expression covered by CoStar's compilation copyrights.

**ANSWER:  Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 29.**

30.     By virtue of his unauthorized access to CoStar's products, BELL has infringed CoStar's copyrights in its commercial real estate photographs, including by reproducing,

distributing and/or displaying such photographs. Upon information and belief, BELL has infringed CoStar's copyrights in more than 100 photographs. A partial list of these photographs, as well as the copyright registrations corresponding to such photographs, are attached hereto as Exhibit A.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 30.**

31. BELL's infringement of CoStar's copyrights was willful and with notice of CoStar's copyrights in its database compilations and its photographs.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 31.**

32. Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by BELL prior to their infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 32.**

33. As a result of BELL's infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 33.**

34. The foregoing claim in this Count I is currently pending in the U.S. District Court for the District of Maryland in Case No. 8:08-cv-15785-AW, filed June 17, 2008.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that the claims in this Count I are currently pending the U.S. District Court for the District of Maryland in Case No. 8:08-cv-15785-AW, filed June 17, 2008.**

## COUNT II
## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT BY K&H

35.     CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 34 of the Complaint.

**ANSWER:     Plaintiff/Counter-Defendant, K&H, reallege and incorporates herein the responses contained in Paragraphs 1 through 34 of the complaint.**

36.     As set forth in Paragraphs 27 through 34, BELL has infringed CoStar's copyrights.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 36.**

37.     K&H, by virtue of the fact that it provided BELL with office space, computers, and Internet access through which BELL infringed CoStar's copyrights, materially contributed to BELL's infringement of CoStar's copyrights.

**ANSWER:     Plaintiff/Counter-Defendant,     K&H,     denies     the     allegations     of Paragraph 37.**

38.     K&H provided such material contribution to BELL knowing or with reason to know that BELL would to access CoStar's Internet website and thus infringe CoStar's copyrights.

**ANSWER:     Plaintiff/Counter-Defendant,     K&H,     denies     the     allegations     of Paragraph 38.**

39. As a result of K&H's conduct in facilitating BELL's infringement of CoStar's copyrights, K&H is liable for contributory copyright infringement. K&H's contributory infringement was willful.

**ANSWER: Plaintiff/Counter-Defendant, K&H, denies the allegations of Paragraph 39.**

40. By virtue of the fact that K&H had control over the means by which BELL obtained access to CoStar, K&H had the right and ability to control BELL's infringing conduct.

**ANSWER: Plaintiff/Counter-Defendant, K&H, denies the allegations of Paragraph 40.**

41. Upon information and belief, K&H has obtained a direct financial benefit from BELL's infringement of CoStar's copyrights.

**ANSWER: Plaintiff/Counter-Defendant, K&H, denies the allegations of Paragraph 41.**

42. As a result of K&H's conduct, K&H is liable for vicarious copyright infringement. K&H's vicarious infringement was willful.

**ANSWER: Plaintiff/Counter-Defendant, K&H, denies the allegations of Paragraph 42.**

43. Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by BELL prior to his infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action. K&H is responsible for such statutory damages as a joint tortfeasor with BELL.

**ANSWER: Plaintiff/Counter-Defendant, K&H, denies the allegations of Paragraph 43.**

44.     As a result of K&H's infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

**ANSWER: Plaintiff/Counter-Defendant, K&H, denies the allegations of Paragraph 44.**

45.     The foregoing claims in this Count II are currently pending in the U.S. District Court for the District of Maryland in Case No. 8:08-cv-15785-AW, filed June 17, 2008.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that the claims in this Count II are currently pending the U.S. District Court for the District of Maryland in Case No. 8:08-cv-15785-AW, filed June 17, 2008.**

**COUNT III**
**VIOLATION BY BELL OF § 18 U.S.C. 1030:**
**FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS**

46.     CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 44 of the Complaint.

**ANSWER:     Plaintiff/Counter-Defendant, K&H, realleges and incorporates herein the responses contained in Paragraphs 1 thru 45 of the complaint.**

47.     The computer system on which CoStar's databases reside is a computer used in interstate commerce or communication, and is thus a protected computer under 18 U.S.C. § 1030.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 47.**

48.    When BELL accessed the passcode-protected portions of the CoStar Internet website, BELL intentionally accessed a protected computer without authorization.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 48.**

49.    BELL's unauthorized access of a protected computer has caused damage to CoStar that has amounted in an aggregated loss of over $5,000 during a one-year period.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 49.**

50.    BELL's conduct has harmed and will continue to harm CoStar. As a result, CoStar has suffered and will continue to suffer losses, damages, and irreparable injury, in amounts not yet ascertained. CoStar's remedy at law is not itself adequate to compensate it for injuries inflicted by BELL. Accordingly, CoStar is entitled to damages and injunctive relief.

**ANSWER: Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 50.**

51.    The foregoing claim in this Count III is currently pending in the U.S. District Court for the District of Maryland in Case No. 8:08-cv-15785-AW, filed June 17, 2008.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that the claims in this Count III are currently pending the U.S. District Court for the District of Maryland in Case No. 8:08-cv-15785-AW, filed June 17, 2008.**

## COUNT IV
## BREACH OF CONTRACT AGAINST BELL

52.    CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 49 [sic] of the Complaint.

**ANSWER:   Plaintiff/Counter-Defendant, K&H, realleges and incorporates herein the responses contained in Paragraphs 1 through 51 of the complaint.**

53.     By accessing CoStar's Internet website, BELL agreed to be bound by the terms of use agreement of CoStar's website. CoStar's website terms of use agreement is a valid contract.

