UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.,
a Florida Corporation,

      Plaintiff,

vs.             Case No.: 8-08-cv-01227-T-30-EAJ

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

      Defendants.
_____/

## AGREED MOTION FOR ENTRY OF A PROTECTIVE ORDER

In order to facilitate discovery in this matter, the parties stipulate to entry of the attached Protective Order, and respectfully request the court enter same.

             Respectfully submitted,

             s/William C. Guerrant, Jr.
             William C. Guerrant, Jr.
             Florida Bar No. 516058
             wguerrant@hwhlaw.com
             Trial Counsel
             William F. Sansone
             Florida Bar No. 781231
             wsansone@hwhlaw.com
             HILL, WARD & HENDERSON, P.A.
             Suite 3700 – Bank of America Building
             101 East Kennedy Boulevard
             Post Office Box 2231
             Tampa, Florida 33601
             Telephone: (813) 221-3900
             Facsimile: (813) 221-2900
             Attorneys for Defendants

- and -

/s/ William J. Sauers
William J. Sauers
Sanya Sarich
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, DC, 20004
(202) 624-2500
(202) 628-5116 (fax)
wsauers@crowell.com
ssarich@crowell.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 22, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to J. Paul Raymond and Jeff Gibson, MacFarlane Ferguson & McMullen, P. O. Box 1669, Clearwater, FL 33757.

s/William C. Guerrant, Jr.
Attorney

634206

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

    Plaintiff,

vs.                               Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

    Defendants.
_____/

## PROTECTIVE ORDER

WHEREAS, the parties are engaged in a discovery program that involves, among other things, the production or disclosure of information deemed confidential, including proprietary commercial information, and the parties have agreed to the entering of a protective order to protect the confidential nature of that information,

IT IS HEREBY ORDERED THAT:

1. "Confidential Information" as used herein means any type or classification of information which is designated as "Confidential" or "Confidential – Attorney's Eyes Only" by the supplying party, whether revealed during a deposition, in a document, in an interrogatory answer, in response to a third-party subpoena or otherwise. In designating information as "Confidential" or "Confidential – Attorney's Eyes Only," the supplying party will make such designation only as to that information that that party in good faith believes to be Confidential Information under Fed. R. Civ. P. 26(c)(7). Provided further, however, that documents, testimony and other forms of discovery material designated as confidential pursuant to protective orders in prior or current litigation between the parties need not be given new designations for

the purposes of this proceeding.

2. The "Action" as used herein means *Klein & Heuchan, Inc. v. CoStar Realty Information, et al.*, Civil No.: 8:08-cv-01227-JSM-MSS (M.D. Fla.).

3. "Document" as used herein refers to any written or graphic matter, no matter how produced, recorded, stored or reproduced and includes tape recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such tapes and data.

4. "Qualified Persons" herein means:

(a) outside counsel representing a party in the Action and their staffs; and

(b) outside consultants, experts, or investigators, and their staffs that are retained by the parties or the parties' counsel, who are assisting counsel in the litigation of this Action, where such access to the specific Confidential Information disclosed is reasonably necessary to allow such persons to provide such assistance;

(c) a party's in-house counsel, provided that in-house counsel are required to store documents designated "Confidential – Attorney's Eyes Only" in a locked file cabinet to which only the attorneys have keys;

(d) the Court and Court officials involved in this litigation, including court reporters, persons operating videotape recording equipment at depositions, and any special master who may be appointed by the appropriate court;

(e) employees or agents of the parties, where reasonably necessary to the prosecution or defense of this litigation.

(f) persons with prior knowledge of the documents or the Confidential Information contained therein, and their agents; and

(g) Any other persons agreed to in writing by the parties, either as to all or any Confidential Information in the Action.

5. Confidential Information bearing the legend "Confidential – Attorney's Eyes Only" shall not be disclosed in any manner to anyone other than the individuals identified in paragraphs 4(a), 4(b), 4(c), 4(d) or by a designation pursuant to paragraph 4(g).

6. "Termination of the Action" as used herein means thirty-one (31) days after the entry of the final judgment or stipulation of dismissal in the event of settlement, or in the case of an appeal, the date when all appeals are resolved in the Action.

7. The parties will use the Discovery Material and Confidential Information produced pursuant to this Protective Order only for the purpose of preparing for or conducting the Action and for no other purpose. Provided further, however, that Discovery Material and Confidential Information produced pursuant to this Protective Order may be used in other litigations pending between the parties if such Discovery Material and Confidential Information is reasonably related to the issues in such other litigations. The parties may designate documents as "Confidential" or "Confidential – Attorney's Eyes Only" after providing access thereto to the opposing party without waiving the right to make such designations, so long as such designations are made promptly after such documents are reviewed by the opposing party.

8. This Order shall be without prejudice to the right of any party to oppose production of information for any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. The existence of this Order shall not be used by any party as a basis for discovery that is not otherwise proper under the Federal Rules of Civil Procedure. Whether a privilege has been waived by inadvertent production shall be determined by the applicable caselaw. A party notified by another party or third party of claimed inadvertent

production of privileged discovery material will not further disclose or otherwise use such material except under seal to the Court for the purposes of adjudicating the applicability of the privilege until an agreement or adjudication concerning the material is made. The burden is on the producing party to seek a ruling from the Court on the applicability of the privilege. If the producing party makes such a request from the Court, the receiving party may retain one (1) copy of the material for the purposes of briefing the motion, such copy to be returned to the producing party should the Court hold that a privilege is applicable. In the event of a dispute about the applicability of a privilege, the material shall be treated as "Confidential – Attorney's Eyes Only" under the terms of this Order pending the resolution of the dispute.

