1

IN THE UNITED STATES DISRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

       *Counterclaim Plaintiffs*,

v.

                            Case Number 8:08-cv-01227-JSM-MSS

SCOTT BELL

      *Counterclaim Defendant.*
_____/

**DEFENDANT, BELL'S MOTION TO QUASH FOR INSUFFIENCY OF SERVICE OF PROCESS OR ALTERNATIVELY DISMISS COMPLAINT FOR INSUFFIENCY OF SERVICE OF PROCESS**

Defendant, Scott Bell moves this Honorable Court to Quash Insufficiency of Service of Process or Alternatively Dismiss the Complaint for Insufficiency of Service of Process, stating in support therefore as follows:

1.     Defendant was never served with a summons / complaint.

2.     No one at Defendant's residence, usual place of abode, who is of suitable age, was served with a summons.

Dockets.Justia.com

## FEDERAL RULES OF CIVIL PROCEDURE RULE 4(e), 4(m)

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by: **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or **(2)** doing any of the following: **(A)** delivering a copy of the summons and of the complaint to the individual personally; **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

**(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

## FLORIDA CIVIL RULES OF PROCEDURE RULE 1.070. Process (a), (b)

**(a) Summons; Issuance.** Upon the commencement of the action, summons or other rocess authorized by law shall be issued forthwith by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service without praecipe.

**(b) Service; By Whom Made.** Service of process may be made by an officer authorized by law to serve process, but the court may appoint any competent person not interested in the action to serve the process. When so appointed, the person serving process shall make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process. Failure to make proof of service shall not affect the validity of the service. When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance shall be entitled to such additional process against the unserved party as is required to effect service.

**(j) Summons; Time Limit.** If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that

3

service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).

In *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should at most, quash service, leaving the plaintiff[ ]free to effect proper service.")

### Conclusion

WHEREFORE Scott Bell moves this Court to Quash Insufficiency of Service of Process or Alternatively Dismiss the Complaint for Insufficiency of Service of Process and granting such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated: January 7, 2009                    Respectfully submitted,

                                          By: _____
                                          Scott Bell, *pro se*
                                          2725 Big Pine Drive
                                          Holiday, FL 34691
                                          727- 432-2146

### CERTIFICATE OF SERVICE

**UNDER PENALTY OF PERJURY, I CERTIFY** that a copy of the foregoing was

4

provided U.S. Certified mail to William C. Guerrant Jr., Hill, Ward, & Henderson, P.A., 101 E Kennedy Boulevard – Suite 3700, Tampa, Florida 33602 and William J. Sauers, Crowell & Moring LLP. 1001 Pennsylvania Avenue, Washington, D.C. 20004 this 7th day January 2009.

Scott Bell, *pro se*
2725 Big Pine Drive
Holiday, FL 34691
727- 432-2146

State of Florida

County of Pinellas

BEFORE ME personally appeared Scott Bell who, being be me first duly sworn and identified in accordance with Florida law, did execute the foregoing in my presence this 7th day of January 2009.

My commission expires:

Rebecca Anthony
COMMISSION # DD819961
EXPIRES: NOV. 15, 2012
www.AaronNotary.com