IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KLEIN & HEUCHAN, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC., <br><br> *Defendants*. | Civil Action No. 8:08-cv-01227-JSM-MSS |

**COSTAR'S RESPONSE IN OPPOSITION TO COUNTERCLAIM DEFENDANT
SCOTT BELL'S MOTION TO QUASH OR DISMISS
<u>FOR INSUFFICIENCY OF SERVICE OF PROCESS</u>**

Defendants/Counterclaim Plaintiffs CoStar Realty Information, Inc., and CoStar Group, Inc. (collectively, "CoStar"), by and through their undersigned counsel, hereby file this response in opposition to Counterclaim Defendant Scott Bell's "Motion to Quash for Insufficiency of Service of Process or Alternatively Dismiss Complaint for Insufficiency of Service of Process." D.E. 33.[1] Bell's motion should be dismissed in its entirety.

Bell appears to argue that the counterclaim should be dismissed as to him because he was not served within the 120 day period prescribed by Fed. R. Civ. P. 4(m).[2] *See* D.E. 33 at ¶ 1,

---

[1] Docket entries will be referred to herein as "D.E. __."

[2] Fed. R. Civ. P. 4(m) provides, in relevant part: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . ."

1

p. 2. As an initial matter, Scott Bell's motion was filed on January 7, 2008, just 47 days after the complaint against him was filed. *See* D.E. 23 (CoStar's Answer and Counterclaim, filed November 21, 2008). Bell's motion is therefore premature and should be denied on that ground alone. Moreover, Scott Bell has, as of the time of the filing of this response, been served with the summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. D.E. 34. Specifically, Scott Bell was served on January 13, 2009, 53 days after the complaint against him was filed. *Id*. Bell's motion should therefore also be denied, in its entirety, as moot.[3]

Dated: January 23, 2009

Respectfully submitted,

s/Sanya Sarich
William J. Sauers (admitted *pro hac vice*)
Sanya Sarich (admitted *pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-8844
wsauers@crowell.com
ssarich@crowell.com

---

[3] To the extent it remains pending before this court, Bell's "Motion to Quash Service of Summons" (D.E. 29) should likewise be denied as moot.

- and -

William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
Trial Counsel
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone:  (813) 221-3900
Facsimile:  (813) 221-2900

*Counsel for Defendants-Counterclaim Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent a notice of electronic filing to the following:

>J. Paul Raymond
>Jeff Gibson
>MacFarlane Ferguson & McMullen
>P. O. Box 1669
>Clearwater, FL  33757
>jpr@clw.macfar.com
>jg@macfar.com
>
>*Counsel for Plaintiff-Counterclaim Defendant K&H*

**I FURTHER CERTIFY** that on January 23, 2009, a true copy of the foregoing was sent to the following by United States First Class mail:

>Scott Bell
>2725 Big Pine Drive
>Holiday, FL 34691
>
>*Defendant (pro se)*

>s/Sanya Sarich
>Sanya Sarich (admitted *pro hac vice*)
>Crowell & Moring LLP
>1001 Pennsylvania Ave.
>Washington, DC  20004
>Telephone:  (202) 624-2500
>Facsimile: (202) 628-8844
>wsauers@crowell.com
>ssarich@crowell.com
>
>*Counsel for Defendants-Counterclaim Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*