# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KLEIN & HEUCHAN, INC.,**

    **Plaintiff,**

v.                                          Case No. 8:08-cv-1227-T-30EAJ

**COSTAR REALTY INFORMATION, INC.
and COSTAR GROUP, INC.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Counterclaim Defendant Scott Bell's Motion to Quash for Insufficiency of Service of Process or Alternatively Dismiss Complaint for Insufficiency of Service of Process (Dkt. 33) and Counterclaim Plaintiff CoStar Realty Information, Inc. and CoStar Group, Inc.'s ("collectively, "CoStar") Opposition to the same (Dkt. 35).

The original complaint (Dkt. 2), to which Bell was not a party, was removed from state court on June 25, 2008. Bell was first named as a party to this action in CoStar's answer and counterclaim (Dkt. 23), which was filed was filed on November 21, 2008. In his first motion to quash (Dkt. 29), Bell argues that he was improperly served because the summons was mailed to his former place of business. In his second motion to quash (Dkt. 33), Bell argues that he was never served at all. However, the return of service (Dkt. 34)

shows that service was properly executed at Bell's home on January 13, 2009, which is well within the 120 day limit imposed by Federal Rule of Civil Procedure 4(m).[1]

It is therefore ORDERED AND ADJUDGED that:

1. Counter Defendant Scott Bell's Motions to Quash Service of Summons (Dkts. 29 and 33) are **DENIED**.

2. Counter Defendant Scott Bell has twenty (20) days from the date of this order to respond to the counterclaim.

**DONE** and **ORDERED** in Tampa, Florida on January 30, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv1227.mt quash.frm

---

[1] Here, the relevant date to begin counting is November 21, 2008, the date the counterclaim was filed.