IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHEN, INC.,

    Plaintiff,

v.                               Case No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.
and COSTAR GROUP, INC.

    Defendants.
_____/

## COUNTER-DEFENDANT SCOTT BELL'S MOTION TO DISMISS
## AND INCORPORATED MEMORANDUM OF LAW

Counter-Defendant Scott Bell, by and through his undersigned attorneys, and pursuant to Fed. R. Civ. P. 12 (b) (6) and Fed R. Civ. P. 12 (e) and hereby files his Motion to Dismiss the Counterclaim filed by Defendants/Counter-plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. and as grounds in support thereof states the following:

### Introduction

CoStar has filed a Counterclaim against Scot Bell for copyright infringement, fraud and theft related to activity connected with computers pursuant to 18 U.S.C. 1030 and breach of contract. However, the Counterclaim is deficient because it fails to state a cause of action for copyright infringement and fails to state a cause of action under 18 U.S. C. 1030.

Dockets.Justia.

## Standard of Review

A complaint that fails to sufficiently allege each element of the cause of action so as to inform the opposing party of the claim will not survive a motion to dismiss. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005). "In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiffs' legal conclusions." *Young v. City of Mount Rainer*, 238 F.3d 567, 577 (4th Cir. 2001). While on a motion to dismiss a district court must accept as true the allegations in the complaint, "...conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms*, 372 F. 3d 1250, 1262 (11th Cir. 2004) (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002)).

### The Counterclaim Should Be Dismissed for Failure to State a Cause of Action for Copyright Infringement

A plaintiff generally needs to set forth a short and plain statement of the alleged wrong that informs the defendant of the charge and enables him to prepare a responsive pleading. Fed. R. Civ. P. 8 (a)(2). However, an exception to the general rule lies in a claim for copyright infringement, where courts have required a greater degree of specificity. *Hartman v. Hallmark Cards, Inc.*, 639 F. Supp. 816, 820(W.D. Mo. 1986) *aff'd* 833 F. 2d 117 (8th Cir. 1987).

Count I purports to allege a claim for direct copyright infringement against Mr. Bell. A claimant alleging a copyright infringement claim must state, among other elements, by what acts and during what time frame a defendant infringed the copyright. *Paragon Services, Inc. v. Hicks*, 843 F. Supp 1077 (E.D. Va. 1994); *Franklin Electronic Publishers, Inc. v. Unisonic Products Corp.*, 763 F. Supp 1 (S.D. N.Y. 1991). The

copyright infringement claims in *Paragon* were dismissed because the plaintiff's allegations of conduct occurring "over the past two years" were not precise enough.

As in *Paragon*, Count I of the Counterclaim fails to specifically allege when Mr. Bell purportedly committed acts of copyright infringement. Other than alleging that Mr. Bell ceased his association with his former employer in December 2006, the Counterclaim is devoid of any specific allegations regarding the dates of his purported conduct. As a result, Count I of the Counterclaim must be dismissed.

Count II of the Counterclaim alleges a claim for contributory and vicarious copyright infringement by Klein & Heuchan, Inc. based on the alleged conduct of Mr. Bell. However, to the extent Count II alleges direct conduct by Mr. Bell, Count II should be dismissed as to Mr. Bell for the same reasons Count I is subject to dismissal.

**The Counterclaim Should Be Dismissed for Failure to State a Cause of Action Pursuant to 18 U.S.C. 1030, Computer Fraud and Abuse Act (CFAA)**

In Count III of the Counterclaim, Costar attempts to allege a violation by Mr. Bell of 18 U.S.C. 1030 - the Computer Fraud and Abuse Act ("CFAA"). Costar has attempted to allege an intentional, unauthorized access to a protected computer, causing an aggregate loss of over $5,000 during a one year cycle. (Paragraph 48 and 49 of the Counterclaim). Thus, CoStar's claim appears to be brought under 18 U.S.C. (c) (4) (A) (i) (I), the only applicable civil cause of action out of the five enumerated civil causes of action allowed under the criminal statute.

