UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.,

    Plaintiff,

v.                                    CASE NO:  8:08-cv-1227-T-30EAJ

COSTAR REALTY INFORMATION,
INC. and COSTAR GROUP, INC.

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Counterclaim-Defendant Scott Bell's Motion to Dismiss and Incorporated Memorandum of Law (Dkt. #38) and Counterclaim-Plaintiff CoStar's Response in Opposition to the same (Dkt. #40). The Court, having reviewed the motion, response, and supporting memoranda, and being otherwise fully advised in the premises, determines the motion should be GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff, Klein & Heuchan, Inc. ("K&H"), is a real estate broker that operates entirely within the state of Florida. Defendants, CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar") are, together, a national commercial real estate information service provider that operates an internet database providing real estate information.

The dispute between K&H and CoStar arises through the alleged unauthorized access of the CoStar database by Scott Bell ("Bell"), who is an employee or independent contractor of K&H. CoStar alleges that Bell obtained a username and password through his previous employer and continued to use that username and password to access the database while working at K&H.

Upon discovering Bell's unauthorized access, CoStar attempted to discuss the dispute with K&H. On May 28, 2008, CoStar sent a draft complaint with a letter notifying K&H of its intent to file the complaint if both parties could not resolve the dispute by June 3, 2008. On June 4, K&H filed a declaratory judgment action in Florida state court seeking a determination of its rights and obligations with respect to CoStar. CoStar then removed the action to this Court on June 25, 2008. On June 17, 2008, almost two weeks after K&H's filing, CoStar filed its complaint against K&H and Bell in the United States Court, District of Maryland.

On November 21, 2008, in response to the declaratory judgment action filed by K&H with this Court, CoStar answered the action and brought counterclaims against K&H and Bell. In its counterclaim, CoStar charged Bell with direct copyright infringement, with fraud and related activity with computers under the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. §1030, and with breach of contract. CoStar also charged K&H with contributory and vicarious copyright infringement. On February 18, 2009, Bell brought this motion to dismiss CoStar's counterclaim.

## STANDARD OF REVIEW

To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from these facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' or his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 127 S.Ct. at 1964-65.

## DISCUSSION

### I. Failure to State a Cause of Action for Copyright Infringement

Counterclaim-Defendant Bell argues that Defendant/Counterclaim-Plaintiff CoStar fails to state a cause of action for copyright infringement. In particular, Bell argues that CoStar fails to meet the heightened pleading standard of copyright infringement because CoStar does not allege with specificity when Bell purportedly infringed on CoStar's

copyrights. CoStar argues that copyright infringement does not require a heightened pleading standard and that the case law on which Bell relies has been overruled.

To establish the rule of heightened pleading standard for copyright infringement, Bell states in his motion, "[a] claimant alleging a copyright infringement claim must state, among other elements, by what acts and during what time frame a defendant infringed on the copyright" and cites Paragon Services, Inc. v. Hicks, 843 F. Supp 1077 (E.D. Va. 1994). Dkt. #38 at 2. Ultimately, the heightened pleading standard in Paragon was rejected by Jetform Corp. v. Unisys Corp., 11 F. Supp. 2d 788, 790 (E.D. Va. 1998). In Jetform, the court reasoned that "in light of the Supreme Court's opinion in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1992), the requirements stated in Paragon Services, Inc. appears to be in clear violation" of Fed. R. Civ. P. 8. Jetform, 11 F. Supp. 2d at 790. In the end, Bell relies on case law that has been rejected by the same court from which it was handed down.

Rule 8(a)(2) of the Fed. R. Civ. Pro. only requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court in Leatherman said:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

507 U.S. at 168 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The only exception to this rule is laid out in Rule 9(b) of the Fed. R. Civ. Pro. which states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Copyright infringement does not require a heightened standard of pleading because it does not fall into the exception to Rule 8 of Fed. R. Civ. Pro.  Neither the Federal rules nor case law support Bell's heightened pleading argument.  Since CoStar has set out a short and plain statement of copyright infringement, Bell's motion to dismiss for failure to state a cause of action for copyright infringement will be denied.

## II. Failure to State a Cause of Action Pursuant to the CFAA

Bell also argues that CoStar fails to state a cause of action pursuant to the CFAA, 18 U.S.C. §1030.  Bell puts forth that under the CFAA any loss must be directly related to an "interruption of service" and not based merely on information being taken from a computer.  CoStar argues that the statute includes examples of "any reasonable cost to any victim" and that the list of examples is not exhaustive.

Under the CFAA, a civil action may be maintained by "any person who suffers damage or loss by reason of a violation of this section."  18 U.S.C. §1030(g).  The violation of the statute must involve "[one] of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)."  Id.  The CFAA defines damage as "any impairment to the integrity or availability of data, a program, a system, or information."  18 U.S.C. 1030(e)(8).  The CFAA then defines loss as "any reasonable cost to any victim, including the cost of

responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."  18 U.S.C. §1030(e)(11).

