IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHEN, INC.,

    Plaintiff,

v.                               Case No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.
and COSTAR GROUP, INC.

    Defendants.

_____/

## COUNTERCLAIM DEFENDANT SCOTT BELL'S ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES

COMES NOW, Counterclaim-Defendant Scott Bell, by and through his undersigned attorneys, and files his Answer and Affirmative Defenses to CoStar's Counterclaim in correspondingly numbered paragraphs as follows:

1. Without knowledge and therefore denied.
2. Without knowledge and therefore denied.
3. Without knowledge and therefore denied.
4. Admitted as to Florida residency. All remaining allegations denied.
5. Admitted as to the Court's jurisdiction. All remaining allegations denied.
6. Admitted.
7. Admitted as to personal jurisdiction. All remaining allegations denied.
8. Admitted as to residency. All remaining allegations denied.
9. Without knowledge and therefore denied.
10. Without knowledge and therefore denied as to the remaining allegations.

Dockets.Justia.

11. Without knowledge and therefore denied as to the remaining allegations.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied as to the remaining allegations.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Admitted that Bell was an independent contractor for K&H and that K&H provided internet access in its offices. Without knowledge and therefore denied as to the remaining allegations.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Denied.

## COUNT I

26. Bell re-alleges and incorporates by reference his answers contained in Paragraphs 1 through 25 above, as though fully set forth herein.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Admitted

## COUNT II – CLAIMS AGAINST K&H

35. Bell re-alleges and incorporates by reference his answers contained in Paragraphs 1 through 34 above, as though fully set forth herein.

36. This Paragraph has been stricken by the Court and no response is required.

37. Denied as to any infringement by Bell. Without knowledge and therefore denied as to the remaining allegations.

38. Denied as to actions by Bell. Without knowledge and therefore denied as to the remaining allegations.

39. Denied as to any infringement by Bell. Without knowledge and therefore denied as to the remaining allegations.

40. Denied as to actions by Bell. Without knowledge and therefore denied as to the remaining allegations.

41. Denied as to any infringement by Bell. Without knowledge and therefore denied as to the remaining allegations.

42. Denied as to any infringement by Bell. Without knowledge and therefore denied as to the remaining allegations.

43. This Paragraph has been stricken by the Court and no response is required.

44. Without knowledge and therefore denied.

45. Admitted.

## COUNT III

No response to Paragraphs 46- 51 is required because the Court has dismissed Count III.

## COUNT IV

52. This Paragraph has been stricken by the Court and no response is required.

53. Without knowledge and therefore denied.

54. Denied.

55. Denied.

56. Admitted.

## FIRST AFFIRMATIVE DEFENSE

The photographs over which Counterclaim Plaintiff seeks protection lack creativity, as they are routine and not particularly unique. The photographs are not subject to copyright protection, which, with respect to photographs, applies only to original aspects of the work, such as lighting, angle, posing and film selection that evokes a desired expression.

## SECOND AFFIRMATIVE DEFENSE

Any alleged unauthorized use of Counterclaim Plaintiff's alleged copyrighted works are subject to the Fair Use Doctrine.

## THIRD AFFIRMATIVE DEFENSE

Counterclaim Plaintiff has not suffered any damages as a result of the alleged unauthorized use of its copyrighted works.

## FOURTH AFFIRMATIVE DEFENSE

Bell was an authorized user under the License Agreement.

## FIFTH AFFIRMATIVE DEFENSE

Bell's use of Counterclaim Plaintiff's alleged copyrighted works was not willful.

## SIXTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiff is responsible, in whole or part, for any damages it allegedly sustained. Counter-Plaintiff failed to take reasonable steps to prevent any alleged infringement and failed to properly monitor its license holders. Furthermore, Counter-Plaintiff had knowledge of the status of its license holders and allowed the conduct of which it now complains.

## SEVENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiff failed to mitigate its damages by allowing the alleged conduct by Bell to continue for an unreasonable period of time.

## EIGHTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiff's claims are barred by the merger doctrine. In the instant case, the expression has merged with the idea because the purported copyrighted works contain descriptions using standard real estate industry terms and descriptions that are arranged similar to others used in the same industry.

Respectfully submitted,

*/s/ Nicholas L. Ottaviano*
Randall J. Love
Fla. Bar No. 0000380
rj_1958@yahoo.com
Nicholas L. Ottaviano
nlogator@verizon.net
Fla. Bar No. 0798738
Randall J. Love & Associates
5647 Gulf Drive
New Port Richey, FL 34652
(727) 847-0800
(727) 842-3610 (facsimile)
Attorneys for Counterclaim Defendant
Scott Bell

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2009, I electronically filed the foregoing Answer and Affirmative Defenses of Counterclaim Defendant Scott Bell with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to William Cooper Guerrant, Jr. Esq. and William Fargo Sansome, Esq. of Hill, Ward & Henderson, P.A. and J. Paul Raymond, Esq. and Jeffrey W. Gibson, Esq. of MacFarland Ferguson & McMullen.

*/s/ Nicholas L. Ottaviano*
Nicholas L. Ottaviano
nlogator@verizon.net
Counsel for Counterclaim Defendant Bell