KLEIN & HEUCHAN, INC.

       Plaintiff

v.

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.

       Defendants / Counter-Plaintiffs

v.

SCOTT BELL and KLEIN & HEUCHAN,
INC.

       Counter-Defendants

Civil No.: 8:08-cv-01227-JSM-EAJ

_____ /

## MOTION TO STRIKE AND INCORPORATED MEMORANDUM OF LAW

Defendant / Counter-Defendant KLEIN & HEUCHAN, INC. (hereinafter "K&H"), by and through its undersigned counsel, hereby respectfully moves for this Court to issue an Order striking the following items filed in support of Defendants / Counter-Plaintiffs COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC.'s (hereinafter collectively the singular "COSTAR") Motion for Summary Judgment [D.E. 69]: (1) *Declaration of Robert Lardizabal* [D.E. 69-5]; (2) Exhibits 1, 2 and 3 of COSTAR's Motion for Summary Judgment [D.E. 69-8, 69-9, 69-10]; and (3) "Exhibit 10" of *Declaration of Steven J. Williams* [D.E. 69-4 pp.3-13]. In support K&H would state:

1.     Pursuant to Rule 26(a), Fed.R.Civ.P., the Parties were required to exchange Initial Disclosures. These Initial Disclosures were to include, among other things: "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use in support of its claims or defenses, unless solely for impeachment, identifying the subjects of the information;" and "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment". *Id.*

2.     Pursuant to the applicable rules, on November 4, 2008, the parties met by telephone and agreed upon certain dates and deadlines for the progression of the case. Those dates and deadlines were detailed in the *Case Management Report* that was filed with the Court. [D.E. 17]. The following day the Court issued its *Case Management and Scheduling Order*. [D.E. 18]

3.     As part of this Court's *Case Management and Scheduling Order*, the Court advised that it considered the positions of the parties as set forth in the *Case Management Report, and* that the "Parties are **directed** to meet the agreed upon terms and time limits set forth in their Case Management Report..." *Id.* (emphasis in original). The Order also forewarned the Parties that the requirements of the *Case Management and Scheduling Order* "are very precise and *shall be strictly adhered to*." (emphasis in original).

4. In the *Case Management Report*, the Parties agreed to a date to make their Initial Disclosures. Thereafter, the Parties agreed to supplement their Rule 26(a) disclosures pursuant to Rule 26(e) every sixty (60) days.

5. COSTAR served *Defendants' Rule 26(A)(1) Statement* upon K&H. A copy of *Defendants' Rule 26(A)(1) Statement* is attached as "Exhibit A."

6. As part of its Initial Disclosures, COSTAR listed the following individuals as likely to have discovery information: Steven J. Williams, Mark Klein, Steve Klein, Chris Howell and Scott Bell.

7. Moreover, COSTAR further listed the following categories of documents and electronically stored information that it might use to support its claims or defenses: (1) Electronically recorded information concerning Klein & Heuchan's access to CoStar's products and services; (2) Electronically recorded business records of communications between Klein & Heuchan and CoStar; (3) Copies of CoStar license agreements; (4) Copies of CoStar Terms of Use; and (5) CoStar's copyright registrations. COSTAR further disclosed that "[t]hese documents and electronically stored information may be produced to Plaintiff in the proper course of discovery and pursuant to an appropriate protective order."

8. COSTAR's Initial Disclosures did not list Robert Lardizabal as a person likely to have discoverable information. The Initial Disclosures also did not list any specific or category of photographs as documents COSTAR may use to support its claims or defenses, nor did the Initial Disclosures list any Certificates of Registration.

9. On November 5, 2008, K&H served its First Set of Interrogatories upon COSTAR. A copy of K&H's First Interrogatories is attached as "Exhibit B."

Interrogatory No. 14 specifically asked COSTAR to identify all persons COSTAR believed or suspected had knowledge or information of any fact or matter that related to the claims made by K&H or the defenses asserted by COSTAR. On December 8, 2008 COSTAR served its responses to K&H's Interrogatories. A copy of COSTAR's Interrogatory Responses is attached as "Exhibit C." COSTAR refused to answer Interrogatory No. 14.

10. On November 5, 2008 K&H served its First Request for Production upon COSTAR. A copy of K&H's First Request for Production is attached as "Exhibit D." Request No. 17 sought: "Any and all documents which would show that [Scott Bell] was a direct infringer of the copyrights held by [COSTAR]."

11. On December 8, 2008, COSTAR served *Defendant COSTAR Realty Information, Inc.'s Response to Plaintiff's First Request for Production of Documents.* A copy of COSTAR's Responses to K&H's Requests for Production is attached as "Exhibit E." As COSTAR indicated in its Initial Disclosures, to protect alleged confidentiality of their materials it was unwilling to produce any documents unless and until K&H agreed to enter into an appropriate protective order.

12. Thereafter, the parties negotiated a mutually agreeable protective Order, and on December 22, 2008 COSTAR filed the *Agreed Motion for Entry of a Protective Order.* [D.E. 31]. Thereafter the Court granted the Agreed Motion. [D.E. 32.]

13. By letter dated January 13, 2009, counsel for COSTAR subsequently provided to counsel for K&H a compact disc with COSTAR's first document production having Bates Nos. COSTAR00000001-COSTAR00000364. A copy of counsel's correspondence transmitting the production is attached as "Exhibit F." As part of this

4

production, COSTAR did not produce any photographs (including the photographs included as "Exhibit 10" of *Declaration of Steven J. Williams* filed in support of its Motion for Summary Judgment [D.E. 69-4 pp.3-13]). COSTAR's transmitted production also did not include any Certificates of Registration including those attached as "Exhibits 1, 2 and 3" to COSTAR's Motion for Summary Judgment.

14.     Throughout the nearly ten (10) months of discovery, COSTAR has failed to produce any supplements to their Initial Disclosures as required by Rule 26(e), as agreed to in the *Case Management Report*, and as Ordered in the *Case Management and Scheduling Order*. As of the date the discovery period ended, COSTAR had failed to disclose Robert Lardizabal as an individual who might have discoverable information. Moreover, COSTAR failed to produce any photographs ((obviously including the ten (10) photographs "Exhibit 10" of *Declaration of Steven J. Williams*)) and failed to produce any Certificates of Registration (including Exhibits 1, 2 and 3 of COSTAR's Motion for Summary Judgment).

15.     Rule 37(c), Fed.R.Civ.P specifically provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. *Id.*

16.     COSTAR should not be permitted to rely upon the testimony of Robert Lardizabal, as it failed to disclose Mr. Lardizabal in its Initial Disclosures or in any further required supplements to its disclosures. Moreover, COSTAR failed to produce this witnesses' name in response to K&H's Interrogatories.

17.    In support of its Motion for Summary Judgment Mr. Lardizabal provides the critical testimony linking Mr. Bell's alleged illegitimate access to COSTAR's information to the computer systems of K&H. *See* Lardizabel Decl. at ¶3. Moreover, Mr. Lardizabal's testimony allegedly links Mr. Bell to the properties associated with the ten (10) photographs for which COSTAR alleges it owned valid copyrights. *Id.* at ¶¶6-8 and Exhibits to A-C.

18.    Additionally, COSTAR should not be permitted to rely upon the ten photographs ("Exhibit 10" of *Declaration of Steven J. Williams* [D.E. 69-4 pp.3-13]) and the three (3) Certificates of Registration (Exhibits 1, 2 and 3 of COSTAR's Motion for Summary Judgment [D.E. 69-8, 69-9, 69-10]) when COSTAR refused to provide these documents during the normal discovery period. Clearly, these documents form the foundation of COSTAR's claims against K&H laid out in its Motion for Summary Judgment. These documents were clearly encompassed in the required disclosures pursuant to Rule 26(a) and (e). Moreover, the documents were responsive to K&H's Requests for Production.

19.    K&H would be extremely prejudiced should COSTAR be permitted to blatantly flout their own agreement, the Rules of Civil Procedure and the Orders of this Court and utilize witnesses and documents not previously produced during the discovery period.

