UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

    Plaintiff-Counterdefendant,

vs.                                                 Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

    Defendants-Counterclaimants.
_____/

## COSTAR'S OPPOSITION TO MOTION TO STRIKE

Defendants / Counterclaimants CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar") hereby oppose the motion of Plaintiff-Counterdefendant Klein & Heuchan, Inc. ("Klein & Heuchan") to strike certain declarations and exhibits from CoStar's Motion for Summary Judgment (DE # 75). For the reasons set forth below, that motion should be denied in its entirety.

## INTRODUCTION AND SUMMARY

Klein & Heuchan's motion is an attempt to excuse its own failure to conduct discovery of CoStar's claims or to construct discovery requests that were even remotely tailored to the key allegations of CoStar's counterclaims. Indeed, Klein & Heuchan now has the temerity to claim surprise and ignorance concerning the copyright registrations that CoStar attached as exhibits to its Motion for Summary Judgment even though those copyright registrations were *specifically identified* in the Counterclaim and are public records that were available to Klein & Heuchan and its attorneys during the entire case. Klein & Heuchan would turn its indolence into a shield protecting it from what it deserves in this case – summary judgment against it.

1

Klein & Heuchan took no depositions in this case. Klein & Heuchan made no inquiries of CoStar or its counsel as to the identity of the copyrights it believed were infringed or the registrations in support thereof. After receiving CoStar's discovery, Klein & Heuchan never asked where CoStar's copyright registrations were. Other than the perfunctory interrogatories and document requests issued by Klein & Heuchan – none of which requested the registrations or documents disclosed by CoStar in its Motion for Summary Judgment – Klein & Heuchan took no discovery and pursued no discovery at all. Klein & Heuchan's attempt to seek the exclusion of documents that it never requested, never sought, and never seemed to miss should be rejected.

Furthermore, Klein & Heuchan's objection to the testimony of Robert Lardizabal is misplaced. Mr. Lardizabal does not have, and did not profess to have, any knowledge particular to Klein & Heuchan. Declaration of Robert Lardizabal (October 30, 2009), attached hereto; *see also* (Corrected) Declaration of Robert Lardizabal (September 24, 2009) (DE # 81). Instead, as he set forth in his attached declaration, he simply is an employee in CoStar's Product Development (*i.e.*, information technology) department who is able to run queries from CoStar's database and has generalized knowledge about how CoStar's system operates. His testimony merely *sponsored* exhibits as CoStar's business records kept in the ordinary course of CoStar's operations. As such, his testimony could have been provided by any of a dozen or more employees in the department. It is not his knowledge that is at issue; rather, it is *CoStar*'s knowledge that is at issue as a corporate entity. Therefore, Klein & Heuchan's objection to Mr. Lardizabal's testimony in particular is baseless.

Klein & Heuchan's motion cites not a single case supporting its position, nor does it appear to make any real effort to present the Court with the real legal standard for the extraordinary relief it requests. In fact, courts have stated that preclusion under Fed. R. Civ. P. 37(c) should only be afforded in "rare cases." *See*, *e.g.*, *Semi-Tech Litig. LLC v Bankers Trust*

*Co*., 219 F.R.D. 324, 324 (S.D.N.Y. 2004). It is a "severe sanction" that should only be granted where the alleged failure to disclose cannot be cured by allowing the party receiving the late disclosure an opportunity to conduct discovery on that disclosure. *See Lithuanian Commerce Corp. v Sara Lee Hosiery*, 177 F.R.D. 245, 254 (D.N.J. 1997); *see also In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 653 (D. Kan. 1996) ("Exclusion of evidence is a severe sanction because it implicates due process concerns."). Here, even though Klein & Heuchan has been lackadaisical in conducting discovery, CoStar is willing to allow it to depose its sponsoring witnesses and to provide Klein & Heuchan all documents it intends to present at trial – despite the fact that Klein & Heuchan never made such a request. Indeed, given that trial is not scheduled until 2010, Klein & Heuchan will have ample opportunity to engage in the discovery it previously failed to conduct and re-file its opposition to CoStar's motion for summary judgment if it so wishes.

