UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KLEIN & HEUCHAN, INC.,**

    **Plaintiff,**

**v.**                                                  **Case No.  8:08-cv-1227-T-30EAJ**

**COSTAR REALTY INFORMATION, INC.,**
**and COSTAR GROUP, INC.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants/Counter-Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.'s Motion for Summary Judgment against Plaintiff/Counter-Defendant Klein & Heuchan, Inc. (Dkt. 69) and Klein & Heuchan's Response in Opposition (Dkt. 72).  The Court, having considered the motion, response, and being otherwise advised in the premises, finds that the motion should be granted in part and denied in part.

### **Background**

Plaintiff/Counter-Defendant Klein & Heuchan, Inc. ("K&H") is a real estate brokerage firm based in Clearwater, Florida.  Defendants/Counter-Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar") are, together, a national commercial real estate information service provider that operates an internet database of this information.

CoStar collects information on over 1,000,000 active commercial real estate listings in the United States and the United Kingdom. CoStar employs field researchers who collect the information and take pictures of the properties. The pictures taken by the field researchers are registered with the United States Copyright Office. CoStar makes the collected information and pictures available over the internet to customers who pay a license fee. With the subscription, customers are generally permitted to make limited reproductions of the photographs contained in the database and make limited use of the compilation of information maintained in the database.

Counter-Defendant Scott Bell was a real estate broker who worked for Coldwell Banker Commercial NRT ("Coldwell") from September 2005 to November 2006. During his time at Coldwell, Bell was given a subscription to the CoStar database. Bell could access the CoStar database using a unique username and password but his subscription was associated with Coldwell's license agreement with CoStar.

Sometime around December of 2006, Bell began working for K&H as an independent sales professional. Though Bell's subscription was supposed to end when he left Coldwell, Bell continued to access the CoStar service using the username and password associated with his Coldwell associated subscription.

Upon learning of Bell's continuing use of the CoStar service, K&H filed a declaratory judgment action seeking a court determination of their rights and obligations as they relate to CoStar. CoStar filed a counterclaim against Bell for direct copyright infringement, breach

of contract, and violation of 18 U.S.C. §1030; and against K&H for contributory and vicarious copyright infringement.

**Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. <u>Id.</u> Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. <u>Id.</u> at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. <u>Chelates</u>, 477 U.S. at 324. The evidence must be significantly probative to support the claims. <u>Anderson</u>, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. <u>Fernandez v.</u>

Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

## Discussion

CoStar moves for summary judgment against K&H only as to the claim for contributory and vicarious copyright infringement. Any finding of secondary liability for copyright infringement must follow a finding of direct infringement. Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 845 (11th Cir. 1990) (citing 3 Nimmer on Copyright § 12.04[A] at 12-42 to -42.1). Therefore, though CoStar has not moved for summary judgment against Bell on the direct infringement claim, the Court must first determine whether Bell directly infringed upon CoStar's copyrights.

**I.      Direct Copyright Infringement by Bell**

To make a showing of direct copyright infringement against Bell, CoStar must prove that it owns a valid copyright and that Bell violated CoStar's exclusive rights under the Copyright Act. Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004). Certificates of copyright registration made within five years of first publication, "constitute[] prima facie

evidence of the validity of the copyright and of the facts stated in the certificate." 17 USCS § 410. CoStar submitted three copyright registrations covering ten of the photographs that they allege Bell infringed. It is undisputed that the photos covered by the registration certificates were published within 90 days of the date the registrations were submitted.

The presumption of validity, however, is rebuttable. Montgomery v. Noga, 168 F.3d 1282, 1289 (11th Cir. 1999). Since CoStar provided the registration certificates, the burden shifts to K&H to prove the photographs are unprotectable. Id. K&H challenges the presumption of validity by arguing that the photographs lack any degree of originality. In the context of copyrights, originality means that the work was independently created by the author and that it possesses some minimal degree of creativity. Ets-Hokin v. Skyy Spirits, 225 F.3d 1068, 1076 (9th Cir. 2000) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (U.S. 1991). The level of creativity required is extremely low, so that almost any photograph will meet the threshold. Id. Even "pedestrian" photographs of buildings, such as those at issue here, possess the requisite creativity.

