UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA


KLEIN & HEUCHAN, INC.,                )
            Plaintiff and Counter-Defendant,   )          Civ. Act. No. 8:08-cv-01227-JSM-MSS
                                      )
v.                                    )
                                      )
COSTAR REALTY INFORMATION,            )
INC. and COSTAR GROUP, INC.,          )
            Defendants and Counter-Plaintiffs   )
                                      )
v.                                    )
                                      )
SCOTT BELL, Third-Party Defendant     )
                                      )


**Consented to Motion for Realignment**

Defendant-Counterclaimants, CoStar Realty Information, Inc. and CoStar Group, Inc.

(hereinafter "CoStar") hereby move to realign the parties for purpose of the order of proof at

trial.  CoStar seeks to put their case on first at trial.  Plaintiff-Counter Defendant Klein &

Heuchan, Inc. ("K & H") consents to the realignment.

At trial, CoStar should present its case first since the instant dispute revolves around

CoStar's infringement claims against Plaintiff-Counter Defendant K & H and Third-Party

Defendant Bell.  The only claim that Plaintiff-Counter Defendant, K & H asserted is for

declaratory relief in which it seeks a determination of its defenses to CoStar's claims - that it is

not liable to CoStar.  As a result, by permitting CoStar to put on its case first at trial, there will be

1

Dockets.Justia.com

a logical presentation of proof that will facilitate the Court's understanding and resolution of the case. Moreover, K & H will not be prejudiced if the Court grants this motion to realign, as it will be more efficient for K & H to attempt "to prove a negative" once CoStar has presented its case-in-chief. For these reasons, along with the supporting authority cited below, CoStar seeks to have the parties realigned for purposes of trial.

In May 2008, CoStar sent a pair of letters to K & H seeking to resolve claims of copyright infringement that CoStar had against it. In the second letter, CoStar attached a draft complaint that it indicated it would file if the claims could not be resolved. Unfortunately, the claims were not resolved. On June 4, 2009, K & H filed suit against CoStar in this court seeking a declaratory judgment to determine its "rights and obligations as they relate to [CoStar] and that Plaintiff [K & H] have no obligation(s) pursuant to the phantom terms of service agreement alleged by [CoStar]." Two weeks after K & H filed its Complaint, CoStar filed an action in the District Court of Maryland asserting copyright infringement and breach of contract claims against K & H and Bell. Subsequently, this Court denied a motion to transfer and the two cases were consolidated.

This Court has both the authority and the discretion to realign parties. *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 248, 97 L. Ed. 291, 73 S. Ct. 236 (1952) (recognizing that in many declaratory judgment actions the realistic position of the parities is reversed); *Geico Cas. Co. v. Beauford*, 2007 U.S. Dist. LEXIS 61136 (M.D. Fla. Aug. 22, 2007) (realigning the parties for trial where the plaintiff had brought a declaratory judgment claim). See also, *Plumtree Software, Inc. v. Datamize, LLC*, 2003 U.S. Dist. LEXIS 26948 (N.D. CA 2003) (finding that the court has discretion to realign parties in accordance with the primary purpose of the litigation).

2

In this case, realignment is proper under governing authority and will assist the court in a logical presentation of the case. As the Supreme Court has said, "litigation is the pursuit of a practical ends, not a game of chess." *Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S. Ct. 15 (1941). K & H's Complaint concedes that its desire for a declaration of its rights and obligations grows out of the claims CoStar has alleged against it. K & H seeks resolution of its potential liability to CoStar. Since CoStar has asserted claims which are now before this Court, CoStar should be given the opportunity to identify and present those claims and then K & H should proceed with its attempt to disprove those claims. By allowing CoStar to present its case first, the proof will be presented in a manner that is most easily comprehensible to the Court, beginning with a description of the intellectual property and agreements at issue, followed by the facts underlying the infringement and breach by K & H and Bell. As a matter of practicality, this order of proof will facilitate the most efficient and orderly presentation of the case. See *Plumtree Software, Inc. v. Datamize, LLC*, 2003 U.S. Dist. LEXIS 26948 (N.D. CA 2003) (realigning parties for trial where plaintiff had filed a declaratory judgment claim for noninfringement).

The Eleventh Circuit has adopted the primary purpose test for purposes of aligning parties to coincide with the primary matter in dispute. *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547 (11th Cir. Fla. 1984) (Adopting the primary purpose test); see also, *Federal Ins. Co. v. Bill Harbert Constr. Co.*, 82 F. Supp. 2d 1331 (S.D. Ala. 1999) (confirming that Weller adopts the primary purpose test). The primary purpose test asks the court to first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue.'].

3

The fact that K & H filed a declaratory judgment action prior to CoStar filing its claims is not be determinative of which party proceeds first at trial. In *Geico Cas. Co. v. Beauford*, 2007 U.S. Dist. LEXIS 61136 (M.D. Fla. Aug. 22, 2007), the Court granted a motion to realign in a case where the initial plaintiff, Geico, had brought a declaratory judgment claim and the defendant, Beauford, subsequently asserted a bad faith claim. Geico opposed realignment on the grounds that it had commenced the suit in the first instance and bore the burden of proof on its declaratory judgment claim. The Court rejected those arguments as not dispositive. *Id.*

In this case, the injured party seeking relief is CoStar, not K & H or Bell. But for CoStar having brought its claims to K & H's attention and threatened suit, K & H would never have brought its declaratory judgment case (or even discontinued its unauthorized use of the subscription-only CoStar products). Moreover, CoStar has the major burden of proof on its copyright infringement and breach of contract claims. Realigning the parties to reflect the actual controversy underlying the action is appropriate. *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. N.D. 1995).

For all the foregoing reasons, CoStar respectfully requests that the parties be realigned for purposes of presenting proof at trial.

4

Dated: February 1, 2010

Respectfully submitted,

**CoStar Realty Information, Inc. and CoStar
Group, Inc. Defendant and Counterclaimants:**

s/William C. Guerrant, Jr.
William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
Trial Counsel
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendants

- and -

/s/ Matthew J. Oppenheim
Matthew J. Oppenheim
The Oppenheim Group, LLP
7304 River Falls Drive
Potomac, MD  20854
301-299-4986
866-766-1678 (fax)
matt@oppenheimgroup.net
Attorneys for CoStar Realty
Information, Inc., and CoStar Group,
Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 1, 2010, I electronically filed the foregoing

Consent Motion for Realignment with the Clerk of the Court by using the CM/ECF system.

s/William C. Guerrant, Jr.
Attorney