IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KLEIN & HEUCHAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC, <br><br> Defendants. | Civil Action No. 8:08-cv-01227-JSM-EAJ |

**KLEIN & HEUCHAN, INC'S MOTION IN LIMINE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff/Counter-Defendant, KLEIN & HEUCHAN, INC. (hereinafter "K&H") by and through its undersigned counsel, hereby respectfully move this Court to issue an order preventing Defendant/Counter-Plaintiffs, COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., from using or mentioning certain prejudicial evidence not produced during the court-ordered discovery deadlines, and as grounds therefor state:

1. Pursuant to Fed. R. Civ. P. 26(a), the Parties were required to exchange Initial Disclosures. These Initial Disclosures were to include, amount other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use in support of its claims or defenses, unless solely for impeachment, identifying the subjects of the information;" and "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things

that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." *Id.*

2. Pursuant to the applicable rules, on November 4, 2008, the parties met by telephone and agreed upon certain dates and deadlines for the progression of the case. Those dates and deadlines were detailed in the Case Management Report that was filed with the court. [D.E. 17]. The following day the court issued its Case Management and Scheduling Order. [D.E. 18]

3. As part of this court's Case Management and Scheduling Order, the Court advised that it considered the positions of the parties as set forth in the Case Management Report, and that the "Parties are **directed** to meet the agreed upon terms and time limits set forth in their Case Management Report..." Id. (emphasis in original). The Order also forewarned the Parties that the requirements of the Case Management and Scheduling Order "are very precise and *shall be strictly adhered to.*" (emphasis in original).

4. In the Case Management Report, the Parties agreed to a date to make their Initial Disclosures. Thereafter, the Parties agreed to supplement their Rule 26(a) disclosures pursuant to Rule 26(e) every sixty (60) days.

5. COSTAR served Defendant's Rule 26(A)(1) Statement upon K&H. A copy of Defendant's Rule 26(A)(1) Statement is attached as Exhibit "A".

6. As part of the Initial Disclosures, COSTAR listed the following individuals as likely to have discovery information: Steven J. Williams, Mark Klein, Steve Klein, Chris Howell, and Scott Bell.

7. Moreover, COSTAR further listed the following categories of documents and electronically stored information that it might use to support its claims or defenses: (1)

Electronically recorded information concerning Klein & Heuchan's access to CoStar's products and services; (2) Electronically recorded business records of communications between Klein & Heuchan and CoStar; (3) Copies of CoStar license agreements; (4) Copies of CoStar Terms of Use; and (5) CoStar's copyright registrations. COSTAR further disclosed that "[t]hese documents and electronically stored information may be produced to Plaintiff in the proper course of discovery and pursuant to an appropriate protective order."

8. COSTAR's Initial Disclosures did not list Robert Lardizbal as a person likely to have discoverable information. The Initial Disclosures also did not list any specific category of photographs as documents COSTAR may use to support its claims or defenses, nor did the Initial Disclosures list any Certificates of Registration.

9. On November 5, 2008, K&H served its First Set of Interrogatories upon COSTAR. A copy of K&H's First Interrogatories is attached as Exhibit "B". Interrogatory No. 14 specifically asked COSTAR to identify all persons COSTAR believed or suspected had knowledge or information of any fact or matter that related to the claims made by K&H or the defenses asserted by COSTAR. On December 8, 2008 COSTAR served its responses to K&H's Interrogatories. A copy of COSTAR's Interrogatory Responses is attached as Exhibit "C". COSTAR refused to answer Interrogatory No. 14.

10. On November 5, 2008 K&H served its First Request for Production upon COSTAR. A copy of K&H's First Request for Production is attached as Exhibit "D". Request No. 17 sought: "Any and all documents which would show that [Scott Bell] was a direct infringer of the copyrights held by [COSTAR]."

11. On December 8, 2008, COSTAR served Defendant COSTAR Realty Information, Inc.'s Responses to K&H's Requests for Production of Documents. A copy of COSTAR's

Responses to K&H's Requests for Production is attached as Exhibit "E". As COSTAR indicated in its Initial Disclosures, to protect alleged confidentiality of their materials it was unwilling to produce any documents unless and until K&H agreed to enter into an appropriate protective order.

12.   Thereafter, the parties negotiated a mutually agreeable protective Order, and on December 22, 2008 COSTAR filed the Agreed Motion for Entry of a Protective Order. [D.E. 31]. Thereafter the Court granted the Agreed Motion. [D.E. 32].

13.   By letter dated January 13, 2009 counsel for COSTAR subsequently provided to counsel for K&H a compact disc with COSTAR's first document production having Bates Nos. COSTAR00000001-COSTAR00000364. A copy of counsel's correspondence transmitting the production is attached as Exhibit "F". As part of this production, COSTAR did not produce any photographs (including the photographs included as Exhibit 10 of Declaration of Steven J. Williams filed in support of its Motion for Summary Judgment [D.E. 69-4 pp. 3-13]). COSTAR's transmitted production also did not include any Certificates of Registration including those attached as Exhibits 1, 2, and 3 to COSTAR's Motion for Summary Judgment.

14.   On July 30, 2009, an Order was entered on the Parties Agreed Motion to Extend Discovery and Dispositive Motion Deadline. The Order required the Parties to complete discovery by August 27, 2009.

15.   COSTAR failed to produce any supplements to their Initial Disclosures as required by Rule 26(e), as agreed to in the Case Management Report, and as ordered in the Case Management and Scheduling Order. As of the date the extended discovery period ended, COSTAR had failed to disclose Robert Lardizabal as an individual who might have discoverable information. Moreover, COSTAR failed to produce any photographs (obviously including the

ten (10) photographs Exhibit "10" of Declaration of Steven J. Williams) and failed to produce any Certificates of Registration (including Exhibits 1, 2, and 3 of COSTAR's Motion for Summary Judgment).

