UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

     Plaintiff,

vs.

                               Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

     Defendants.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT COSTAR REALTY INFORMATION, INC.

The Plaintiff, KLEIN & HEUCHAN, INC., by and through its undersigned counsel, hereby gives notice of propounding its interrogatories numbered one (1) through fifteen (15) with subparts to Defendant, COSTAR REALTY INFORMATION, INC., who is required to answer, separately and fully, in writing and under oath, within thirty (30) days from the date of service.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and facsimile (813-221-2900) to William Cooper Guerrant, Jr., Esq., Hill Ward Henderson, P.O. Box 2231, Tampa, Florida 33601-2231 on this _5_ day of November, 2008.

MACFARLANE FERGUSON & McMULLEN
625 Court Street, Suite 200
Clearwater, Florida 33756
727-441-8966 (Telephone)
727-442-8470 (Facsimile)
Attorneys for Plaintiff

J. PAUL RAYMOND, ESQ.
FBN: 0169268
JEFFREY W. GIBSON, ESQ.
FBN: 0568074

EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

      Plaintiff,

vs.                                   Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

      Defendants.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT COSTAR REALTY INFORMATION, INC.

In accordance with Fed. R. Civ. P. 33, you are required to answer the following

interrogatories, under oath, within thirty (30) days from the date hereof, to insert said answers upon

the original and copy served, and to serve copies to all counsel of record pursuant to the Rules. If the

space is insufficient for any answer, attach additional sheets making reference to the number of the

interrogatory being answered.

## DEFINITIONS AND INSTRUCTIONS

1.     "Defendant" or "COSTAR" means the Defendant, Costar Realty Information, Inc.,

and also includes any of its past or present employees, officers, directors, agents, representatives, and

attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or

representative thereof, or other persons or entities acting or purporting to act on its behalf or

direction.

2.      "Plaintiff" or "K&H" means the Plaintiff, Klein & Heuchan, Inc., and also includes any of its past or present employees, officers, directors, agents, representative, and attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

3.      "COSTAR GROUP" means the Defendant, Costar Group, Inc., and also includes any of its past or present employees, officers, directors, agents, representatives, and attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

4.      "BELL" means Scott Bell, as referenced in Plaintiff's Complaint and also includes any assignee or representative thereof, or other persons acting or purporting to act on his behalf or direction.

5.      "CUSTOMER" means that individual or entity with which COSTAR or COSTAR GROUP had a License Agreement to access CoStar Property Professional, CoStar Comps, CoStar Tenant commercial real estate information databases and related software and which BELL was an employee or independent contractor.

6.      "AUTHORIZED USER" means an individual employed by a CUSTOMER or an Independent Contractor of a CUSTOMER at a site identified in the License Agreement, and who is specified in the License Agreement as a user of a specific Passcode-Protected Product.

7.      "LICENSE AGREEMENT" means a written agreement between COSTAR or COSTAR GROUP and CUSTOMER which allowed CUSTOMER access to any information services and databases of COSTAR or COSTAR GROUP, including CoStar Property Professional, CoStar Compa and CoStar Tenant databases and related software.

8.      "Relating to" or "relate to" means, without limitation, consisting of, referring to, describing, discussing, constituting, identifying, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, alluding to, analyzing, or bearing any logical or factual connection with the matter discussed.

9.      "Document" means any medium upon or through which intelligence or information may be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, facsimile, e-mail, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, graph, index, list, tape, sound recording, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however reproduced, which is in your possession, custody or control (which shall be deemed to include, without limitation, matters within the possession or custody of your present or former agents or attorneys) or which was, but is no longer, in your possession, custody or control. "Document" is used in its broadest sense and includes "documents," "other tangible things," and any other materials within the scope of Fla.R.Civ.P. 1.280.

10.     "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons or entities.

11.    You are to produce answers to these interrogatories at the offices of Macfarlane, Ferguson & McMullen, P.A., 625 Court Street, Suite 200, Clearwater, Florida 33756, within the time set forth in this request.

12.    If you desire confidentiality for business reasons for any of the discovery sought, contact Plaintiff's counsel immediately with proposed language for an agreement to that effect, identifying all types of documents for which protection is sought and the reasons for their confidentiality.

