UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

    Plaintiff,

vs.                                  Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

    Defendants.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT COSTAR REALTY INFORMATION, INC.

Pursuant to Federal Rule of Civil Procedure 33, Defendant CoStar Realty Information, Inc. ("CoStar") responds to Klein & Heuchan, Inc.'s ("Klein & Heuchan") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Each of CoStar's responses is subject to, and incorporates, the following general objections. CoStar specifically incorporates each of these general objections into its responses to each of Klein & Heuchan's interrogatories, whether or not each such general objection is expressly referred to in CoStar's response to a specific interrogatory.

Discovery in this case is only now beginning. CoStar reserves the right to amend or supplement its responses seasonably as additional information becomes available.

    1.    CoStar will make reasonable efforts to respond to the First Set of Interrogatories, to the extent that no objection is made, as CoStar understands and interprets each interrogatory. If Klein & Heuchan subsequently asserts any interpretation

EXHIBIT C

of any interrogatory that differs from the interpretation of CoStar, then CoStar reserves the right to supplement and amend its objections and responses.

2. CoStar objects to any interrogatory that seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity. The inadvertent production by CoStar of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by CoStar of such protections.

3. CoStar objects to any interrogatory to the extent that it calls for the provision of information prohibited from disclosure by any laws or regulations of any state, the United States, or any other country.

4. CoStar objects to any interrogatory that is premature and/or to the extent that it (a) conflicts with any schedule for disclosure to be entered by the Court and/or (b) seeks information that is the subject of expert testimony. CoStar further objects to the extent Klein & Heuchan seeks to impose document production obligations on CoStar that Klein & Heuchan contends are unreasonable as to Klein & Heuchan's own responses to discovery requests.

5. CoStar objects to any interrogatory to the extent that it is overbroad or unduly burdensome, or purports to impose upon CoStar any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, or any other applicable rule. In particular, CoStar objects to any interrogatory to the extent that it calls for information not relevant to the claims or defenses of the parties.

6. CoStar objects to any interrogatory that requests "all" information or "each" item of information, or similar phrases, except to the extent that such

EXHIBIT C
2

interrogatory seeks only a particular and narrow piece of information. In particular, interrogatories seeking "all" information or "each" item of information are inappropriately broad.

7. CoStar objects to any instruction or interrogatory to the extent that it would impose a duty on CoStar to undertake a search for or an evaluation of information, documents, or things for which Klein & Heuchan is equally able to search and evaluate.

8. CoStar objects to each interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent that it does not limit itself to any reasonable time period.

9. CoStar objects to each interrogatory to the extent that it is compound and in fact contains multiple discrete interrogatories.

10. CoStar objects to any interrogatory that seeks trade secrets or confidential, private, commercial, proprietary, or technical information of CoStar. CoStar will not provide any such information until the Court has entered a protective order.

11. In CoStar's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

12. CoStar objects to each interrogatory to the extent that it calls for a legal conclusion.

13. CoStar objects to Klein & Heuchan's Definition of the term "identify" when used with respect to a document as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14. CoStar objects to Klein & Heuchan's Definition of the term "identify" when used with respect to a natural person as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

EXHIBIT C
3

15. CoStar objects to Interrogatories that incorporate the terms "relating to" and "relate to" as defined by Klein & Heuchan on the grounds that, in light of Klein & Heuchan's Definition of these terms, the Interrogatories are overly broad, unduly burdensome, and seek information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

16. CoStar objects to each interrogatory or instruction to the extent that it seeks information that requires more than a reasonably diligent search of CoStar's own corporate records and to the extent that it purports to call for any accounting of information that CoStar no longer possesses and/or was under no obligation to maintain.

17. Nothing contained herein is an admission relative to the existence of any information sought, to the relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular interrogatory.

## RESPONSES

**Interrogatory No. 1:** Identify by name, address and telephone number the CUSTOMER with which COSTAR or COSTAR GROUP granted the License Agreement to access CoStar Property Professional, CoStar Comps, CoStar Tenant commercial real estate information databases and related software and with which you allege BELL was an employee or independent contractor. If the CUSTOMER identified is anything other than a natural person, please identify the contact person for the CUSTOMER by name, address and telephone.

