UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

    Plaintiff,

vs.                                                                     Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

    Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COSTAR REALTY INFORMATION, INC.

Pursuant to Fed R. Civ. P. 34, Plaintiff, KLEIN & HEUCHAN, INC., directs to Defendant, COSTAR REALTY INFORMATION, INC., this request for production of documents, seeking the production of the documents described below within thirty (30) days of the date on this request, at a mutually agreeable time and place, or at such other earlier time as directed by the Court.

### DEFINITIONS AND INSTRUCTIONS

1. "Defendant" or "COSTAR" means the Defendant, Costar Realty Information, Inc., and also includes any of its past or present employees, officers, directors, agents, representatives, and attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

2. "Plaintiff" or "K&H" means the Plaintiff, Klein & Heuchan, Inc., and also includes any of its past or present employees, officers, directors, agents, representative, and attorneys, as well

1

as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

3. "COSTAR GROUP" means the Defendant, Costar Group, Inc., and also includes any of its past or present employees, officers, directors, agents, representatives, and attorneys, as well as any and all subsidiaries, predecessor or successor companies, any assignee or representative thereof, or other persons or entities acting or purporting to act on its behalf or direction.

4. "BELL" means Scott Bell, as referenced in Plaintiff's Complaint and also includes any assignee or representative thereof, or other persons acting or purporting to act on his behalf or direction.

5. "CUSTOMER" means that individual or entity with which COSTAR or COSTAR GROUP had a License Agreement to access CoStar Property Professional, CoStar Comps, CoStar Tenant commercial real estate information databases and related software and which BELL was an employee or independent contractor.

6. "AUTHORIZED USER" means an individual employed by a CUSTOMER or an Independent Contractor of a CUSTOMER at a site identified in the License Agreement, and who is specified in the License Agreement as a user of a specific Passcode-Protected Product.

7. "LICENSE AGREEMENT" means a written agreement between COSTAR or COSTAR GROUP and CUSTOMER which allowed CUSTOMER access to any information services and databases of COSTAR or COSTAR GROUP, including CoStar Property Professional, CoStar Compa and CoStar Tenant databases and related software.

8. "Relating to" or "relate to" means, without limitation, consisting of, referring to, describing, discussing, constituting, identifying, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, alluding to, analyzing, or bearing any logical or factual connection with the matter discussed.

9. "Document" means any medium upon or through which intelligence or information may be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, facsimile, e-mail, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, graph, index, list, tape, sound recording, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however reproduced, which is in your possession, custody or control (<u>which shall be deemed to include, without limitation, matters within the possession or custody of your present or former agents or attorneys</u>) or which was, but is no longer, in your possession, custody or control. "Document" is used in its broadest sense and includes "documents," "other tangible things," and any other materials within the scope of Fla.R.Civ.P. 1.280.

10. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons or entities.

11. You are to produce all materials at the offices of Macfarlane, Ferguson & McMullen, P.A., 625 Court Street, Suite 200, Clearwater, Florida 33756, within the timeframe set forth in this request or at a mutually agreeable time and location.

12. As used herein, the singular shall be deemed to include the plural and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa; and each of the functional words "each", "every", and "any" and "all" shall be deemed to include each of the other functional words.

13. If you desire confidentiality for business reasons for any of the discovery sought, contact Plaintiff's counsel immediately with proposed language for an agreement to that effect, identifying all types of documents for which protection is sought and the reasons for their confidentiality.

14. These requests seek all documents in your possession, custody, or control, from whatever source obtained, including documents in the possession of any of your present and former officers, directors, employees, agents, attorneys, investigators, accountants, or consultants. The documents produced in response to these requests shall be: (1) organized and designated to correspond to the categories in these requests; or (2) produced as they were kept in the usual course of business. All documents which cannot be legibly copied shall be produced in their original form.

15. For all materials for which you claim attorney-client privilege, provide an appropriate privilege log containing the type of materials, (e.g. letter, contract, memorandum, notes, etc.) the date of the material, the author and recipient of the material, and the type of medium. (e.g. document, photograph, sketch, diagram, blueprints, computer discs, etc.)

EXHIBIT D

16. Unless otherwise stated, the time frame of the requested materials is from January 1, 2006 through to the present.

## DOCUMENTS REQUESTED

1. All documents that you are requested to identify in Plaintiff's First Set of Interrogatories to Defendant, Costar Realty Information, Inc.

2. Any and all documents of communication between COSTAR and the CUSTOMER (which had Scott Bell as its employee or independent contractor) with which COSTAR entered into a LICENSE AGREEMENT for access to the CoStar Property Professional, CoStar Comps, and CoStar Tennant commercial real estate information databases and software.