**ANSWER:  Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 53.**

54.     BELL breached the terms of use agreement by, inter alia, accessing and using the CoStar databases without authorization from CoStar on 132 occasions for a total of 46 hours, involving "hits" to 12,829 pages on the CoStar Website.

**ANSWER:  Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 54.**

55.     CoStar has been injured by BELL's breach as described above. Among other things, BELL's breach of contract has caused CoStar to lose the license fee revenue associated with granting licenses to CoStar products. Some of CoStar's injury as a result of BELL's breach resulted in damages to CoStar in an amount to be proven at trial. CoStar will not have an adequate remedy at law for its entire injury, however, as some of its injury is irreparable. Accordingly, CoStar is entitled to damages and injunctive relief.

**ANSWER:  Plaintiff/Counter-Defendant, K&H, is without knowledge and therefore denies the allegations of Paragraph 55.**

56.     The foregoing claim in this Count IV is currently pending in the U.S. District Court for the District of Maryland in Case No. 8:08-cv-15785-AW, filed June 17, 2008.

**ANSWER: Plaintiff/Counter-Defendant, K&H, admits that the claim as alleged in Count IV is currently pending in the U.S. District Court for the District Court of Maryland in Case No. 8:08-cv-15785-AW, filed June 17, 2008.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant/Counter-Plaintiff fails to state a cause of action in that it has failed to show and cannot show that the Plaintiff had any knowledge of the alleged direct infringement.

### Second Affirmative Defense

Defendant/Counter-Plaintiff fails to state a cause of action in that it has failed to show and cannot show that the Plaintiff intentionally induced, encouraged or materially contributed to the alleged direct infringement.

### Third Affirmative Defense

Defendant/Counter-Plaintiff fails to state a cause of action in that it has failed to show that Plaintiff directly profited from any alleged direct infringement.

### Fourth Affirmative Defense

Defendant/Counter-Plaintiff has an adequate remedy at law.

### Fifth Affirmative Defense

Defendant/Counter-Plaintiff has alleged copyright protection over photographs that are so mechanical and routine as to require no creativity whatsoever. Copyright protection of a photograph extends only to original aspects of the work such as posing of subject matter, lighting, angle, selection of film and camera, evoking a desired expression. Defendant/Counter-Plaintiff's photographs of real estate are pedestrian and lacking in any creativity. Additionally,

there are so few ways of photographing such subject matter that the level of creativity involved is not sufficient to be afforded copyright protection.

### Sixth Affirmative Defense

Any alleged unauthorized use of Defendant/Counter-Plaintiff's alleged copyrighted works are subject to the Fair Use Doctrine.

### Seventh Affirmative Defense

Defendant/Counter-Plaintiff's compilation does not meet the originality or creativity requirements sufficient to be afforded copyright protection.

### Eighth Affirmative Defense

Defendant/Counter-Plaintiff's claims are barred by the merger doctrine. When there are so few ways of expressing an idea, not even the expression is protected by copyright. In this instance, Defendant/Counter-Plaintiff has compiled alleged copyrighted works which contain real estate descriptions using standard industry terms and descriptions arranged similar to others in the same industry. In this instance, the expression has merged with the idea.

### Ninth Affirmative Defense

Defendant/Counter-Plaintiff is responsible, in whole or part, for any claims or damages alleged, by its failure to properly monitor its license holders and take reasonable and appropriate action to prevent any alleged infringement.

### Tenth Affirmative Defense

Defendant/Counter-Plaintiff has waived its right to bring its claims on the basis that it was aware of the status of its license holders and allowed any alleged misconduct to continue.

### Eleventh Affirmative Defense

Defendant/Counter-Plaintiff is estopped from bringing these claims on the basis that it was aware of the status of its license holders and allowed any alleged misconduct to continue. Defendant/Counter-Plaintiff cannot now change its position to the detriment of Plaintiff/Counter-Defendant.

### Twelfth Affirmative Defense

Defendant/Counter-Plaintiff's claims are barred by the doctrine of laches. Defendant/Counter-Plaintiff was aware of the status of its license holders and was aware of any alleged misconduct and allowed it to continue for an unreasonable period of time.

### Thirteenth Affirmative Defense

Any damages sought by Defendant/Counter-Plaintiff are attributable to and were caused by a third-party.

### Fourteenth Affirmative Defense

Defendant/Counter-Plaintiff has failed to mitigate its damages. Defendant/Counter-Plaintiff was aware of the status of its license holders and was aware of any alleged misconduct and allowed it to continue for an unreasonable period of time.

### [ REMAINDER OF PAGE INTENTIONALLY LEFT BLANK ]

RESPECTFULLY SUBMITTED this 8th day of December 2008.

J. PAUL RAYMOND, ESQ.
Florida Bar No. 0169268
jpr@macfar.com
JEFFREY W. GIBSON, ESQ.
Florida Bar No.: 0568074
jg@macfar.com
Macfarlane Ferguson & McMullen
P.O. Box 1669
Clearwater, FL 33757
(727) 441-8966 – Phone
(727) 442-8470 – Facsimile
Attorneys for Plaintiff
Klein & Heuchan, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December, 2008, a copy of the foregoing *Klein & Heuchan, Inc.'s Answer to Counterclaim* has been furnished electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to **William Cooper Guerrant, Jr., Esq.** and **William Fargo Sansone, Esq.**, of Hill Ward Henderson, *counsel for Defendants*

JEFFREY W. GIBSON, ESQ.