9. Confidential Information produced in the Action shall be disclosed by the receiving party only to Qualified Persons who shall have read this Order; provided, however, that nothing herein shall prevent disclosure beyond the terms of this Order if the party claiming confidentiality consents in writing to such disclosure. Requests by a party to disclose Confidential Information beyond the terms of this Order shall be made in writing. If the party claiming confidentiality does not respond within seven (7) days of the receipt of the request, the request will be presumed to be granted.

10. Before the provision of access or the disclosure of any Confidential Information to any Qualified Person, the party showing such information shall advise the recipient that the information is Confidential and cannot be used except in this lawsuit and shall give the potential witness a copy of this Order. Any attorney of record for each party shall maintain a list of the names of all persons to whom such Confidential Information is disclosed. Such lists shall be exchanged by the parties thirty (30) days after Termination of the Action.

11. Material designated as "Confidential" or "Confidential – Attorney's Eyes Only"

may be used at a nonparty deposition only if necessary to the testimony of the witness and if the party using such information provides advance notice of such information to the party designating such information sufficiently in advance of the deposition to give the designating party time to object to such use. Unless otherwise agreed by the parties, notice shall be given at least three (3) business days prior to the deposition and objection shall be made at least twenty-four (24) hours prior to the commencement of the deposition, except no such advance notice is required if the Confidential material is to be used at the deposition of a natural person whose name appears on the original document as the author, addressee or copyee of the Confidential material. In the event that material designated as Confidential is used at a deposition, it is hereby Ordered that each such witness is bound by the terms of this Order. Counsel for the party using such material shall provide the witness a copy of this Protective Order.

12. Any Confidential Information supplied in written or documentary form shall be labeled by the supplying party as "Confidential" or "Confidential – Attorney's Eyes Only." All deposition transcripts shall be treated as Confidential Information for a period of ten (10) business days after receipt of such deposition transcript to allow time for the parties to make their Confidential Information designations. Persons may be deposed regarding Confidential Information pursuant to the terms of this Paragraph and Paragraph 11. Only Qualified Persons and the witness shall be present at such depositions.

13. Any party that wishes to file any documents with the Court designated as or containing "Confidential" or "Confidential – Attorney's Eyes Only," or any pleadings, motions, or other papers reproducing, paraphrasing, or discussing such information (or any portion of any documents designated or containing "Confidential Information" or "Confidential – Attorney's

Eyes Only," or any pleadings, motions, or other papers reproducing, paraphrasing, or discussing such information) will file an appropriate motion to seal the document (or portion of document) with the Court pursuant to M.D. Fla. R. 1.09. If the motion is granted, the party will file the document or portions of documents electronically in redacted form and on paper in sealed envelopes or other appropriate sealed containers bearing the caption of this action and the designation "CONFIDENTIAL OR CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION – RESTRICTED ACCESS ACCORDING TO COURT ORDER," and a statement in substantially the following form:

> "This envelope, containing documents that are filed in this action by [name of party], is not to be opened, nor are its contents to be displayed or revealed, except by Order of the Court or consent of the parties."

If the motion is not granted, the documents or portions of documents will not be filed without the consent of the party asserting the confidentiality interest in the documents or portion of documents in question.

14. In the event that the receiving party disagrees with the designation by the producing party of any information as Confidential Information, then the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court. In the event the parties fail to resolve such dispute informally, the producing party bears the burden of persuading the Court that the information is in fact Confidential.

15. No party shall be obligated to challenge the propriety of a Confidential designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

16. The receiving party shall maintain all Confidential Information produced or exchanged in this action or notes or other records regarding the contents thereof, in the custody of outside counsel or those who have been designated as Qualified Persons under ¶ 4 above, and no partial or complete copies thereof shall be retained by anyone else at any other location than such offices, except when being used by experts in connection with the Action, or at depositions, unless otherwise authorized by stipulation of the parties or by order of the Court.

17. Upon Termination of the Action, each party shall within thirty (30) days assemble and return to the supplying party, with the cost of shipping borne by the supplying party, all Confidential Information. Alternatively, at the option of the supplying party, the receiving party shall destroy all such materials within thirty (30) days of the Termination of the Action and certify to the supplying party that he or it has done so.

18. Nothing in this Order will prejudice any party from seeking amendments thereto broadening or restricting the rights of access to and use of Discovery Material and Confidential Information, or other modifications.

19. All terms of this Protective Order apply to all documents and information produced or disclosed by third parties who produce or disclose Discovery Material in the Action, and such third parties may designate Discovery Material produced by them as Confidential pursuant to this Protective Order.

AGREED TO:

_____   _____
Attorneys for CoStar Group, Inc and   Attorneys for Klein & Heuchan, Inc.
CoStar Realty Information, Inc.:

APPROVED AND SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

8