However, any loss must be directly related to an "interruption of service" and not just based on information allegedly being taken from the plaintiff's computer. *Cenveo Corp. v. Celumsolutions Software GMBH & Co.*, 504 F. Supp. 2d 574, 581 (D. Minn. 2007). The loss contemplated by the CFAA does not cover a "loss to the business due to

defendant's use of proprietary information." *Id.*. This narrowing of the CFAA's definition of loss was part of the CFAA Amendments in 2001 wherein definitions to "damage" and "loss" were added to the statute. *Cohen v. Gulfstream Training Academy, Inc.*, 2008 WL 961472 (S.D. Fla. 2008). "Loss" is now defined as "any reasonable cost to any victim, including the cost of responding to any offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages *incurred because of interruption of service.*" 18 U.S.C. 1030 (e) (11) (italics added).

The District Court in *Cohen* relied on the 2001 Amendments and cases applying those Amendments to narrowly define "loss" when it held that "any 'loss' must be related to interruption of service." *Cohen* at page 4. In *Cohen*, the District Court found that copying files and stealing clients did not cause an interruption in service as contemplated by the CFAA and thus was not a statutorily defined loss. *Id.*

In the instant cause, the Counterplaintiffs have failed to allege that Mr. Bell's alleged conduct caused any interruption in service. Count III contains only conclusory allegations that CoStar has suffered damages of over $5,000 and lacks any specific allegations regarding an interruption to CoStar's services and contains no allegations as to the impact on its services and website activities purportedly caused by Mr. Bell's actions. Thus, Count III fails to state a cause of action under 18 U.S.C. 1030 (e) (11) and must be dismissed.

### The Counterclaim Should Be Dismissed Because Counterplaintiffs Improperly Commingled Various Causes of Action Into Single Counts

Counterplaintiffs reallege all prior paragraphs in every count. The Counterclaim improperly commingles legal and equitable claims and each count includes prayers for

injunctive relief. Count IV is a claim for breach of contract, a legal claim; yet, CoStar seeks equitable relief in addition to monetary damages. This inconsistency in the relief sought and the commingling of separate causes of action into one claim, constitutes a violation of Fed. R. Civ. P. 10 (b). *O'Donnell v. Elgin*, 338 U.S. 384 (1949); *Dodge v. Susquehanna University,* 796 F. Supp. 829 (M.D. Pa. 1992). Thus, the Counterclaim must be dismissed.

## CONCLUSION

WHEREFORE, based upon the foregoing, Scott Bell respectfully requests that the Court dismiss CoStar's Counterclaim against Mr. Bell and grant any further relief the Court deems just and proper in this cause.

*/s/ Nicholas L. Ottaviano*
Randall J. Love
Fla. Bar No. 0000380
rj_1958 @yahoo.com
Nicholas L. Ottaviano
nlogator@verizon.net
Fla. Bar No. 0798738
Randall J. Love & Associates
5647 Gulf Drive
New Port Richey, FL 34652
(727) 847-0800
(727) 842-3610 (facsimile)
Attorneys for Counterclaim Defendant
Scott Bell

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and served true and correct copies by regular U.S. Mail, postage pre-paid, on William Cooper

Guerrant, Jr. Esq. and William Fargo Sansome, Esq. of Hill, Ward & Henderson, P.A., Suite 3700-Bank of America Building, 101 East Kennedy Boulevard, P.O. Box 2231, Tampa, FL 33601; and J. Paul Raymond, Esq. and Jeffrey W. Gibson, Esq. of MacFarland Ferguson & McMullen, P.O. Box 1669, Clearwater, FL 33757.

/s/ Nicholas L. Ottaviano
Nicholas L. Ottaviano
nlogator@verizon.net
Counsel for Counterclaim Defendant
Scott Bell