The plain reading of the definition of loss leads this Court to find that a plaintiff must only show an "interruption of service" to make a claim for a loss from "revenue lost, cost incurred, or other consequential damages incurred."  See also Cenveo Corp. v. CelumSolutions Software GMBT & Co., 504 F. Supp. 2d 574, 581, n.6 (D.Minn. 2007)(disagreeing with some courts that have held that it is enough to plead unauthorized access and use of proprietary information and, instead, holding that loss requires damages caused by an interruption of service); Cohen v. Gulfstream Training Academy, Inc., 2008 WL 961472, *4 (S.D.Fla. 2008)(finding that any loss must be related to an interruption of service).  But see Charles Schwab & Co. v. Carter, 2005 WL 351929, *3 (N.D. Ill. 2005)(stating "several district courts have recognized that damage caused by unauthorized access or access in excess of authorization to a computer system may be redressed under the CFAA."); Ervin & Smith Adver. & Pub. Rels., Inc. v. Ervin, 2009 U.S. Dist. LEXIS 8096, *26-27 (D. Neb. 2009)(rejecting that losses are limited to those resulting from an interruption of service).  While the statute is less than clear, it is clear that the losses referred to in the last phrase relate to an interruption of service.  Therefore, an interruption of service is necessary if the victim is claiming a loss from revenue lost, costs incurred, or other consequential damages.

In count III of its complaint, CoStar alleges that it has suffered damages amounting to an aggregate loss of over $5,000 during a one-year period due to unauthorized access of a protected computer. Additionally, CoStar alleges that it has suffered and will continue to suffer harm from Bell's conduct.

To bring a claim under the CFAA using damages, CoStar must plead impairment to the integrity or availability of data, a program, a system, or information to show damage. CoStar has not alleged impairment to the integrity or availability of its data, program, system or information. Thus, CoStar has not alleged that it has suffered damage as contemplated by the CFAA.

To bring a claim under the CFAA using loss, CoStar must plead a reasonable cost resulted from the violation. If the cost pleaded is lost revenue, cost incurred or other consequential damages incurred, the CFAA requires a plaintiff to show an interruption of service. 18 U.S.C. §1030(e)(11). For example, CoStar must plead that an interruption of service took place if it alleges a loss from lost revenues due to unauthorized access of its protected computer. Since CoStar never alleges an interruption of service, CoStar cannot maintain a claim that it suffered a loss from lost revenue, costs incurred, or other consequential damages.

When CoStar alleges in Paragraph 50 that it was harmed and will continue to be harmed, it does not allege loss. In fact, harm is not a reasonable cost under the definition of loss in the CFAA. The CFAA states specific examples of reasonable costs such as responding to an offense, conducting a damage assessment, and restoring the data, program,

system, or information to its condition prior to the offense. In all of these examples, the victim has an expense to minimize damage to its assets and/or to put itself in the same position it was before the violation. Therefore, by alleging it has been harmed and will continue to be harmed, CoStar fails to show that it suffered a loss under the CFAA.

CoStar has failed to allege damage or loss as contemplated by the CFAA. Therefore, CoStar has no cause of action against Bell or K&H under the CFAA. Count III of CoStar's counterclaim will be dismissed.

### III. Improper Commingling of Causes of Action into Single Counts

Finally, Bell argues that CoStar's improperly commingles causes of action into single counts in its counterclaim. In support of this argument, Bell asserts that CoStar improperly commingles legal and equitable claims, specifically in Count IV where CoStar seeks equitable relief in addition to monetary damages for a breach of contract. CoStar argues that its complaint was a standard pleading under the Federal Rules and was not inconsistent with Fed. R. Civ. P. 10(b).

By realleging every paragraph preceding an individual count, CoStar did not draft the most artful complaint. In fact, CoStar's complaint fits the definition of "shotgun pleading." Daewoo Motor America v. General Motors Corp., 459 F.3d 1249, 1265 n.7 (11th Cir. 2006). While realleging paragraphs that put forth background and common information is proper, incorporating allegations into a count that are related to other distinct, separate counts is not proper. As such, Paragraph 46 of CoStar's counter-complaint will be struck to the extent that it incorporates Paragraphs 26-45 which relate to CoStar's copyright infringement claims

against Bell and K&H. Paragraph 52 will also be struck to the extent that it incorporates Paragraphs 26-51 which relate to CoStar's copyright infringement claims against Bell and K&H and to CoStar's CFAA claim against Bell. Additionally, Paragraphs 36 and 43 are redundant and, therefore, will be struck.

Thus, while CoStar's complaint was not artful, its flaws do not make it fatal. Bell's motion to dismiss for improper commingling of causes of action will be denied.

## Conclusion

It is therefore ORDERED AND ADJUDGED that:

1. Counterclaim-Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Dkt. #38) is GRANTED as to Count III of Counterclaim-Plaintiff's complaint and DENIED as to the remaining Counts.

2. The language of Counterclaim-Plaintiff's complaint is stricken as stated above in Part III.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

S:\Odd\2008\08-cv-1227.mtd 38.wpd