20.    Accordingly, pursuant to Rule 37(c), K&H respectfully requests this Court strike the following: (1) *Declaration of Robert Lardizabal* [D.E. 69-5]; (2) Exhibits 1, 2 and 3 of COSTAR's Motion for Summary Judgment [D.E. 69-8, 69-9, 69-10]; and (3) "Exhibit 10" of *Declaration of Steven J. Williams* [D.E. 69-4 pp.3-13].

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for K&H certifies that it has attempted to confer by phone and e-mail with counsel for COSTAR regarding the issues raised by this Motion, but that it has not yet received a response from COSTAR's counsel. Accordingly, the undersigned will supplement this certification pursuant to Rule 3.01(g) once he is able to obtain a response from COSTAR's counsel.

WHEREFORE Defendant / Counter-Defendant KLEIN & HEUCHAN, INC. respectfully requests this Court issue an Order striking the following items filed in support of Defendants / Counter-Plaintiffs COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC.'s Motion for Summary Judgment [D.E. 69]: (1) *Declaration of Robert Lardizabal* [D.E. 69-5]; (2) Exhibits 1, 2 and 3 of COSTAR's Motion for Summary Judgment [D.E. 69-8, 69-9, 69-10]; and (3) "Exhibit 10" of *Declaration of Steven J. Williams* [D.E. 69-4 pp.3-13]. Defendant / Counter-Defendant KLEIN & HEUCHAN, INC. further requests this Court grant any further relief the Court deems just and proper.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

RESPECTFULLY SUBMITTED this 16th day of October, 2009.

/s/ Jeffrey W. Gibson
J. PAUL RAYMOND, ESQ.
Florida Bar No. 0169268
jpr@macfar.com
JEFFREY W. GIBSON, ESQ.
Florida Bar No.: 0568074
jg@macfar.com
Macfarlane Ferguson & McMullen
P.O. Box 1669
Clearwater, FL 33757
(727) 441-8966 – Phone
(727) 442-8470 – Facsimile
Attorneys for Defendant
Klein & Heuchan, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 16, 2009, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which send a notice

of electronic filing to the following:

William J. Sauers, Esq.
Shari Ross Lahlou, Esq.
Sanja Sarich Kerksiek, Esq.
Crowell & Moring, LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004

William Cooper Guerrant, Jr.
Hill Ward Henderson
101 E. Kennedy Blvd, Suite 3700
P.O. Box 2231
Tampa, FL 33601

*Counsel for Defendants-Counter-Plaintiffs
CoStar Realty Information, Inc. and CoStar
Group, Inc.*

Nicholas Louis Ottaviano, Esq.
Florin Roebig, PA
777 Alderman Rd.
Palm Harbor, FL 34683

Randall J. Love, Esq.
Randall J. Love & Associates, P.A.
5647 Gulf Dr.
New Port Richey, FL 34652-4019

*Counsel for Counter-Defendant Scott Bell*

/s/ Jeffrey W. Gibson
JEFFREY W. GIBSON, ESQ.
Florida Bar No.: 0568074



# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KLEIN & HEUCHAN, INC.,

        Plaintiff,

v.

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC,

        Defendants.

Civil Action No. 8:08-cv-01227-JSM-MSS

## DEFENDANTS' RULE 26(A)(1) STATEMENT

Defendants CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar") hereby submits its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) based on information currently available to it. This document should not be construed as a waiver of CoStar's right to supplement this information or present any argument in the future. Moreover, CoStar's disclosures do not waive CoStar's position that the allegations in Plaintiff's declaratory judgment complaint fail to state a claim upon which relief may be granted and are insufficiently specific. Nor do CoStar's disclosures waive CoStar's contention that the proper venue for litigating this action is the United States District Court for the District of Maryland.

### A.   <u>Individuals Likely to Have Discoverable Information</u>

Based on the information reasonably available to CoStar, the individuals likely to have discoverable information that CoStar may use to defeat Plaintiff's claims or support its defenses (except for information the CoStar may use solely for impeachment) are:



EXHIBIT

A

Steven J. Williams – contact through CoStar's counsel. Knowledge concerning communications between CoStar and Klein & Heuchan and Klein & Heuchan's use of CoStar's products and services. Costar does not consent or authorize any communications by Plaintiff with CoStar's employees, officers, directors, whether formerly or currently associated with or employed by CoStar, and does not consent to or authorize any communication otherwise prohibited by all applicable rules of professional conduct.

Mark Klein – 1744 North Belcher Road, Clearwater, FL 33765. Knowledge concerning Klein & Heuchan's use of CoStar's products and services.

Steve Klein - 1744 North Belcher Road, Clearwater, FL 33765. Knowledge concerning Klein & Heuchan's use of CoStar's products and services.

Chris Howell - 1744 North Belcher Road, Clearwater, FL 33765. Knowledge concerning Klein & Heuchan's use of CoStar's products and services.

Scott Bell – current address unknown. Knowledge concerning Klein & Heuchan's use of CoStar's products and services.

**B.    Identification of Documents Supporting Claims or Defenses**

Based on the information reasonably available to CoStar, the following categories of documents and electronically stored information may be used by CoStar to supports its claims or defenses, unless solely for impeachment:

(1)    Electronically recorded information concerning Klein & Heuchan's access to CoStar's products and services;

(2)    Electronically recorded business records of communications between Klein & Heuchan and CoStar;

(3)    Copies of CoStar license agreements;

2

(4)    Copies of CoStar Terms of Use; and

(5)    CoStar's copyright registrations;

All such documents are located at CoStar's corporate headquarters, 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland, 20814. These documents and electronically stored information may be produced to Plaintiff in the proper course of discovery and pursuant to an appropriate protective order, except that CoStar reserves its right to object to the production of any document or electronic record on any basis permitted by the Federal Rules of Civil Procedure, the Federal Rule of Evidence, or common law.

## C.   **Computation of Damages**

Although CoStar is not able to compute the damages it may seek in this action at this time, its damages would include:

(1)    Lost license fees;

(2)    Klein & Heuchan's profits from the use of CoStar's products and/or services

(3)    Statutory damages of up to $150,000 per registered work infringed by Klein & Heuchan if that infringement is determined to be willful, or up to $30,000 per registered work if the infringement is not determined to be willful; and

(4)    Attorney's fees and costs incurred by CoStar in litigating this action.

## C.   **Insurance Agreements**

Because Plaintiff seeks only declaratory relief, CoStar has no applicable insurance policies.

Dated: December 1, 2008

Respectfully submitted,

s/William C. Guerrant, Jr.
William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
Trial Counsel
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendants

- and -

William J. Sauers
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC 20004
Telephone: (202) 624-2746
Facsimile: (202) 628-8844
wsauers@crowell.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 1, 2008, the foregoing was sent by electronic mail and first class mail to:

J. Paul Raymond
Jeff Gibson
MacFarlane Ferguson & McMullen
P. O. Box 1669
Clearwater, FL 33757
jpr@clw.macfar.com
jg@macfar.com

s/William J. Sauers _____

*Counsel for Defendants-Counterclaim*
*Plaintiffs CoStar Realty Information, Inc.*
*and CoStar Group, Inc.*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

      Plaintiff,

vs.                          Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

      Defendants.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT COSTAR REALTY INFORMATION, INC.

      The Plaintiff, KLEIN & HEUCHAN, INC., by and through its undersigned counsel, hereby gives notice of propounding its interrogatories numbered one (1) through fifteen (15) with subparts to Defendant, COSTAR REALTY INFORMATION, INC., who is required to answer, separately and fully, in writing and under oath, within thirty (30) days from the date of service.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and facsimile (813-221-2900) to William Cooper Guerrant, Jr., Esq., Hill Ward Henderson, P.O. Box 2231, Tampa, Florida 33601-2231 on this _5__ day of November, 2008.

                    MACFARLANE FERGUSON & McMULLEN
                    625 Court Street, Suite 200
                    Clearwater, Florida 33756
                    727-441-8966 (Telephone)
                    727-442-8470 (Facsimile)
                    Attorneys for Plaintiff

                    J. PAUL RAYMOND, ESQ.
                    FBN: 0169268
                    JEFFREY W. GIBSON, ESQ.
                    FBN: 0568074



EXHIBIT
B

KLEIN & HEUCHAN, INC.