## BACKGROUND FACTS

A full recitation of the facts related to Klein & Heuchan's wrongful conduct is set forth in CoStar's Motion for Summary Judgment and will only be briefly summarized here.

Under a license agreement with Coldwell Banker Commercial NRT, CoStar provided a user name and password to access CoStar's products to C. Scott Bell. *See* CoStar Motion for Summary Judgment (DE # 69) at 6. That license allowed Bell to use CoStar's products only when he was an employee of Coldwell Banker Commercial NRT. *See id*.

However, after Bell left the employ of Coldwell Banker Commercial NRT, he continued to use his CoStar access. *See id*. at 6-7. He did so working as a salesperson for Klein & Heuchan, which "held" his real estate license, under the personal supervision of Mark Klein, the owner of Klein & Heuchan. *See id*. at 6-9. Klein & Heuchan provided the means of accessing and using CoStar's products to Mr. Bell, including an Internet connection, facilities, printers and

3

the like. *See id*. at 8. Bell testified that Mark Klein and Steve Klein (Mark Klein's son, and an executive of Klein & Heuchan) knew he was using CoStar's products and even asked Bell to provide them with reports from CoStar's databases. *See id*. at 9. Bell produced e-mails to Mark and Steve Klein attaching those reports. *See id*.

CoStar did not become aware that Scott Bell had left Coldwell Banker Commercial NRT until more than a year later. *See id*. After learning of Bell's continued access through his relationship with Klein & Heuchan, CoStar engaged in communications that led to Klein & Heuchan's filing of a declaratory judgment action against CoStar and CoStar's counterclaim.

CoStar's Counterclaim indicated that Bell and Klein & Heuchan had infringed upon "more than 100" copyrighted CoStar photographs. *See* Answer and Counterclaim (DE # 23) at ¶ 30. In addition, CoStar's Counterclaim stated that "a *partial* list of these photographs, as well as the copyright registrations corresponding thereto" were attached to the Counterclaim. *Id*. and Ex. A thereto. The three specific registrations identified were VA 1-360-344, VA 1-371-124, and VA 1-407-485.

CoStar provided its Rule 26 disclosures to Klein & Heuchan on December 1, 2008. Those disclosures identified a number of *individuals* with information likely to have discoverable information, including Steven Williams of CoStar, and several individuals affiliated with Klein & Heuchan. *See* Klein & Heuchan Motion to Strike (DE # 75) at Ex. A. In addition, CoStar's disclosures set forth five different categories of documents, including, as a separate category, "CoStar's copyright registrations." *See id*.

Klein & Heuchan issued a single set of interrogatories and document requests to CoStar on November 5, 2008. Notably, those document requests and interrogatories *did not contain a single request* for identification or production of the photographs or copyright registrations CoStar believed Bell (or Klein & Heuchan) had infringed, despite the fact that CoStar had

4

specifically identified those documents as a *separate category* of documents in its initial disclosures. *See* Klein & Heuchan Motion at Exs. B & D.

CoStar *initially* responded to Klein & Heuchan's discovery on December 8, 2008. *See* Klein & Heuchan Motion at Exs. C & E. In those responses, CoStar indicated that it would further respond to Klein & Heuchan's discovery requests when a protective order was put in place. *See id*.

Soon after CoStar provided its responses, Klein & Heuchan's counsel contacted CoStar's counsel, demanding that CoStar provide the documents it withheld on confidentiality grounds. CoStar agreed to produce the documents once a protective order was put in place, and provided a draft protective order to Klein & Heuchan. Shortly after the protective order was put in place, CoStar produced a set of documents it believed was responsive to Klein & Heuchan's requests as drafted on or about January 13, 2009. Because Klein & Heuchan did not request those documents, CoStar did not produce copies of the photographs or copyright registrations of the photos that Bell and Klein & Heuchan infringed.