Once ownership of a valid copyright has been established, the direct infringement inquiry turns to the issue of actual infringement. Attached to CoStar's motion is a number of emails sent by Bell to various recipients with attachments consisting of pictures and information from the CoStar database. (Dkt. 69, Exhibits 5-9). These emails present clear evidence of copying. In addition, there is no dispute that Bell's subscription to CoStar's service had expired at the end of his employment with Coldwell. Whether or not Bell was aware that he was infringing because his subscription expired is not relevant to the inquiry.

Playboy Enters. v. Frena, 839 F. Supp. 1552, 1559 (M.D. Fla. 1993) ("Intent or knowledge is not an element of infringement, and thus even an innocent infringer is liable for infringement."). The evidence presented shows that Bell directly infringed upon CoStar's valid copyrights.

## II. Contributory Infringement

A contributory infringer is "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." Casella v. Morris, 820 F.2d 362, 365 (11th Cir. 1987) (quoting Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)). In the copyright context, knowledge means that either the alleged contributory infringer has actual knowledge or has reason to know of the infringing activity. Id.

CoStar claims that K&H, through President and Chief Executive Officer Mark Klein and others, knew that Bell had access to the CoStar database and that a subscription was required for access. CoStar argues that by putting these pieces together, K&H at least had reason to know of Bell's infringing conduct. However, there is no evidence that anyone at K&H was aware or should have been aware that Bell's access was unauthorized. While K&H does not deny that Bell had access to the CoStar database, K&H argues that no one, including Bell, knew that Bell's subscription had expired when he left Coldwell. From the facts presented, a reasonable fact finder could determine that K&H believed that Bell's subscription was time limited and that the time period had not yet ended.

Because there is a material question of fact on the knowledge issue, the Court need not determine whether K&H materially contributed to or intentionally induced Bell's infringement.

## III. Vicarious Infringement

Vicarious infringement occurs "when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer." Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005). Knowledge of the infringement is not necessary to a finding of vicarious infringement. So. Bell Tel. and Tel. Co. v. Associated Tel. Directory Publishers, 756 F.2d 801, 811 (11th Cir. 1985).

The undisputed evidence shows that K&H had the right and ability to supervise Bell. Bell was required to attend two mandatory sales meetings each week. (Mark Klein Depo. at p. 24-26). Both Mark Klein and Executive Vice President Steven Klein oversaw Bell's work, including giving constructive feedback on his work performance. (Id. at p. 24, 83-84). All property listings obtained by Bell had to be accepted by either Mark or Steven Klein. (Id. at p.27). The listing agreements for Bell's properties had to be signed by Mark or Steven Klein. (Id.) Mark and Steven Klein also discussed marketing strategies with Bell. (Id.)

K&H's response on this issue focuses on Bell's status as an independent contractor. K&H points to the employment agreement between itself and Bell. The employment contract provides that Bell "shall...perform his duties and responsibilities without any supervision or control by the broker." However, Mark Klein admitted that oversight and supervision over

Bell's work took place. Mark Klein's own undisputed deposition testimony is sufficient for the Court to determine that K&H had the right and ability to supervise Bell's work.

The final question is whether K&H received a direct financial benefit from Bell's infringing conduct. CoStar argues that K&H received a direct financial benefit by obtaining CoStar information while avoiding the payment of CoStar's licensing fee. As in the context of a nightclub or music hall, avoidance of a licensing fee can be a direct financial benefit. Broad. Music, Inc. v. Mirage Images, Inc., 2005 U.S. Dist. LEXIS 42880 (E.D. Tenn. Nov. 2, 2005). The record evidence shows that Bell sent several emails to various people each with attachments containing information obtained from CoStar. (CoStar Motion, Exs. 5-10). However, none of those emails are shown to have contained the copyrighted pictures. The claimed copyrights are only in the pictures used in the CoStar database, not the database itself as a compilation. There is no record evidence that K&H received a benefit, financial or otherwise, from Bell's infringement of copyrighted photographs.

It is therefore ORDERED AND ADJUDGED that:

1. CoStar's Motion for Summary Judgment (Dkt. 69) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 25, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1227.msj 69.frm