16. Not until after the expiration of the agreed upon discovery period, did COSTAR supplement its responses whereby COSTAR filed its Motion for Summary Judgment[1] on September 25, 2009 and its Amended Rule 26(A)(1) Statement on November 4, 2009, both well after the deadline for discovery had passed. COSTAR's Amended Rule 26(A)(1) Statement is attached as Exhibit "G".

17. As of August 27, 2009, COSTAR had only produced the documents Bates numbered COSTAR0000001- COSTAR00000364. No other documents or witnesses had been produced or identified as of the agreed upon and Court imposed deadline.

18. After the expiration of the agreed discovery deadline, COSTAR dumped upon counsel for K&H roughly 1,600 additional pages of documents. These documents consisted of pictures, communications regarding Bell's access to COSTAR's database, copyright registrations and other materials critical to the case at hand.

19. The tardy production of these materials is prejudicial in that it prevented K&H from fully analyzing the strength of COSTAR's case and prevented any analysis of the potential exposure faced by K&H should COSTAR prevail in its cause of action against K&H. In essence, prior to the discovery deadline, COSTAR had no way of proving each of the elements of the claims it was asserting against K&H.

---

[1] In conjunction with its Response to COSTAR's Motion for Summary Judgment, K&H moved to strike those portions of the summary judgment evidence that had not been previously produced prior to the discovery deadline. See D.E. 75. This Court denied K&H's Motion without comment. See D.E. 83. COSTAR had only provided a supplemental Rule 26 disclosures days prior to the Order.

20. Rule 37(c) Fed. R. Civ. P. specifically provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless failure was substantially justified or is harmless." Id.

21. The disclosure of the information and witness testimony produced after the discovery deadline is not substantially justified; nor is it harmless.

22. COSTAR should not be permitted to rely upon the testimony of Robert Lardizabal, as it failed to disclose Mr. Lardizabal in its Initial Disclosures or in any further required supplements to its disclosures. Moreover, COSTAR failed to produce this witnesses' name in response to K&H's Interrogatories.

23. In support of its Motion for Summary Judgment Mr. Lardizabal provides the critical testimony linking Mr. Bell's alleged illegitimate access to COSTAR's information to the computer systems of K&H. Se Lardizabal Decl. at Paragraph 3. Moreover, Mr. Lardiziabal's testimony allegedly links Mr. Bell to the properties associated with the ten (10) photographs for which COSTAR alleges it owned valid copyrights. *Id.* at paragraphs 6-8 and Exhibits A-C.

24. Additionally, COSTAR should not be permitted to rely upon any of the roughly 1,600 documents produced after the discovery deadline including the ten photographs (Exhibit "10" of Declaration of Steven J. Williams [D.E. 69-4 pages 3-13]) and the three (3) Certificates of Registration (Exhibits 1, 2, and 3 of COSTAR's Motion for Summary Judgment [D.E. 69-8, 69-9, 69-10]) when COSTAR refused to provide these documents during the normal discovery period. Clearly, these documents form the foundation of COSTAR's claims against K&H. These documents were clearly encompassed in the required disclosures pursuant to Rule 26(a) and (e). Moreover, the documents were responsive to K&H's Requests for Production.

25.     K&H would be extremely prejudiced should COSTAR be permitted to blatantly flout their own agreement, the Rules of Civil Procedure and the Orders of this Court and utilize witnesses and documents not previously produced during the discovery period.

26.     This case is set for non-jury trial during the March 2010 trial term and by allowing COSTAR to use these documents and the testimony of Mr. Lardizabal would allow COSTAR to ambush K&H with evidence and witnesses that should have been disclosed and produced months ago.[2]

27.     The documents COSTAR is attempting to use now, clearly shows that it was available for production much before the expiration of the discovery deadline. This information consists of internal documents maintained by COSTAR for the exact purpose that it now is trying to prosecute in this case. It is inexcusable that COSTAR had not previously produced and identified the documents and witnesses.

28.     Accordingly, pursuant to the plain language of Rule 37(c) Fed. R. Civ. P., K&H respectfully requests this Court issue an order preventing Defendant/Counter-Plaintiffs, COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., from introducing any evidence or allow the testimony of any witnesses produced and identified outside the discovery period.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[2]     COSTAR will invariably argue that K&H did not move for an extension of the discovery period (after the summary judgment deadline) in order flesh out this extensive new documentary and witness evidence. K&H respectfully submits that it, while complying with the agreements and court orders, should not be prejudiced for not having sought leave to conduct additional discovery outside of the ordered discovery deadline.


Respectfully submitted on this 8th day of February, 2010.

/s/ Jeffrey W. Gibson
JEFFREY W. GIBSON, ESQ.
Florida Bar No. 0568074
jg@macfar.com
Macfarlane Ferguson & McMullen
P.O. Box 1669
Clearwater, FL 33757
727-441-8966 (Telephone)
727-442-8470 (Facsimile)
Attorneys for Klein & Heuchan, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM\ECF system which send a notice of electronic filing to the following:

Matthew J. Oppenheim
The Oppenheim Group, LLP
7304 River Falls Drive
Potomac, MD 20854

and

William Cooper Guerrant, Jr.
Hill Ward Henderson
101 E. Kennedy Blvd, Suite 3700
P.O. Box 2231
Tampa, FL 33601

Counsel for Defendants-Counter-Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.

Randall 1. Love, Esq.
Randall 1. Love & Associates, P.A.
5647 Gulf Dr.
New Port Richey, FL 34652-4019
Counsel for Counter-Defendant Scott Bell

/s/ Jeffrey W. Gibson
JEFFREY W. GIBSON, ESQ.
Florida Bar No. 0568074