13.    If a person, fact, oral communication, or document is mentioned or referred to in response to more than one of these interrogatories, the Defendant need not completely identify him, her, or it in every such instance, provided that the Defendant supplies a complete identification in one such instance and in all other such instances makes specific reference to the place, by page and paragraph, in the answers to these interrogatories where he, she, or it is fully identified.

14.    As used herein, the singular shall be deemed to include the plural and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa; and each of the functional words "each", "every", and "any" and "all" shall be deemed to include each of the other functional words.

15.    Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall specify the reasons for the incompleteness, as well as stating whatever knowledge, information or belief you possess with   regard to   each   unanswered or partially   answered interrogatory.

16.    "Identify" means:

(a)  When used in reference to an individual, to provide the individual's full name,

present or last known home and business addresses, home phone number, and the present or last known place of employment.

(b) When used in reference to any organization, to provide the organization's full name and state of incorporation (if applicable), the address of the organization's principal place of business, and all telephone numbers;

(c) When used in reference to a document, to provide (i) the type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s) and recipient(s); and (v) the present custodian and location of the document.

17. For all materials for which you claim attorney-client privilege, provide an appropriate privilege log containing the type of materials, (e.g. letter, contract, memorandum, notes, etc.) the date of the material, the author and recipient of the material, and the type of medium. (e.g. document, photograph, sketch, diagram, blueprints, computer disks, etc.)

18. Unless otherwise stated, the time frame of the requested materials is from January 1, 2006, through to the present.

## INTERROGATORIES

1.      Identify by name, address and telephone number the CUSTOMER with which

COSTAR or COSTAR GROUP granted the License Agreement to access CoStar Property

Professional, CoStar Comps, CoStar Tenant commercial real estate information databases and related

software and with which you allege BELL was an employee or independent contractor. If the

CUSTOMER identified is anything other than a natural person, please identify the contact person for

the CUSTOMER by name, address and telephone.

2.      Identify every communication that had with any representative, employee or agent of CUSTOMER that relates to a LICENSE AGREEMENT, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.), and identify the substance of the communication in detail.

3.    Identify every communication had with any representative, employee or agent of CUSTOMER that relates to BELL, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

4.     Identify every communication had with any representative, employee or agent of CUSTOMER that relates to AUTHORIZED USERS, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

5.      Identify every communication had with BELL, and for each such communication, identify the parties to the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

6.      With respect to BELL's status as an AUTHORIZED USER, identify all contracts and agreements relating to such authorization; identify the date BELL became an AUTHORIZED USER; identify all documents which would show the date BELL became an AUTHORIZED USER; identify the date BELL became an Unauthorized User; and identify all documents which would show the date BELL became an Unauthorized User.

7.    Identify all efforts and communications between CUSTOMER and COSTAR or COSTAR GROUP to notify, inquire or otherwise communicate regarding a change in status of an AUTHORIZED USER.

8.    Identify all efforts and steps taken by COSTAR or COSTAR GROUP to prevent BELL from accessing COSTAR or COSTAR GROUP's copyright protected databases and materials.

9.      Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K profited directly from any alleged infringement by BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

10.    Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K had the right and ability to supervise BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

11.    Identify all facts known by COSTAR or COSTAR GROUP which would show that BELL directly infringed on a COSTAR or COSTAR GROUP copyright; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

12.    Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K had knowledge of any direct infringement by BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

13.     Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K intentionally induced, encouraged or materially contributed to the direct infringement by BELL; identify by names, titles and addresses of all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

14.   Identify each person whom COSTAR or COSTAR GROUP believes or suspects has knowledge or information of any fact or matter that relates to the allegations in the Complaint, that is relevant to defenses in this action, or that relates to any defense asserted by COSTAR or COSTAR GROUP. In addition, describe in as much detail as is possible the substance of the knowledge or information that COSTAR or COSTAR GROUP believes or suspects each such person may have and identify each and every document relating to such matters.

15.    Identify all persons who assisted in the preparation of answers to these interrogatories, and for each such person, identify the particular interrogatories where that person provided assistance and describe the information or assistance provided by that person on an interrogatory-by-interrogatory basis.

## VERIFICATION

I HEREBY swear and affirm that the answers to the above interrogatories are true and correct to the best of my knowledge and belief.

COSTAR REALTY INFORMATION, INC.
By:_____
As its: _____

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2008, by _____, as _____, of Costar Realty Information, Inc., who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

_____
Notary Public-State of Florida
Print: _____
My Commission Expires:
(Seal)