**RESPONSE:** CoStar objects to this Interrogatory as vague, ambiguous and unintelligible. CoStar further objects to this Interrogatory as compound in that it requests both the identity of the CoStar subscriber and a "contact person" for the subscriber. Accordingly, CoStar calculates this Interrogatory as two separate interrogatories under Federal Rule of Civil Procedure 33. To the extent that this Interrogatory requests the identity of a "contact person" for the customer, such request is vague and unintelligible, as many different persons employed by this customer are subject to being contacted by

EXHIBIT C
4

CoStar for reasons unrelated to this litigation or the customer's contract with CoStar. Moreover, CoStar further objects to this interrogatory as calling for the disclosure of confidential materials that are properly the subject of a protective order. The identity of CoStar's contacts with its customers are highly sensitive trade secrets of CoStar. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such trade secrets. Subject to the foregoing specific and general objections, CoStar responds as follows:

CoStar understands this Interrogatory to request the identity of the CoStar customer that previously identified Scott Bell as an authorized user under the license agreement between CoStar and that Customer. That customer is:

NRT, LLC., 339 Jefferson Road, Parsippany, NJ 07054

**Interrogatory No. 2.** Identify every communication that had with any representative, employee or agent of CUSTOMER that relates to a LICENSE AGREEMENT, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.), and identify the substance of the communication in detail.

**RESPONSE:** CoStar objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests "every" communication with its customer concerning the customer's license agreement with CoStar. The overwhelming majority of such communications are unrelated to any issue relevant to this litigation. CoStar is willing to meet and confer with Klein & Heuchan to narrow this Interrogatory to make it conform to the Federal Rules of Civil Procedure. Moreover, CoStar further objects to this interrogatory as calling for the disclosure of confidential materials that are properly the subject of a protective order. The identity of CoStar's contacts with its customers, its negotiations concerning the license agreement, and its performance and interpretation of

EXHIBIT C

5

the license agreement are highly sensitive trade secrets of CoStar. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such trade secrets.

> **Interrogatory No. 3.** Identify every communication had with any representative, employee or agent of CUSTOMER that relates to BELL, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

**RESPONSE:** CoStar objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests "every" communication with its customer relating to Bell. CoStar is willing to meet and confer with Klein & Heuchan to narrow this Interrogatory to make it conform to the Federal Rules of Civil Procedure.

> **Interrogatory No. 4.** Identify every communication had with any representative, employee or agent of CUSTOMER that relates to AUTHORIZED USERS, and for each such communication, identify the recipient of the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

**RESPONSE:** CoStar objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests "every" communication with its customer relating to customer's authorized users. The overwhelming majority of such communications are unrelated to any issue relevant to this litigation. CoStar is willing to meet and confer with Klein & Heuchan to narrow this Interrogatory to make it conform to the Federal Rules of Civil Procedure. Moreover, CoStar further objects to this interrogatory as calling for the disclosure of confidential materials that are properly the subject of a protective order. The identity of CoStar's contacts with its customers and the identity of CoStar's authorized users with respect to CoStar's customers are highly sensitive trade secrets of

EXHIBIT C
6

CoStar. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such trade secrets.

> **Interrogatory No. 5.** Identify every communication had with BELL, and for each such communication, identify the parties to the communication, the date the communication was made, the means of the communication (written, verbal, telephone call, etc.) and identify the substance of the communication in detail.

**RESPONSE:** CoStar objects to this interrogatory as vague, ambiguous and unintelligible as written and overbroad and unduly burdensome in scope. CoStar has no ability to identify every communication "had with BELL," nor can it identify the parties to such communication. CoStar is willing to meet and confer with Klein & Heuchan to narrow this Interrogatory to make it conform to the Federal Rules of Civil Procedure.

> **Interrogatory No. 6.** With respect to BELL's status as an AUTHORIZED USER, identify all contracts and agreements relating to such authorization; identify the date BELL became an AUTHORIZED USER; identify all documents which would show the date BELL became an AUTHORIZED USER; identify the date BELL became an Unauthorized User; and identify all documents which would show the date BELL became an Unauthorized User.

**RESPONSE:** CoStar objects to this interrogatory as vague and ambiguous, overly broad and unduly burdensome. CoStar further objects to this interrogatory as compound, in that it requests: (a) identification of contracts; (b) a date upon which Bell became an authorized user; (c) an identification of documents relating to such date; (d) a date upon which Bell no longer was an authorized user; and (e) identification of documents relating to such date. Accordingly, CoStar calculates this Interrogatory as five separate interrogatories under Federal Rule of Civil Procedure 33.

CoStar further objects to this interrogatory as calling for the disclosure of confidential materials that are properly the subject of a protective order. The identity of CoStar's contracts with its customers and the identity of CoStar's authorized users with respect to CoStar's customers are highly sensitive trade secrets of CoStar. CoStar is

EXHIBIT C
7

willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such trade secrets.

**Interrogatory No. 7.** Identify all efforts and communications between CUSTOMER and COSTAR or COSTAR GROUP to notify, inquire or otherwise communicate regarding a change in status of an AUTHORIZED USER.