3. Any and all documents of communication between COSTAR GROUP and the CUSTOMER (which had Scott Bell as its employee or independent contractor) with which COSTAR GROUP entered into a LICENSE AGREEMENT for access to the CoStar Property Professional, CoStar Comps, and CoStar Tennant commercial real estate information databases and software.

4. A copy of the LICENSE AGREEMENT between COSTAR and the CUSTOMER which had Scott Bell as an employee or independent contractor.

5. A copy of the LICENSE AGREEMENT between COSTAR GROUP and the CUSTOMER which had Scott Bell as an employee or independent contractor.

6. Any and all documents of communication between COSTAR and BELL.

7. Any and all documents of communication between COSTAR GROUP and Bell.

8. Any and all documents of communication between COSTAR and K&H.

9. Any and all documents of communication between COSTAR GROUP and K&H.

10. Any and all documents which would tend to show the date when BELL became associated with the CUSTOMER.

11. Any and all documents which would tend to show the date when BELL became an AUTHORIZED USER of any COSTAR or COSTAR GROUP database service.

12. Any and all documents which would tend to show the date when BELL was issued or assigned a user name and password.

13. Any and all documents which would tend to show the date when BELL ceased to be associated with the CUSTOMER.

14. Any and all documents which would tend to show the date when BELL became an Unauthorized User.

15. Any and all documents which would tend to show that H&K directly profited from the alleged infringement by BELL.

16. Any and all documents which would show that H&K had the right and ability to supervise BELL.

17. Any and all documents which would show that BELL was a direct infringer of the copyrights held by COSTAR or COSTAR GROUP.

18. Any and all documents which would show that H&K had knowledge of the alleged infringement by BELL.

19. Any and all documents which would show that H&K intentionally induced, encouraged or materially contributed to the alleged infringement by BELL.

20. Any and all documents which would show the policies and procedures utilized by COSTAR or COSTAR GROUP to terminate or cancel a license agreement with a License Holder or terminate or cancel the rights granted to an AUTHORIZED USER.

21. Any and all documents terminating or cancelling BELL's status as an AUTHORIZED USER.

22. Any and all documents relating to BELL's association with CUSTOMER.

23. Any and all documents relating to BELL's association with H&K.

24. Any and all documents showing that K&H supplied facilities, including office space, computer and internet necessary for BELL's alleged access to COSTAR or COSTAR GROUP's copyrighted material.

25. Any and all documents showing that BELL made unauthorized copies and displays of COSTAR or COSTAR GROUP's copyrighted databases and copyrighted photographs.

26. Any and all documents which would show the efforts and steps taken by COSTAR or COSTAR GROUP to prevent BELL from accessing COSTAR or COSTAR GROUP's copyrighted material.

27. Any and all documents which would show the policies and procedures utilized by COSTAR or COSTAR GROUP to determine when AUTHORIZED USERS become unauthorized users.

28. Any and all documents which would show the steps taken to block access to COSTAR or COSTAR GROUP's copyrighted material or cancel user identification or pass codes when AUTHORIZED USERS become unauthorized users.

29. Any and all documents which would show that BELL agreed to and accepted COSTAR or COSTAR GROUP's Terms of Use agreement.

30. Any and all documents which would show that BELL was party to or had knowledge of any License Agreement between COSTAR or COSTAR GROUP and the CUSTOMER.

31. Any and all documents which would show that H&K agreed to and acceptedor otherwise had knowledge of COSTAR or COSTAR GROUP's Terms of Use agreement.

32. Any and all documents that would show that H&K was party to or had knowledge of any License Agreement between COSTAR or COSTAR GROUP and the CUSTOMER.

33. Exact copies (i.e. bit-by-bit copies) of all hard drives on the desktop computers, laptop computers, notebook computers, personal digital assistant computers, in-house servers, servers, mainframes, and other electronic media which contain any materials related to the subject matter of this litigation. (include all instructions, passwords, formats, coding, labeling and other identifiers implemented by you to enable a person to search, navigate, retrieve, sort, locate, organize and otherwise utilize the information stored on said media)

8
EXHIBIT D

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing request for production has been furnished by U.S. Mail and facsimile (813-221-2900) to William Cooper Guerrant, Jr., Esq., Hill Ward Henderson, P.O. Box 2231, Tampa, Florida 33601-2231 on this ___5___ day of November, 2008.

> MACFARLANE FERGUSON & McMULLEN
> 625 Court Street, Suite 200
> Clearwater, Florida  33756
> 727-441-8966 (Telephone)
> 727-442-8470 (Facsimile)
> Attorneys for Plaintiff
>
> _____
> J. PAUL RAYMOND, ESQ.
> FBN: 0169268
> JEFFREY W. GIBSON, ESQ.
> FBN: 0568074