       Plaintiff,

vs.                           Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

       Defendants.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT COSTAR REALTY INFORMATION, INC.

In accordance with Fed. R. Civ. P. 33, you are required to answer the following interrogatories, under oath, within thirty (30) days from the date hereof, to insert said answers upon the original and copy served, and to serve copies to all counsel of record pursuant to the Rules. If the space is insufficient for any answer, attach additional sheets making reference to the number of the interrogatory being answered.

## DEFINITIONS AND INSTRUCTIONS

1. "Defendant" or "COSTAR" means the Defendant, Costar Realty Information, Inc., and also includes any of its past or present employees, officers, directors, agents, representatives, and attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

2.     "Plaintiff" or "K&H" means the Plaintiff, Klein & Heuchan, Inc., and also includes any of its past or present employees, officers, directors, agents, representative, and attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

3.     "COSTAR GROUP" means the Defendant, Costar Group, Inc., and also includes any of its past or present employees, officers, directors, agents, representatives, and attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

4.     "BELL" means Scott Bell, as referenced in Plaintiff's Complaint and also includes any assignee or representative thereof, or other persons acting or purporting to act on his behalf or direction.

5.     "CUSTOMER" means that individual or entity with which COSTAR or COSTAR GROUP had a License Agreement to access CoStar Property Professional, CoStar Comps, CoStar Tenant commercial real estate information databases and related software and which BELL was an employee or independent contractor.

6.     "AUTHORIZED USER" means an individual employed by a CUSTOMER or an Independent Contractor of a CUSTOMER at a site identified in the License Agreement, and who is specified in the License Agreement as a user of a specific Passcode-Protected Product.

7.     "LICENSE AGREEMENT" means a written agreement between COSTAR or COSTAR GROUP and CUSTOMER which allowed CUSTOMER access to any information services and databases of COSTAR or COSTAR GROUP, including CoStar Property Professional, CoStar Compa and CoStar Tenant databases and related software.

8.     "Relating to" or "relate to" means, without limitation, consisting of, referring to, describing, discussing, constituting, identifying, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, alluding to, analyzing, or bearing any logical or factual connection with the matter discussed.

9.     "Document" means any medium upon or through which intelligence or information may be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, facsimile, e-mail, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, graph, index, list, tape, sound recording, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however reproduced, which is in your possession, custody or control (which shall be deemed to include, without limitation, matters within the possession or custody of your present or former agents or attorneys) or which was, but is no longer, in your possession, custody or control. "Document" is used in its broadest sense and includes "documents," "other tangible things," and any other materials within the scope of Fla.R.Civ.P. 1.280.

10.     "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons or entities.

11.   You are to produce answers to these interrogatories at the offices of Macfarlane, Ferguson & McMullen, P.A., 625 Court Street, Suite 200, Clearwater, Florida 33756, within the time set forth in this request.

12.   If you desire confidentiality for business reasons for any of the discovery sought, contact Plaintiff's counsel immediately with proposed language for an agreement to that effect, identifying all types of documents for which protection is sought and the reasons for their confidentiality.

13.   If a person, fact, oral communication, or document is mentioned or referred to in response to more than one of these interrogatories, the Defendant need not completely identify him, her, or it in every such instance, provided that the Defendant supplies a complete identification in one such instance and in all other such instances makes specific reference to the place, by page and paragraph, in the answers to these interrogatories where he, she, or it is fully identified.

14.   As used herein, the singular shall be deemed to include the plural and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa; and each of the functional words "each", "every", and "any" and "all" shall be deemed to include each of the other functional words.

15.   Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall specify the reasons for the incompleteness, as well as stating whatever knowledge, information or belief you possess with regard to each unanswered or partially answered interrogatory.

16.   "Identify" means:

(a)  When used in reference to an individual, to provide the individual's full name,

4

present or last known home and business addresses, home phone number, and the present or last known place of employment.

(b) When used in reference to any organization, to provide the organization's full name and state of incorporation (if applicable), the address of the organization's principal place of business, and all telephone numbers;

(c) When used in reference to a document, to provide (i) the type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s); and (v) the present custodian and location of the document.

17.    For all materials for which you claim attorney-client privilege, provide an appropriate privilege log containing the type of materials, (e.g. letter, contract, memorandum, notes, etc.) the date of the material, the author and recipient of the material, and the type of medium. (e.g. document, photograph, sketch, diagram, blueprints, computer disks, etc.)

18.    Unless otherwise stated, the time frame of the requested materials is from January 1, 2006, through to the present.

## INTERROGATORIES

1.     Identify by name, address and telephone number the CUSTOMER with which COSTAR or COSTAR GROUP granted the License Agreement to access CoStar Property Professional, CoStar Comps, CoStar Tenant commercial real estate information databases and related software and with which you allege BELL was an employee or independent contractor. If the CUSTOMER identified is anything other than a natural person, please identify the contact person for the CUSTOMER by name, address and telephone.

2. Identify every communication that had with any representative, employee or agent of CUSTOMER that relates to a LICENSE AGREEMENT, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.), and identify the substance of the communication in detail.

3. Identify every communication had with any representative, employee or agent of CUSTOMER that relates to BELL, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

4. Identify every communication had with any representative, employee or agent of CUSTOMER that relates to AUTHORIZED USERS, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

5.    Identify every communication had with BELL, and for each such communication, identify the parties to the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

6.    With respect to BELL's status as an AUTHORIZED USER, identify all contracts and agreements relating to such authorization; identify the date BELL became an AUTHORIZED USER; identify all documents which would show the date BELL became an AUTHORIZED USER; identify the date BELL became an Unauthorized User; and identify all documents which would show the date BELL became an Unauthorized User.

7.     Identify all efforts and communications between CUSTOMER and COSTAR or COSTAR GROUP to notify, inquire or otherwise communicate regarding a change in status of an AUTHORIZED USER.

8.  Identify all efforts and steps taken by COSTAR or COSTAR GROUP to prevent BELL from accessing COSTAR or COSTAR GROUP's copyright protected databases and materials.

9. Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K profited directly from any alleged infringement by BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

10. Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K had the right and ability to supervise BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

11. Identify all facts known by COSTAR or COSTAR GROUP which would show that BELL directly infringed on a COSTAR or COSTAR GROUP copyright; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

12.     Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K had knowledge of any direct infringement by BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

13. Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K intentionally induced, encouraged or materially contributed to the direct infringement by BELL; identify by names, titles and addresses of all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

14. Identify each person whom COSTAR or COSTAR GROUP believes or suspects has knowledge or information of any fact or matter that relates to the allegations in the Complaint, that is relevant to defenses in this action, or that relates to any defense asserted by COSTAR or COSTAR GROUP. In addition, describe in as much detail as is possible the substance of the knowledge or information that COSTAR or COSTAR GROUP believes or suspects each such person may have and identify each and every document relating to such matters.

15. Identify all persons who assisted in the preparation of answers to these interrogatories, and for each such person, identify the particular interrogatories where that person provided assistance and describe the information or assistance provided by that person on an interrogatory-by-interrogatory basis.

## VERIFICATION

I HEREBY swear and affirm that the answers to the above interrogatories are true and correct to the best of my knowledge and belief.

_____

COSTAR REALTY INFORMATION, INC.

By:_____

As its: _____

STATE OF FLORIDA

COUNTY OF _____

    The foregoing instrument was acknowledged before me this _____ day of _____, 2008, by _____, as _____, of Costar Realty Information, Inc., who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

_____

Notary Public-State of Florida

Print: _____

My Commission Expires:

(Seal)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


KLEIN & HEUCHAN, INC.

     Plaintiff,

vs.                   Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

     Defendants.

_____/


## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT COSTAR REALTY INFORMATION, INC.


Pursuant to Federal Rule of Civil Procedure 33, Defendant CoStar Realty

Information, Inc. ("CoStar") responds to Klein & Heuchan, Inc.'s ("Klein & Heuchan")

First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Each of CoStar's responses is subject to, and incorporates, the following general

objections. CoStar specifically incorporates each of these general objections into its

responses to each of Klein & Heuchan's interrogatories, whether or not each such general

objection is expressly referred to in CoStar's response to a specific interrogatory.