After CoStar produced its documents and revised interrogatory to responses to Klein & Heuchan, Klein & Heuchan engaged in no further discovery from CoStar. It did not raise any questions about CoStar's discovery. It did not ask about the computer records disclosed by CoStar. Klein & Heuchan never asked where CoStar's copyright registrations were or which photographs were infringed or indicated that it believed that the photographs or copyright registrations were responsive to its discovery requests. It did not seek the deposition of Steven Williams. It did not seek to depose CoStar through a Rule 30(b)(6) witness. Klein & Heuchan and its counsel did nothing.

5

## ARGUMENT

**I. KLEIN & HEUCHAN'S MOTION TO STRIKE COSTAR'S PHOTOGRAPHS AND COPYRIGHT REGISTRATIONS SHOULD BE DENIED BECAUSE KLEIN & HEUCHAN DID NOT REQUEST THOSE DOCUMENTS IN DISCOVERY DESPITE HAVING BEEN SEPARATELY IDENTIFIED AS A CATEGORY OF DOCUMENTS BY COSTAR AND HAVING BEEN SPECIFICALLY IDENTIFIED IN THE COUNTERCLAIM**

Klein & Heuchan's Motion to Strike is inappropriate with respect to the photographs and copyright registrations attached to CoStar's Motion for Summary Judgment given that Klein & Heuchan has been on notice of those photographs and copyright registrations *since CoStar filed its Counterclaim*. Yet, Klein & Heuchan never requested them in discovery, despite that they were separately identified as a category of documents in CoStar's Rule 26 initial disclosures. In other words, Klein & Heuchan is asking the Court to strike documents that it went out of its way to not obtain through discovery.

A comparison of CoStar's Motion for Summary Judgment with Exhibit A to its Counterclaim shows that CoStar's Motion simply re-identifies the same photographs and same copyright registrations identified in the Counterclaim. *Compare* Motion for Summary Judgment (DE # 69) at 13 *with* Answer and Counterclaim (DE # 23) at Ex. A. As such, Klein & Heuchan was on notice of the specific building photographs that CoStar identified in its summary judgment motion during the entirety of the case. Indeed, CoStar identified its copyright registrations as a category of responsive documents in its initial disclosures. *See* Ex. A to Klein & Heuchan Motion to Strike (DE # 75).

Despite having been clearly flagged as documents that CoStar would rely upon, Klein & Heuchan never sought discovery of the copyright registrations or the photographs. None of its document requests or interrogatories seek identification of the copyright registrations or photographs CoStar intended to show were infringed. As such, the preclusion Klein & Heuchan seeks is inappropriate. *See Tolerico v Home Depot* 205 F.R.D. 169, 176 (M.D. Pa. 2002)

6

(exclusion is inappropriate where moving party is sufficiently aware that material has not been produced).

Klein & Heuchan does not deny that it never issued document requests or interrogatories aimed at CoStar's photographs and copyright registrations.[1] In its Motion, Klein & Heuchan does not identify a document request or interrogatory to which it asserts the photographs or copyright registrations were responsive. *See* Klein & Heuchan Motion to Strike at ¶ 18. The reason for that is clear – there are no such document requests. Instead, Klein & Heuchan vaguely states that "these documents were clearly encompassed in the required disclosures pursuant to Rule 26(a) and (e). *Id*. However, Rule 26(a) only requires *identification* of responsive documents, not the *production* of responsive documents. *See* Fed. R. Civ. P. 26(a) (requiring that a party provide a copy *or a description by category and location* of documents it may use in support of its claims). It is up to the opposing party to request those documents in discovery – CoStar cannot be punished for Klein & Heuchan and its counsel failing to make obvious discovery requests.

Furthermore, not only did CoStar identify the copyright registrations and photographs it attached to its summary judgment to Klein & Heuchan almost one year ago in its Counterclaim, but CoStar's copyright registrations, its copyright registration application, and deposit materials are *public records*. *See, e.g.,* United States Copyright Office, COPYRIGHT BASICS at 7 (July 2008) (available at http://www.copyright.gov/circs/circ1.pdf) ("Registration establishes a