**RESPONSE:** CoStar objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests "all" communication with its customer relating to changes in status of customer's authorized users. The overwhelming majority of such communications are unrelated to any issue relevant to this litigation. CoStar is willing to meet and confer with Klein & Heuchan to narrow this Interrogatory to make it conform to the Federal Rules of Civil Procedure. Moreover, CoStar further objects to this interrogatory as calling for the disclosure of confidential materials that are properly the subject of a protective order. The identity of CoStar's contacts with its customers and the identity of CoStar's authorized users with respect to CoStar's customers are highly sensitive trade secrets of CoStar. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such trade secrets.

**Interrogatory No. 8.** Identify all efforts and steps taken by COSTAR or COSTAR GROUP to prevent BELL from accessing COSTAR or COSTAR GROUP's copyright protected databases and materials.

**RESPONSE:** CoStar objects to this Interrogatory as vague and ambiguous. CoStar further objects to this Interrogatory to the extent that it calls for information that is a protected trade secret of CoStar. CoStar's means of enforcement are highly sensitive trade secrets of CoStar.

EXHIBIT C

CoStar construes this Interrogatory to not call for highly confident enforcement methodologies. Subject to the and without waiving the foregoing specific and general objections, CoStar responds as follows:

CoStar protects access to its products and services in a number of different ways, all of which would have the effect of preventing Bell from authorizing CoStar's products and services: (1) CoStar enters into licensing agreements with its customers that limit the use of the products licensed to identified authorized users, a defined term under such licensing agreements that excludes non-employees from using CoStar's products; (2) CoStar's sales and customer service staff is trained to monitor customers to determine whether unauthorized users are gaining access to CoStar's products; and (3) CoStar maintains an anti-piracy group that actively monitors electronic data produced by usage of CoStar's products to determine whether unauthorized users are accessing CoStar's products.

> **Interrogatory No. 9.** Identify all facts known by COSTAR or COSTAR GROUP which would show that K&H profited directly from any alleged infringement by BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:**   CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar will update this response seasonably in accordance with its obligations under the Federal Rules of Civil Procedure. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Klein & Heuchan's profits; (b) requests identification of the persons relied upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

EXHIBIT C
9

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 9-1:** Bell used CoStar's products in the course of his employment at Klein & Heuchan. Based on his use of CoStar's products, Bell was able to generate revenue for Klein & Heuchan, thus providing a direct financial benefit to Klein & Heuchan. In addition, upon information and belief, Bell provided infringing materials directly to principals of Klein & Heuchan, and such principles obtain a direct financial benefit from obtaining access to such infringing materials.

**Interrogatory 9-2:** CoStar is relying upon the following individuals to support such facts: Steven Klein (identity known to Klein & Heuchan); Scott Bell (identity known to Klein & Heuchan); Steven Williams, Assistant Direct, Theft, Fraud & Litigation Team, CoStar Group, Inc. (contact through counsel).

**Interrogatory 9-3:** CoStar will produce any responsive documents to this Interrogatory in accordance with Federal Rule of Civil Procedure 33(d).

**Interrogatory No. 10.** Identify all facts known by COSTAR or COSTAR GROUP which would show that K&H had the right and ability to supervise BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar will update this response seasonably in accordance with its obligations under the Federal Rules of Civil Procedure. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Klein & Heuchan's right and ability to supervise Bell; (b) requests identification of the persons relied upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar

EXHIBIT C
10

calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 10-1:** Bell was an employee of Klein & Heuchan or an independent contractor working exclusively for Klein & Heuchan and therefore had the legal right to control Bell's conduct. In addition, Klein & Heuchan provided Bell with the means and facilities necessary to infringe CoStar's copyrights and had the legal right to deny Bell access to those means and facilities.

**Interrogatory 10-2:** CoStar is relying upon the following individuals to support such facts: Steven Klein (identity known to Klein & Heuchan); Scott Bell (identity known to Klein & Heuchan); Steven Williams, Assistant Direct, Theft, Fraud & Litigation Team, CoStar Group, Inc. (contact through counsel).

**Interrogatory 10-3:** CoStar will produce any responsive documents to this Interrogatory in accordance with Federal Rule of Civil Procedure 33(d).

> **Interrogatory No. 11.** Identify all facts known by COSTAR or COSTAR GROUP which would show that BELL directly infringed on a COSTAR or COSTAR GROUP copyright; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar will update this response seasonably in accordance with its obligations under the Federal Rules of Civil Procedure. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Bell's direct infringement; (b) requests identification of the persons relied

EXHIBIT C

upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 11-1:** Bell did not have CoStar's permission to access CoStar's copyrighted databases nor to make reproductions or displays of the copyright compilations of data and photographs appearing in such databases. Bell gained unauthorized access to CoStar's copyrighted databases and reproduced and displayed CoStar's copyrighted compilations of data and photographs.