Discovery in this case is only now beginning. CoStar reserves the right to amend

or supplement its responses seasonably as additional information becomes available.

1.    CoStar will make reasonable efforts to respond to the First Set of

Interrogatories, to the extent that no objection is made, as CoStar understands and

interprets each interrogatory. If Klein & Heuchan subsequently asserts any interpretation



**EXHIBIT**

C

1

of any interrogatory that differs from the interpretation of CoStar, then CoStar reserves the right to supplement and amend its objections and responses.

2. CoStar objects to any interrogatory that seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity. The inadvertent production by CoStar of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by CoStar of such protections.

3. CoStar objects to any interrogatory to the extent that it calls for the provision of information prohibited from disclosure by any laws or regulations of any state, the United States, or any other country.

4. CoStar objects to any interrogatory that is premature and/or to the extent that it (a) conflicts with any schedule for disclosure to be entered by the Court and/or (b) seeks information that is the subject of expert testimony. CoStar further objects to the extent Klein & Heuchan seeks to impose document production obligations on CoStar that Klein & Heuchan contends are unreasonable as to Klein & Heuchan's own responses to discovery requests.

5. CoStar objects to any interrogatory to the extent that it is overbroad or unduly burdensome, or purports to impose upon CoStar any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, or any other applicable rule. In particular, CoStar objects to any interrogatory to the extent that it calls for information not relevant to the claims or defenses of the parties.

6. CoStar objects to any interrogatory that requests "all" information or "each" item of information, or similar phrases, except to the extent that such

interrogatory seeks only a particular and narrow piece of information. In particular, interrogatories seeking "all" information or "each" item of information are inappropriately broad.

7.     CoStar objects to any instruction or interrogatory to the extent that it would impose a duty on CoStar to undertake a search for or an evaluation of information, documents, or things for which Klein & Heuchan is equally able to search and evaluate.

8.     CoStar objects to each interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent that it does not limit itself to any reasonable time period.

9.     CoStar objects to each interrogatory to the extent that it is compound and in fact contains multiple discrete interrogatories.

10.     CoStar objects to any interrogatory that seeks trade secrets or confidential, private, commercial, proprietary, or technical information of CoStar. CoStar will not provide any such information until the Court has entered a protective order.

11.     In CoStar's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

12.     CoStar objects to each interrogatory to the extent that it calls for a legal conclusion.

13.     CoStar objects to Klein & Heuchan's Definition of the term "identify" when used with respect to a document as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14.     CoStar objects to Klein & Heuchan's Definition of the term "identify" when used with respect to a natural person as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

15.     CoStar objects to Interrogatories that incorporate the terms "relating to" and "relate to" as defined by Klein & Heuchan on the grounds that, in light of Klein & Heuchan's Definition of these terms, the Interrogatories are overly broad, unduly burdensome, and seek information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

16.     CoStar objects to each interrogatory or instruction to the extent that it seeks information that requires more than a reasonably diligent search of CoStar's own corporate records and to the extent that it purports to call for any accounting of information that CoStar no longer possesses and/or was under no obligation to maintain.

17.     Nothing contained herein is an admission relative to the existence of any information sought, to the relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular interrogatory.

## RESPONSES

**Interrogatory No. 1:** Identify by name, address and telephone number the CUSTOMER with which COSTAR or COSTAR GROUP granted the License Agreement to access CoStar Property Professional, CoStar Comps, CoStar Tenant commercial real estate information databases and related software and with which you allege BELL was an employee or independent contractor. If the CUSTOMER identified is anything other than a natural person, please identify the contact person for the CUSTOMER by name, address and telephone.

**RESPONSE:** CoStar objects to this Interrogatory as vague, ambiguous and unintelligible. CoStar further objects to this Interrogatory as compound in that it requests both the identity of the CoStar subscriber and a "contact person" for the subscriber. Accordingly, CoStar calculates this Interrogatory as two separate interrogatories under Federal Rule of Civil Procedure 33. To the extent that this Interrogatory requests the identity of a "contact person" for the customer, such request is vague and unintelligible, as many different persons employed by this customer are subject to being contacted by

4

CoStar for reasons unrelated to this litigation or the customer's contract with CoStar.

Moreover, CoStar further objects to this interrogatory as calling for the disclosure of

confidential materials that are properly the subject of a protective order. The identity of

CoStar's contacts with its customers are highly sensitive trade secrets of CoStar. CoStar

is willing to work with Klein & Heuchan to enter into an appropriate protective order to

maintain the confidentiality of such trade secrets. Subject to the foregoing specific and

general objections, CoStar responds as follows:

CoStar understands this Interrogatory to request the identity of the CoStar

customer that previously identified Scott Bell as an authorized user under the license

agreement between CoStar and that Customer. That customer is:

NRT, LLC., 339 Jefferson Road, Parsippany, NJ 07054

**Interrogatory No. 2.** Identify every communication that had with any
representative, employee or agent of CUSTOMER that relates to a LICENSE
AGREEMENT, and for each such communication, identify the recipient of the
communication, the date the communication was made, the means of the
communication (written, verbal, telephone call, etc.), and identify the substance of
the communication in detail.

**RESPONSE:** CoStar objects to this interrogatory as overly broad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence to the

extent that it requests "every" communication with its customer concerning the

customer's license agreement with CoStar. The overwhelming majority of such

communications are unrelated to any issue relevant to this litigation. CoStar is willing to

meet and confer with Klein & Heuchan to narrow this Interrogatory to make it conform

to the Federal Rules of Civil Procedure. Moreover, CoStar further objects to this

interrogatory as calling for the disclosure of confidential materials that are properly the

subject of a protective order. The identity of CoStar's contacts with its customers, its

negotiations concerning the license agreement, and its performance and interpretation of

the license agreement are highly sensitive trade secrets of CoStar. CoStar is willing to

work with Klein & Heuchan to enter into an appropriate protective order to maintain the

confidentiality of such trade secrets.

> **Interrogatory No. 3.** Identify every communication had with any representative, employee or agent of CUSTOMER that relates to BELL, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

**RESPONSE:** CoStar objects to this interrogatory as overly broad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence to the

extent that it requests "every" communication with its customer relating to Bell. CoStar

is willing to meet and confer with Klein & Heuchan to narrow this Interrogatory to make

it conform to the Federal Rules of Civil Procedure.

> **Interrogatory No. 4.** Identify every communication had with any representative, employee or agent of CUSTOMER that relates to AUTHORIZED USERS, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

**RESPONSE:** CoStar objects to this interrogatory as overly broad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence to the

extent that it requests "every" communication with its customer relating to customer's

authorized users. The overwhelming majority of such communications are unrelated to

any issue relevant to this litigation. CoStar is willing to meet and confer with Klein &

Heuchan to narrow this Interrogatory to make it conform to the Federal Rules of Civil

Procedure. Moreover, CoStar further objects to this interrogatory as calling for the

disclosure of confidential materials that are properly the subject of a protective order.

The identity of CoStar's contacts with its customers and the identity of CoStar's

authorized users with respect to CoStar's customers are highly sensitive trade secrets of

CoStar. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such trade secrets.

> **Interrogatory No. 5.** Identify every communication had with BELL, and for each such communication, identify the parties to the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

**RESPONSE:** CoStar objects to this interrogatory as vague, ambiguous and unintelligible as written and overbroad and unduly burdensome in scope. CoStar has no ability to identify every communication "had with BELL," nor can it identify the parties to such communication. CoStar is willing to meet and confer with Klein & Heuchan to narrow this Interrogatory to make it conform to the Federal Rules of Civil Procedure.

> **Interrogatory No. 6.** With respect to BELL's status as an AUTHORIZED USER, identify all contracts and agreements relating to such authorization; identify the date BELL became an AUTHORIZED USER; identify all documents which would show the date BELL became an AUTHORIZED USER; identify the date BELL became an Unauthorized User; and identify all documents which would show the date BELL became an Unauthorized User.