---

[1] In its Motion, Klein & Heuchan obliquely refers in an earlier paragraph related to the declaration of Robert Lardizabal to a document request related to documents supporting CoStar's claim that Bell engaged in direct infringement. However, the act of infringement itself is the violation of a copyright owner's rights, *see* 17 U.S.C. § 501, not the question of ownership of copyright or registration of copyright, which is how CoStar interpreted that document request. Indeed, CoStar made it clear to Klein & Heuchan that it distinguished between the two in its initial disclosures, as it divided its responsive documents into separate categories for documents showing that Bell had unlawful access to CoStar (and thus infringed CoStar's copyrights) and CoStar's copyright registrations. *See* Klein & Heuchan Motion to Strike (DE # 75) at Ex. A (CoStar Rule 26(a) disclosures).

public record of the copyright claim."). If Klein & Heuchan was so frustrated by CoStar's lack of disclosure in response to non-existent discovery requests, it could have simply obtained the copyright registrations and copyright deposits (including the photographs registered for copyright therein) on its own.

In summary, Klein & Heuchan's attempt to strike the copyright registrations and photographs attached to CoStar's Motion for Summary Judgment as Exhibits 1-3 thereto, as well as Exhibit H to the Williams Declaration, despite the fact that it had actual notice of those photographs and registrations and never requested production of those photographs and registrations, should be denied.

**II.     KLEIN & HEUCHAN'S MOTION TO STRIKE THE DECLARATION AND EXHIBITS OF ROBERT LARDIZABAL SHOULD BE DENIED BECAUSE THAT DECLARATION MERELY SPONSORED DOCUMENTS AND HE HAD NO INDIVIDUAL KNOWLEDGE SUCH THAT HE SHOULD HAVE BEEN SEPARATELY IDENTIFIED BY COSTAR IN ITS RULE 26 DISCLOSURES**

Klein & Heuchan motion to strike (and thereby exclude) the declaration of Robert Lardizabal and the exhibits attached thereto is also misplaced. Mr. Lardizabal was merely a sponsor of certain electronic information in the possession of CoStar and had no particularized knowledge relevant to this case. As such, he need not have been specifically identified in CoStar's Rule 26 disclosures or in response to Klein & Heuchan's interrogatories.

The gravamen of Klein & Heuchan's motion with respect to Mr. Lardizabal is that he was not identified as an individual likely to have discoverable evidence in CoStar's Rule 26(a) disclosures and in response to its interrogatory number 14. *See* Klein & Heuchan Motion to Strike at ¶¶ 14-17. The simple truth of the matter is that Mr. Lardizabal should not have been named in response to either request because he *does not* have any particularized, individual knowledge of facts relevant to CoStar's claims against Klein & Heuchan. Instead, he was merely a witness sponsoring certain business records kept in the ordinary course of business by

8

CoStar. *See* (Corrected) Declaration of Robert Lardizabal (DE # 81) at ¶ 1 ("I am extremely familiar with CoStar'[s] database products, their functionality, *and the data recorded by CoStar during use of those products*.") (emphasis added).[2] Indeed, Mr. Lardizabal's testimony recites standard language to introduce business records. *See id*. at ¶ 3 ("CoStar's database servers maintain detailed records of each user's access to CoStar's products in the ordinary course of business operations."); *see also* Fed. R. Evid. 803(6).

As such, Mr. Lardizabal can properly be said to not have been an individual with "discoverable information" as is contemplated by Rule 26(a). Instead, it was *CoStar* as a corporate entity with corporate records that had relevant information, which could be discovered through interrogatories and document requests as well as a Rule 30(b)(6) depositions. Indeed, as Mr. Lardizabal mentions in the supplemental declaration attached hereto, any number of persons in CoStar's Product Development department could have provided the same testimony. *See* Declaration of Robert Lardizabal at ¶¶ 3-4.