**Interrogatory 11-2:** CoStar is relying upon the following individuals to support such facts: Steven Klein (identity known to Klein & Heuchan); Scott Bell (identity known to Klein & Heuchan); Steven Williams, Assistant Direct, Theft, Fraud & Litigation Team, CoStar Group, Inc. (contact through counsel).

**Interrogatory 11-3:** CoStar will produce any responsive documents to this Interrogatory in accordance with Federal Rule of Civil Procedure 33(d).

**Interrogatory No. 12.** Identify all facts known by COSTAR or COSTAR GROUP which would show that K&H had knowledge of any direct infringement by BELL; identify by names, titles and addresses all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar will update this response seasonably in accordance with its obligations under the Federal Rules of Civil Procedure. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Bell's direct infringement; (b) requests identification of the persons relied

EXHIBIT C
12

upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 12-1:** Bell did not have CoStar's permission to access CoStar's copyrighted databases nor to make reproductions or displays of the copyright compilations of data and photographs appearing in such databases. Bell gained unauthorized access to CoStar's copyrighted databases and reproduced and displayed CoStar's copyrighted compilations of data and photographs.

**Interrogatory 12-2:** CoStar is relying upon the following individuals to support such facts: Steven Klein (identity known to Klein & Heuchan); Scott Bell (identity known to Klein & Heuchan); Steven Williams, Assistant Direct, Theft, Fraud & Litigation Team, CoStar Group, Inc. (contact through counsel).

**Interrogatory 12-3:** CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

**Interrogatory No. 13.** Identify all facts known by COSTAR or COSTAR GROUP which would show that H&K intentionally induced, encouraged or materially contributed to the direct infringement by BELL; identify by names, titles and addresses of all persons relied upon to support those facts; and identify all documents relied upon to support those facts.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar further objects to this Interrogatory as compound in that it requests: (a) "all facts" concerning Klein & Heuchan's conduct that

EXHIBIT C
13

gives rise to secondary liability; (b) requests identification of the persons relied upon to support those facts; and (c) requests identification of documents relied upon to support those facts. Accordingly, CoStar calculates this Interrogatory as three separate interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, CoStar responds as follows:

**Interrogatory 13-1:** CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

**Interrogatory 13-2:** CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

**Interrogatory 13-3:** CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

**Interrogatory No. 14.** Identify each person whom COSTAR or COSTAR GROUP believes or suspects has knowledge or information of any fact or matter that relates to the allegations in the Complaint, that is relevant to defenses in this action, or that relates to any defense asserted by COSTAR or COSTAR GROUP. In addition, describe in as much detail as is possible the substance of the knowledge or information that COSTAR or COSTAR GROUP believes or suspects each such person may have and identify each and every document relating to such matters.

**RESPONSE:** CoStar objects to this Interrogatory as premature inasmuch as discovery in this case has just begun and facts related to this Interrogatory are solely within the possession of Klein & Heuchan. CoStar further objects to this Interrogatory as overly broad and unduly burdensome.

EXHIBIT C
14

CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

**Interrogatory No. 15.** Identify all persons who assisted in the preparation of answers to these interrogatories, and for each such person, identify the particular interrogatories where that person provided assistance and describe the information or assistance provided by that person on an interrogatory-by-interrogatory basis.

**RESPONSE:** CoStar objects to this Interrogatory as calling for the disclosure of information and/or materials protected by the attorney-client privilege and attorney work product.

CoStar objects to this Interrogatory because it exceeds the 25 Interrogatory limit placed on Klein & Heuchan in the Court's Case Management Order.

EXHIBIT C
15

## VERIFICATION

I HEREBY swear and affirm that the answers to the above interrogatories are true and correct to the best of my knowledge and belief.

 

_____
COSTAR REALTY INFORMATION, INC.

By: _____

As its: _____

STATE OF FLORIDA  
COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2008, by _____, as _____, of Costar Realty Information, Inc., who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

 

_____
Notary Public-State of Florida

Print: _____
My Commission Expires:
(Seal)

EXHIBIT C
16

Respectfully submitted,

_____
William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
Trial Counsel
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this _____ day of December, 2008, to J. Paul Raymond and Jeff Gibson, MacFarlane Ferguson & McMullen, P. O. Box 1669, Clearwater, FL 33757.

_____
Attorney

634206

EXHIBIT C