**RESPONSE:** CoStar objects to this interrogatory as vague and ambiguous, overly broad and unduly burdensome. CoStar further objects to this interrogatory as compound, in that it requests: (a) identification of contracts; (b) a date upon which Bell became an authorized user; (c) an identification of documents relating to such date; (d) a date upon which Bell no longer was an authorized user; and (e) identification of documents relating to such date. Accordingly, CoStar calculates this Interrogatory as five separate interrogatories under Federal Rule of Civil Procedure 33.

CoStar further objects to this interrogatory as calling for the disclosure of confidential materials that are properly the subject of a protective order. The identity of CoStar's contracts with its customers and the identity of CoStar's authorized users with respect to CoStar's customers are highly sensitive trade secrets of CoStar. CoStar is

willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such trade secrets.

**Interrogatory No. 7.** Identify all efforts and communications between CUSTOMER and COSTAR or COSTAR GROUP to notify, inquire or otherwise communicate regarding a change in status of an AUTHORIZED USER.

**RESPONSE:** CoStar objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests "all" communication with its customer relating to changes in status of customer's authorized users. The overwhelming majority of such communications are unrelated to any issue relevant to this litigation. CoStar is willing to meet and confer with Klein & Heuchan to narrow this Interrogatory to make it conform to the Federal Rules of Civil Procedure. Moreover, CoStar further objects to this interrogatory as calling for the disclosure of confidential materials that are properly the subject of a protective order. The identity of CoStar's contacts with its customers and the identity of CoStar's authorized users with respect to CoStar's customers are highly sensitive trade secrets of CoStar. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such trade secrets.

**Interrogatory No. 8.** Identify all efforts and steps taken by COSTAR or COSTAR GROUP to prevent BELL from accessing COSTAR or COSTAR GROUP's copyright protected databases and materials.

**RESPONSE:** CoStar objects to this Interrogatory as vague and ambiguous. CoStar further objects to this Interrogatory to the extent that it calls for information that is a protected trade secret of CoStar. CoStar's means of enforcement are highly sensitive trade secrets of CoStar.

CoStar construes this Interrogatory to not call for highly confident enforcement methodologies. Subject to the and without waiving the foregoing specific and general objections, CoStar responds as follows:

CoStar protects access to its products and services in a number of different ways, all of which would have the effect of preventing Bell from authorizing CoStar's products and services: (1) CoStar enters into licensing agreements with its customers that limit the use of the products licensed to identified authorized users, a defined term under such licensing agreements that excludes non-employees from using CoStar's products; (2) CoStar's sales and customer service staff is trained to monitor customers to determine whether unauthorized users are gaining access to CoStar's products; and (3) CoStar maintains an anti-piracy group that actively monitors electronic data produced by usage of CoStar's products to determine whether unauthorized users are accessing CoStar's products.

> **Interrogatory No. 9.** Identify all facts known by COSTAR or COSTAR GROUP which would show that K&H profited directly from any alleged infringement by BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar will update this response seasonably in accordance with its obligations under the Federal Rules of Civil Procedure. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Klein & Heuchan's profits; (b) requests identification of the persons relied upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 9-1:** Bell used CoStar's products in the course of his employment at Klein & Heuchan. Based on his use of CoStar's products, Bell was able to generate revenue for Klein & Heuchan, thus providing a direct financial benefit to Klein & Heuchan. In addition, upon information and belief, Bell provided infringing materials directly to principals of Klein & Heuchan, and such principles obtain a direct financial benefit from obtaining access to such infringing materials.

**Interrogatory 9-2:** CoStar is relying upon the following individuals to support such facts: Steven Klein (identity known to Klein & Heuchan); Scott Bell (identity known to Klein & Heuchan); Steven Williams, Assistant Direct, Theft, Fraud & Litigation Team, CoStar Group, Inc. (contact through counsel).

**Interrogatory 9-3:** CoStar will produce any responsive documents to this Interrogatory in accordance with Federal Rule of Civil Procedure 33(d).

**Interrogatory No. 10.** Identify all facts known by COSTAR or COSTAR GROUP which would show that K&H had the right and ability to supervise BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar will update this response seasonably in accordance with its obligations under the Federal Rules of Civil Procedure. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Klein & Heuchan's right and ability to supervise Bell; (b) requests identification of the persons relied upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar

calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 10-1:** Bell was an employee of Klein & Heuchan or an independent contractor working exclusively for Klein & Heuchan and therefore had the legal right to control Bell's conduct. In addition, Klein & Heuchan provided Bell with the means and facilities necessary to infringe CoStar's copyrights and had the legal right to deny Bell access to those means and facilities.

**Interrogatory 10-2:** CoStar is relying upon the following individuals to support such facts: Steven Klein (identity known to Klein & Heuchan); Scott Bell (identity known to Klein & Heuchan); Steven Williams, Assistant Direct, Theft, Fraud & Litigation Team, CoStar Group, Inc. (contact through counsel).

**Interrogatory 10-3:** CoStar will produce any responsive documents to this Interrogatory in accordance with Federal Rule of Civil Procedure 33(d).

**Interrogatory No. 11.** Identify all facts known by COSTAR or COSTAR GROUP which would show that BELL directly infringed on a COSTAR or COSTAR GROUP copyright; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar will update this response seasonably in accordance with its obligations under the Federal Rules of Civil Procedure. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Bell's direct infringement; (b) requests identification of the persons relied

upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 11-1:** Bell did not have CoStar's permission to access CoStar's copyrighted databases nor to make reproductions or displays of the copyright compilations of data and photographs appearing in such databases. Bell gained unauthorized access to CoStar's copyrighted databases and reproduced and displayed CoStar's copyrighted compilations of data and photographs.

**Interrogatory 11-2:** CoStar is relying upon the following individuals to support such facts: Steven Klein (identity known to Klein & Heuchan); Scott Bell (identity known to Klein & Heuchan); Steven Williams, Assistant Direct, Theft, Fraud & Litigation Team, CoStar Group, Inc. (contact through counsel).

**Interrogatory 11-3:** CoStar will produce any responsive documents to this Interrogatory in accordance with Federal Rule of Civil Procedure 33(d).

**Interrogatory No. 12.** Identify all facts known by COSTAR or COSTAR GROUP which would show that K&H had knowledge of any direct infringement by BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar will update this response seasonably in accordance with its obligations under the Federal Rules of Civil Procedure. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Bell's direct infringement; (b) requests identification of the persons relied

upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 12-1:** Bell did not have CoStar's permission to access CoStar's copyrighted databases nor to make reproductions or displays of the copyright compilations of data and photographs appearing in such databases. Bell gained unauthorized access to CoStar's copyrighted databases and reproduced and displayed CoStar's copyrighted compilations of data and photographs.

**Interrogatory 12-2:** CoStar is relying upon the following individuals to support such facts: Steven Klein (identity known to Klein & Heuchan); Scott Bell (identity known to Klein & Heuchan); Steven Williams, Assistant Direct, Theft, Fraud & Litigation Team, CoStar Group, Inc. (contact through counsel).

**Interrogatory 12-3:** CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

> **Interrogatory No. 13.** Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K intentionally induced, encouraged or materially contributed to the direct infringement by BELL; identify by names, titles and addresses of all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Klein & Heuchan's conduct that

gives rise to secondary liability; (b) requests identification of the persons relied upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 13-1:** CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

**Interrogatory 13-2:** CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

**Interrogatory 13-3:** CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

**Interrogatory No. 14.** Identify each person whom COSTAR or COSTAR GROUP believes or suspects has knowledge or information of any fact or matter that relates to the allegations in the Complaint, that is relevant to defenses in this action, or that relates to any defense asserted by COSTAR or COSTAR GROUP. In addition, describe in as much detail as is possible the substance of the knowledge or information that COSTAR or COSTAR GROUP believes or suspects each such person may have and identify each and every document relating to such matters.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar further objects to this Interrogatory as overly broad and unduly burdensome.

CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

> **Interrogatory No. 15.** Identify all persons who assisted in the preparation of answers to these interrogatories, and for each such person, identify the particular interrogatories where that person provided assistance and describe the information or assistance provided by that person on an interrogatory-by-interrogatory basis.