As stated above, Klein & Heuchan had ample opportunity during the more than eight months of ongoing discovery to depose CoStar's corporate representatives to discern CoStar's corporate knowledge. It did not do so. Moreover, given the fact that Klein & Heuchan did not even depose Steven Williams – who CoStar did specifically identify as a person with discoverable evidence – it is farcical for Klein & Heuchan to complain about not having notice of Mr. Lardizabal. There is no reason to believe Klein & Heuchan would have deposed him, either. Fed. R. Civ. P. 37 does not warrant witness preclusion where the prior failure to disclose was harmless. *See*, *e.g.*, *Rowland v Am. Gen. Fin., Inc.*, 340 F.3d 187, 196 (4th Cir. 2003). The real motivation of Klein & Heuchan's Motion is thus laid bare: it is attempting to excuse its lack

---

[2] CoStar notes that the PDF file containing the declaration of Robert Lardizabal filed using the Court's ECF system mistakenly failed to include the second page of his declaration and the third-to-last page of Exhibit A. A corrective filing is being made concurrently herewith.

of diligence in discovery by seeking to prevent CoStar from preventing the very evidence that reasonable discovery efforts would have produced.[3]

**III. KLEIN & HEUCHAN'S MOTION TO STRIKE SHOULD BE DENIED BECAUSE THE REMEDY OF PRECLUSION OF EVIDENCE IS A DRASTIC SANCTION THAT SHOULD NOT BE ENTERED WHERE, AS HERE, THE ALLEGED LACK OF DISCLOSURE CAN BE CURED AND KLEIN & HEUCHAN CAN STILL OBTAIN DISCOVERY WELL IN ADVANCE OF TRIAL**

Even if CoStar was negligent in its discovery obligations by failing to identify Mr. Lardizabal as a witness and by failing to produce the copyright registrations and photographs it had previously identified to Klein & Heuchan, Klein & Heuchan's drastic remedy of striking that evidence should be denied because CoStar's failure can be cured by allowing Klein & Heuchan to obtain the discovery it claims it was denied prior to trial.

Klein & Heuchan's Motion to Strike fails to cite the relevant legal standards for the exclusion of witnesses and evidence under Fed. R. Civ. P. 37. Fed. R. Civ. P. 37(c) states that exclusion is inappropriate where the failed disclosure was "substantially justified" or "harmless." Courts ruling on exclusion are required to consider (1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify. *See Rogers v. Muscogee County School District*, 165 F.3d 812, 818 (11th Cir. 1999). In practice, as one court stated, exclusion under Fed. R. Civ. P. 37 is a "severe sanction" that should be avoided where a party's alleged failure to disclose can be remedied by the allowance of additional pre-trial discovery. *See Lithuanian Commerce,* 177 F.R.D. at 254 (holding that preclusion is a "severe sanction" that is inappropriate unless lack of disclosure cannot be *cured*). Indeed, the great weight of case law indicates that exclusion is inappropriate when the Court has the ability to remedy the lack of

---

[3] As discussed in Part III below, CoStar's failure to identify Mr. Lardizabal is ultimately harmless because CoStar is willing to offer Mr. Lardizabal or any other CoStar corporate designee for deposition prior to trial, and does not object to Klein and Heuchan's filing of a supplemental opposition to CoStar's motion for summary judgment if it so chooses.

disclosure before trial. *See*, *e.g.*, *Fid. Nat'l Title Ins. Co. v Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 752 (7th Cir. 2005) (holding that the sanction of exclusion was too severe when continuance could be granted to allow for discovery of previously undisclosed expert notes); *See, Jackson v Fed. Express Corp.*, Docket No. 3:03-CV-2341-D, 2006 U.S. Dist. LEXIS 39281, *5-*6 (N.D. Tex. June 14, 2006); *Semi-Tech Litig. LLC v Bankers Trust Co.,* 219 F.R.D. at 324 (holding that preclusion is appropriate only in "rare cases" and providing opportunity for deposition testimony in lieu of preclusion); *Equant Integrations Servs. v United Rentals (N. Am.), Inc.*, Docket No. 3:01 CV 1134 (JBA), 2002 U.S. Dist. LEXIS 26657, *19-*22 (D. Conn. April 17, 2002) (preclusion not appropriate if lack of disclosure is harmless or can be remedied); *Asia Strategic Inv. Alliances v. GE Capital Servs.*, Docket No. 95-2479-GTV, 1997 U.S. Dist. LEXIS 3152, *15-*16 (D. Kan. March 11, 1997) (noting that exclusion of evidence inappropriate where an order compelling disclosure will suffice).