**RESPONSE:** CoStar objects to this Interrogatory as calling for the disclosure of information and/or materials protected by the attorney-client privilege and attorney work product.

CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

# VERIFICATION

I HEREBY swear and affirm that the answers to the above interrogatories are true and correct to the best of my knowledge and belief.

COSTAR REALTY INFORMATION, INC.

By: _____

As its: _____

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2008, by _____, as _____, of Costar Realty Information, Inc., who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

_____
Notary Public-State of Florida

Print: _____
My Commission Expires:
(Seal)

Respectfully submitted,

William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
Trial Counsel
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this _8_ day of December, 2008, to J. Paul Raymond and Jeff Gibson, MacFarlane Ferguson & McMullen, P. O. Box 1669, Clearwater, FL 33757.

Attorney

634206

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

       Plaintiff,

vs.
                            Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

       Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT COSTAR REALTY INFORMATION, INC.

Pursuant to Fed R. Civ. P. 34, Plaintiff, KLEIN & HEUCHAN, INC., directs to Defendant,

COSTAR REALTY INFORMATION, INC., this request for production of documents, seeking the

production of the documents described below within thirty (30) days of the date on this request, at a

mutually agreeable time and place, or at such other earlier time as directed by the Court.

### DEFINITIONS AND INSTRUCTIONS

1.     "Defendant" or "COSTAR" means the Defendant, Costar Realty Information, Inc.,

and also includes any of its past or present employees, officers, directors, agents, representatives, and

attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or

representative thereof, or other persons or entities acting or purporting to act on its behalf or

direction.

2.     "Plaintiff" or "K&H" means the Plaintiff, Klein & Heuchan, Inc., and also includes

any of its past or present employees, officers, directors, agents, representative, and attorneys, as well

1



as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

3. "COSTAR GROUP" means the Defendant, Costar Group, Inc., and also includes any of its past or present employees, officers, directors, agents, representatives, and attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

4. "BELL" means Scott Bell, as referenced in Plaintiff's Complaint and also includes any assignee or representative thereof, or other persons acting or purporting to act on his behalf or direction.

5. "CUSTOMER" means that individual or entity with which COSTAR or COSTAR GROUP had a License Agreement to access CoStar Property Professional, CoStar Comps, CoStar Tenant commercial real estate information databases and related software and which BELL was an employee or independent contractor.

6. "AUTHORIZED USER" means an individual employed by a CUSTOMER or an Independent Contractor of a CUSTOMER at a site identified in the License Agreement, and who is specified in the License Agreement as a user of a specific Passcode-Protected Product.

7. "LICENSE AGREEMENT" means a written agreement between COSTAR or COSTAR GROUP and CUSTOMER which allowed CUSTOMER access to any information services and databases of COSTAR or COSTAR GROUP, including CoStar Property Professional, CoStar Compa and CoStar Tenant databases and related software.

2

8. "Relating to" or "relate to" means, without limitation, consisting of, referring to, describing, discussing, constituting, identifying, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, alluding to, analyzing, or bearing any logical or factual connection with the matter discussed.

9. "Document" means any medium upon or through which intelligence or information may be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, facsimile, e-mail, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, graph, index, list, tape, sound recording, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however reproduced, which is in your possession, custody or control (which shall be deemed to include, without limitation, matters within the possession or custody of your present or former agents or attorneys) or which was, but is no longer, in your possession, custody or control. "Document" is used in its broadest sense and includes "documents," "other tangible things," and any other materials within the scope of Fla.R.Civ.P. 1.280.

10. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons or entities.

3

11.     You are to produce all materials at the offices of Macfarlane, Ferguson & McMullen, P.A., 625 Court Street, Suite 200, Clearwater, Florida 33756, within the timeframe set forth in this request or at a mutually agreeable time and location.

12.     As used herein, the singular shall be deemed to include the plural and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa; and each of the functional words "each", "every", and "any" and "all" shall be deemed to include each of the other functional words.

13.     If you desire confidentiality for business reasons for any of the discovery sought, contact Plaintiff's counsel immediately with proposed language for an agreement to that effect, identifying all types of documents for which protection is sought and the reasons for their confidentiality.

14.     These requests seek all documents in your possession, custody, or control, from whatever source obtained, including documents in the possession of any of your present and former officers, directors, employees, agents, attorneys, investigators, accountants, or consultants. The documents produced in response to these requests shall be: (1) organized and designated to correspond to the categories in these requests; or (2) produced as they were kept in the usual course of business. All documents which cannot be legibly copied shall be produced in their original form.

15.     For all materials for which you claim attorney-client privilege, provide an appropriate privilege log containing the type of materials, (e.g. letter, contract, memorandum, notes, etc.) the date of the material, the author and recipient of the material, and the type of medium. (e.g. document, photograph, sketch, diagram, blueprints, computer discs, etc.)

16.     Unless otherwise stated, the time frame of the requested materials is from January 1, 2006 through to the present.

## DOCUMENTS REQUESTED

1.     All documents that you are requested to identify in Plaintiff's First Set of Interrogatories to Defendant, Costar Realty Information, Inc.

2.     Any and all documents of communication between COSTAR and the CUSTOMER (which had Scott Bell as its employee or independent contractor) with which COSTAR entered into a LICENSE AGREEMENT for access to the CoStar Property Professional, CoStar Comps, and CoStar Tennant commercial real estate information databases and software.

3.     Any and all documents of communication between COSTAR GROUP and the CUSTOMER (which had Scott Bell as its employee or independent contractor) with which COSTAR GROUP entered into a LICENSE AGREEMENT for access to the CoStar Property Professional, CoStar Comps, and CoStar Tennant commercial real estate information databases and software.

4.     A copy of the LICENSE AGREEMENT between COSTAR and the CUSTOMER which had Scott Bell as an employee or independent contractor.

5.     A copy of the LICENSE AGREEMENT between COSTAR GROUP and the CUSTOMER which had Scott Bell as an employee or independent contractor.

6.     Any and all documents of communication between COSTAR and BELL.

7.     Any and all documents of communication between COSTAR GROUP and Bell.

8.     Any and all documents of communication between COSTAR and K&H.

9.     Any and all documents of communication between COSTAR GROUP and K&H.

10.     Any and all documents which would tend to show the date when BELL became associated with the CUSTOMER.

11.     Any and all documents which would tend to show the date when BELL became an AUTHORIZED USER of any COSTAR or COSTAR GROUP database service.

12.     Any and all documents which would tend to show the date when BELL was issued or assigned a user name and password.

13.     Any and all documents which would tend to show the date when BELL ceased to be associated with the CUSTOMER.

14.     Any and all documents which would tend to show the date when BELL became an Unauthorized User.

15.     Any and all documents which would tend to show that H&K directly profited from the alleged infringement by BELL.

16.     Any and all documents which would show that H&K had the right and ability to supervise BELL.

17.     Any and all documents which would show that BELL was a direct infringer of the copyrights held by COSTAR or COSTAR GROUP.

18.     Any and all documents which would show that H&K had knowledge of the alleged infringement by BELL.

19.     Any and all documents which would show that H&K intentionally induced, encouraged or materially contributed to the alleged infringement by BELL.

20. Any and all documents which would show the policies and procedures utilized by COSTAR or COSTAR GROUP to terminate or cancel a license agreement with a License Holder or terminate or cancel the rights granted to an AUTHORIZED USER.

21. Any and all documents terminating or cancelling BELL's status as an AUTHORIZED USER.

22. Any and all documents relating to BELL's association with CUSTOMER.

23. Any and all documents relating to BELL's association with H&K.

24. Any and all documents showing that K&H supplied facilities, including office space, computer and internet necessary for BELL's alleged access to COSTAR or COSTAR GROUP's copyrighted material.

25. Any and all documents showing that BELL made unauthorized copies and displays of COSTAR or COSTAR GROUP's copyrighted databases and copyrighted photographs.

26. Any and all documents which would show the efforts and steps taken by COSTAR or COSTAR GROUP to prevent BELL from accessing COSTAR or COSTAR GROUP's copyrighted material.

27. Any and all documents which would show the policies and procedures utilized by COSTAR or COSTAR GROUP to determine when AUTHORIZED USERS become unauthorized users.