As described in Parts I and II above, CoStar had substantial justification for not providing Klein & Heuchan with the copyright registrations and photographs that were not requested, or for providing the identity of a witness who would merely sponsor data from CoStar's business records, and Klein & Heuchan's request should be denied on those grounds. Moreover, if Klein & Heuchan's motion is to be believed, the testimony of Robert Lardizabal is of great importance, weighing *against* preclusion of his testimony. *See*, *e.g.*, *Munnings v. Fedex Ground Package Sys.*, 2008 U.S. Dist. LEXIS 33041, *17 (M.D. Fla. Apr. 22, 2008) (holding that importance of testimony weighed *against* preclusion of declaration under Fed. R. Civ. P. 37(c)).

Even if CoStar did not have sufficient justification, exclusion is not warranted here because CoStar's lack of disclosure can be cured by subsequent discovery by Klein & Heuchan. CoStar has always been open to Klein & Heuchan conducting depositions of its witnesses and following up on CoStar's interpretations of Klein & Heuchan's discovery requests. To the extent

the Court desires it, CoStar would waive any discovery deadline objection to depositions of Steven Williams, Robert Lardizabal, or a Rule 30(b)(6) corporate designee by Klein & Heuchan, or responding to any follow up document requests by Klein & Heuchan. CoStar has nothing to hide and has at all times been willing to cooperate. As trial is more than two months away, Klein & Heuchan will have more than enough time to complete such additional discovery as it deems warranted. Given the availability of a remedy for the alleged lack of disclosure, the preclusion sought by Klein & Heuchan is inappropriate. *See, e.g., Belk v Charlotte-Mecklenburg Bd. of Educ*. 269 F.3d 305, 348 (4th Cir. 2001) (approving the sanction of a one-week continuance to allow depositions of 26 different witnesses disclosed *five days before trial*); *Lesser v Camp Wildwood*, Docket No. 01 Civ. 4209 (RWS), 2003 U.S. Dist. LEXIS 16921, *7-*9 (S.D.N.Y. Sept. 30, 2003) (allowing additional deposition testimony in lieu of precluding evidence). Indeed, CoStar has no objection to Klein & Heuchan filing a supplemental opposition to CoStar's Motion for Summary Judgment if it so desires.[4]

## CONCLUSION

For the foregoing reasons, Klein & Heuchan's Motion to Strike should be denied. In the alternative, CoStar submits that in lieu of striking the evidence submitted by CoStar, Klein & Heuchan should be afforded the right to conduct additional discovery related to the evidence called into question by Klein & Heuchan's motion.

---

[4] Furthermore, CoStar will supplement its Rule 26 disclosures and response to interrogatories to include Mr. Lardizabal to ameliorate any concern that Klein & Heuchan may have.

Dated: October 30, 2009          Respectfully submitted,

s/William J. Sauers
William J. Sauers (*pro hac vice*)
Sanya Sarich Kerksiek (*pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-8844
wsauers@crowell.com
skerksiek@crowell.com

- and -

William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
Trial Counsel
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone:  (813) 221-3900
Facsimile:  (813) 221-2900

*Counsel for Defendants-Counterclaim Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2009, I electronically filed the foregoing, with attachments, with the Clerk of the Court by using the CM/ECF system which sent a notice of electronic filing to the following:

J. Paul Raymond
Jeff Gibson
Brian J. Augnst
MacFarlane Ferguson & McMullen
P. O. Box 1669
Clearwater, FL  33757
(727) 441-8966
Fax: (727) 442-8470
jpr@clw.macfar.com
jg@macfar.com
bja@macfar.com

*Counsel for Plaintiff-Counterclaim Defendant Klein & Heuchan, Inc.*

Randall J. Love
Randall J. Love & Associates, P.A.
5647 Gulf Drive
New Port Richey , FL 34652-4019
(727) 847-0800
Fax:  (727) 842-361
rj_1958@yahoo.com

*Counsel for Counterclaim-defendant Scott Bell*

s/William J. Sauers
William J. Sauers (*pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Ave.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile: (202) 628-8844
wsauers@crowell.com

*Counsel for Defendants-Counterclaim Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*