28. Any and all documents which would show the steps taken to block access to COSTAR or COSTAR GROUP's copyrighted material or cancel user identification or pass codes when AUTHORIZED USERS become unauthorized users.

29. Any and all documents which would show that BELL agreed to and accepted COSTAR or COSTAR GROUP's Terms of Use agreement.

30. Any and all documents which would show that BELL was party to or had knowledge of any License Agreement between COSTAR or COSTAR GROUP and the CUSTOMER.

31. Any and all documents which would show that H&K agreed to and accepted or otherwise had knowledge of COSTAR or COSTAR GROUP's Terms of Use agreement.

32. Any and all documents that would show that H&K was party to or had knowledge of any License Agreement between COSTAR or COSTAR GROUP and the CUSTOMER.

33. Exact copies (i.e. bit-by-bit copies) of all hard drives on the desktop computers, laptop computers, notebook computers, personal digital assistant computers, in-house servers, servers, mainframes, and other electronic media which contain any materials related to the subject matter of this litigation. (include all instructions, passwords, formats, coding, labeling and other identifiers implemented by you to enable a person to search, navigate, retrieve, sort, locate, organize and otherwise utilize the information stored on said media)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing request for production has been furnished by U.S. Mail and facsimile (813-221-2900) to William Cooper Guerrant, Jr., Esq., Hill Ward Henderson, P.O. Box 2231, Tampa, Florida 33601-2231 on this ___5___ day of November, 2008.

MACFARLANE FERGUSON & McMULLEN
625 Court Street, Suite 200
Clearwater, Florida 33756
727-441-8966 (Telephone)
727-442-8470 (Facsimile)
Attorneys for Plaintiff

_____
J. PAUL RAYMOND, ESQ.
FBN: 0169268
JEFFREY W. GIBSON, ESQ.
FBN: 0568074

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

      Plaintiff,

vs.                           Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

      Defendants.
_____/

## DEFENDANT COSTAR REALTY INFORMATION, INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, defendant CoStar Realty Information, Inc. ("CoStar") responds and objects to Klein & Heuchan Inc.'s ("Klein & Heuchan") First Set of Requests for Production as follows:

### GENERAL OBJECTIONS

Each of CoStar's responses is subject to, and incorporates, the following general objections. CoStar specifically incorporates each of these general objections into its responses to each of Klein & Heuchan's requests for production, whether or not each such general objection is expressly referred to in CoStar's response to a specific request.

1.     CoStar will make reasonable efforts to respond to Klein & Heuchan's First Set of Requests for Production of Documents, to the extent that no objection is made, as CoStar understands and interprets each request. If Klein & Heuchan subsequently asserts any interpretation of any request that differs from the interpretation of CoStar, CoStar reserves the right to supplement and amend its objections and responses.

1



EXHIBIT
E

2. CoStar objects to any request that seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, the self-criticism privilege or any other applicable privilege or immunity. The inadvertent production by CoStar of documents containing information protected from disclosure by any privilege or doctrine shall not constitute a waiver by CoStar of such protections.

3. CoStar objects to any request for documents that is premature and/or that conflicts with any schedule for disclosure to be entered by the Court.

4. CoStar objects to any definition, instruction, or request to the extent it is overbroad or unduly burdensome, or purports to impose upon CoStar any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, or any other applicable rule. In particular, CoStar objects to any request to the extent it calls for production of information not relevant to the claims or defenses of the parties.

5. CoStar objects to any request that requests "all" documents, except to the extent that such request seeks reasonably narrow information.

6. CoStar objects to any request to the extent it calls for the production of documents prohibited from disclosure by any laws or regulations of any state, the United States, or any other country.

7. CoStar objects to any request and to any definition to the extent they purport to impose a duty or obligation on CoStar to search for documents or things beyond a reasonably diligent search of CoStar's corporate files where documents responsive to these requests would reasonably be expected to be found.

8. CoStar objects to any request and to any definition to the extent they purport to impose a duty or obligation on CoStar to create documents where no such documents exist, or to obtain documents not currently in the possession of CoStar.

9. CoStar objects to any request to the extent it would impose a duty on CoStar to undertake a search for documents for which Klein & Heuchan is equally able to search. In particular, CoStar objects to each request to the extent it seeks documents that are publicly available.

10. Nothing contained herein is an admission relative to the existence of any information sought, to the relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular request.

11. CoStar objects to Klein & Heuchan's document requests as vague, ambiguous, overbroad and unduly burdensome to the extent that they are not limited to a reasonable, relevant time period. CoStar will search for and produce documents concerning the time period that is relevant to the claims and defenses of the parties.

12. Pending entry of an appropriate protective order, CoStar objects to each request to the extent it seeks the production of documents of a confidential or proprietary nature to CoStar, or to others to whom or to which CoStar is under an obligation of confidentiality. CoStar further objects to the extent Klein & Heuchan seeks to impose document production obligations on CoStar that Klein & Heuchan contends are unreasonable as to Klein & Heuchan's own production.

13. All responses are based on information presently known to CoStar after reasonable investigation. CoStar's objections as set forth herein are made without prejudice to CoStar's right to assert any additional or supplemental objections.

14. In CoStar's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

15. The documents and materials to be produced will be produced for review at a mutually convenient time and place and subject to the terms of an appropriate protective order.

16.    CoStar objects to the terms "COSTAR," "YOU," and "YOUR," as defined by Klein & Heuchan on the grounds that, in light of Klein & Heuchan's definition of these terms, the requests for production are overbroad, vague, and ambiguous to the extent that they seek information, documents, or materials not in the possession, custody, or control of CoStar.

17.    CoStar objects to the term "RELATE TO" as defined by Klein & Heuchan on the grounds that, in light of Klein & Heuchan's definition of this term, the requests for production are overly broad, unduly burdensome, and seek information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to any specific objections set forth below, and specifically incorporating each of the foregoing General Objections into each response below, and without waiving said objections and responses, CoStar responds as follows:

**Request No. 1.**    All documents that you are requested to identify in Plaintiff's First Set of Interrogatories to Defendant, Costar Realty Information, Inc.

**RESPONSE:** CoStar incorporates by reference its specific and general objections to Plaintiff's First Set of Interrogatories to Defendant, CoStar Realty Information, Inc. CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.  CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce any responsive, non-privileged documents in its possession.

4

**Request No. 2.**    Any and all documents of communication between COSTAR and the CUSTOMER (which had Scott Bell as its employee or independent contractor) with which COSTAR entered into a LICENSE AGREEMENT for access to the CoStar Property Professional, CoStar Comps, and CoStar Tennant commercial real estate information databases and software.

**RESPONSE:**  CoStar objects to this interrogatory as vague, ambiguous and unintelligible as written.  The concept of "documents of communications . . . with which COSTAR entered into a LICENSE AGREEMENT" is unintelligible unless it calls for the license agreement between CoStar and its customer.  CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.  CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections, CoStar construes this Request as seeking the license agreement between CoStar and its customer. When the parties agree to an appropriate protective order, CoStar will produce any responsive, non-privileged documents in response to this Request.

**Request No. 3.**    Any and all documents of communication between COSTAR GROUP and the CUSTOMER (which had Scott Bell as its employee or independent contractor) with which COSTAR GROUP entered into a LICENSE AGREEMENT for access to the CoStar Property Professional, CoStar Comps, and CoStar Tennant commercial real estate information databases and software.

**RESPONSE:**  CoStar objects to this interrogatory as vague, ambiguous and unintelligible as written.  The concept of "documents of communications . . . with which

COSTAR GROUP entered into a LICENSE AGREEMENT" is unintelligible unless it calls for the license agreement between CoStar and its customer. CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections, CoStar construes this Request as seeking the license agreement between CoStar and its customer. When the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 4.** A copy of the LICENSE AGREEMENT between COSTAR and the CUSTOMER which had Scott Bell as an employee or independent contractor.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 5.** A copy of the LICENSE AGREEMENT between COSTAR GROUP and the CUSTOMER which had Scott Bell as an employee or independent contractor.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 6.** Any and all documents of communication between COSTAR and BELL.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., Bell. CoStar further objects to this Request as unintelligible as written, as the term "documents of communications" is incomprehensible. CoStar construes such term to mean documents recording communications. CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials. CoStar further objects to this Request as potentially calling for documents privileged from production.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 7.** Any and all documents of communication between COSTAR GROUP and Bell.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., Bell. CoStar further objects to this Request as unintelligible as written, as the term "documents of communications" is incomprehensible. CoStar construes such term to mean documents recording communications. CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials. CoStar further objects to this Request as potentially calling for documents privileged from production.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 8.** Any and all documents of communication between COSTAR and K&H.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar. CoStar further objects to this Request as unintelligible as written, as the term "documents of communications" is incomprehensible. CoStar construes such term to mean documents recording communications.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 9.** Any and all documents of communication between COSTAR GROUP and K&H.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar. CoStar further objects to this Request as unintelligible as written, as the term "documents of communications" is incomprehensible. CoStar construes such term to mean documents recording communications.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 10.** Any and all documents which would tend to show the date when BELL became associated with the CUSTOMER.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer. CoStar further objects to the term "associated" as vague and ambiguous. CoStar construes such term to mean when Bell became an employee of CoStar's customer.

Subject to and without waiving those specific and general objections, CoStar is unaware of any responsive, non-privileged documents in its possession.

**Request No. 11.** Any and all documents which would tend to show the date when BELL became an AUTHORIZED USER of any COSTAR or COSTAR GROUP database service.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 12.** Any and all documents which would tend to show the date when BELL was issued or assigned a user name and password.

**RESPONSE:** CoStar objects to this Request as vague and ambiguous inasmuch as it does not define the party issuing or assigning a user name and password nor does it define what such user name and password would be used for. CoStar construes this Request to mean the assignment of a user name and password to Bell by CoStar. CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 13.** Any and all documents which would tend to show the date when BELL ceased to be associated with the CUSTOMER.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer. CoStar further objects to the term "ceased to be associated" as vague and ambiguous. CoStar construes such term to mean when Bell's employment with CoStar's customer was terminated.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 14.** Any and all documents which would tend to show the date when BELL became an Unauthorized User.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer. CoStar objects to the term "Unauthorized User" as vague and ambiguous in that it is not a term defined by Klein & Heuchan. CoStar construes such term to mean "not an Authorized User."

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 15.** Any and all documents which would tend to show that K&H directly profited from the alleged infringement by BELL.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 16.** Any and all documents which would show that K&H had the right and ability to supervise BELL.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 17.** Any and all documents which would show that BELL was a direct infringer of the copyrights held by COSTAR or COSTAR GROUP.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 18.** Any and all documents which would show that K&H had knowledge of the alleged infringement by BELL.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 19.** Any and all documents which would show that K&H intentionally induced, encouraged or materially contributed to the alleged infringement by BELL.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 20.**  Any and all documents which would show the policies and procedures utilized by COSTAR or COSTAR GROUP to terminate or cancel a license agreement with a License Holder or terminate or cancel the rights granted to an AUTHORIZED USER.

**RESPONSE:**  CoStar objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all documents" related to policies and procedures utilized by CoStar to terminate a license agreement for any reason.  CoStar is willing to meet and confer with Klein & Heuchan to narrow this Request to make it conform to the Federal Rules of Civil Procedure.   CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.  CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 21.**  Any and all documents terminating or cancelling BELL's status as an AUTHORIZED USER.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 22.** Any and all documents relating to BELL's association with CUSTOMER.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer. CoStar further objects to the term "association" as vague and ambiguous. CoStar construes such term to mean Bell's employment CoStar's customer.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 23.** Any and all documents relating to BELL's association with K&H.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 24.** Any and all documents showing that K&H supplied facilities, including office space, computer and internet necessary for BELL's alleged access to COSTAR or COSTAR GROUP's copyrighted material.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 25.** Any and all documents showing that BELL made unauthorized copies and displays of COSTAR or COSTAR GROUP's copyrighted databases and copyrighted photographs.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 26.** Any and all documents which would show the efforts and steps taken by COSTAR or COSTAR GROUP to prevent BELL from accessing COSTAR or COSTAR GROUP's copyrighted material.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 27.** Any and all documents which would show the policies and procedures utilized by COSTAR or COSTAR GROUP to determine when AUTHORIZED USERS become unauthorized users.

**RESPONSE:** CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar objects to the term "unauthorized user" as vague and ambiguous in that it is not a term defined by Klein & Heuchan. CoStar construes such term to mean "not an Authorized User." CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 28.** Any and all documents which would show the steps taken to block access to COSTAR or COSTAR GROUP's copyrighted material or cancel user identification or pass codes when AUTHORIZED USERS become unauthorized users.

**RESPONSE:** CoStar objects to the term "unauthorized user" as vague and ambiguous in that it is not a term defined by Klein & Heuchan. CoStar construes such term to mean "not an Authorized User." CoStar further objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all documents" related to the steps taken by CoStar to block access or cancel user identifications or passcodes when an authorized user no longer has authorized status. CoStar is willing to meet and confer with Klein & Heuchan to narrow this Request to make it conform to the Federal Rules of Civil Procedure. CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is

willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 29.** Any and all documents which would show that BELL agreed to and accepted COSTAR or COSTAR GROUP'S Terms of Use agreement.

**RESPONSE:** CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 30.** Any and all documents which would show that BELL was party to or had knowledge of any License Agreement between COSTAR or COSTAR GROUP and the CUSTOMER.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer and Bell.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 31.** Any and all documents which would show that K&H agreed to and accepted or otherwise had knowledge of COSTAR or COSTAR GROUP'S Terms of Use agreement.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 32.**  Any and all documents that would show that K&H was party to or had knowledge of any License Agreement between COSTAR or COSTAR GROUP and the CUSTOMER.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 33.**  Exact copies (i.e. bit-by-bit copies) of all hard drives on the desktop computers, laptop computers, notebook computers, personal digital assistant computers, in-house servers, servers, mainframes, and other electronic media which contain any materials related to the subject matter of this litigation. (include all instructions, passwords, formats, coding, labeling and other identifiers implemented by you to enable a person to search, navigate, retrieve, sort, locate, organize and otherwise utilize the information stored on said media).

**RESPONSE:**  CoStar objects to this request as overly broad, unduly burdensome, harassing in nature, asserted in bad faith, and not reasonably calculated to the discovery of admissible evidence.  The subject hard drives contain enormous amounts of data, privileged and unprivileged, which have no connection whatsoever to this litigation. CoStar further objects that the reproduction of such hard drives is not reasonably accessible because of undue burden or cost.  CoStar further objects that the burden or expense of the such discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

CoStar will meet and confer with Klein & Heuchan to work out an appropriate stipulation concerning electronic discovery in this case.

Respectfully submitted,

William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
Trial Counsel
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this _____ day of December, 2008, to J. Paul Raymond and Jeff Gibson, MacFarlane Ferguson & McMullen, P. O. Box 1669, Clearwater, FL 33757.

_____
Attorney

634206



P.O. Box 14300, Washington, DC 20044-4300 ▪ p202 624-2500 ▪ f202 628-8844

Courier Address: 1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595

William J. Sauers
202-624-2746
wsauers@crowell.com

January 13, 2009

**BY FEDEX**

Jeffrey W. Gibson, Esq.
Macfarlane Ferguson & McMullen
625 Court Street
Clearwater, FL 33757

Re:  Klein & Heuchan v. CoStar Realty

Dear Jeff:

    Per my e-mail today, attached please find a copy of CoStar's first document production to Klein & Heuchan, Bates Nos. COSTAR00000001-COSTAR00000364, originally served on January 5, 2009.  Please note that several of the documents have been produced in native file format, and, per our agreement, are marked as CONFIDENTIAL - ATTORNEYS' EYES ONLY by way of this e-mail stating the same.  All other documents are designated as indicated.

Very truly yours,

William J. Sauers

WJS:crr
Enclosure
7072614



Crowell & Moring LLP ▫ www.crowell.com ▪ Washington, DC ▫ California ▪ New York ▫ London ▪ Brussels