UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.

       Plaintiff,

vs.                             Civil No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

       Defendants.

_____/

## DEFENDANT COSTAR REALTY INFORMATION, INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, defendant CoStar Realty Information, Inc. ("CoStar") responds and objects to Klein & Heuchan Inc.'s ("Klein & Heuchan") First Set of Requests for Production as follows:

### GENERAL OBJECTIONS

Each of CoStar's responses is subject to, and incorporates, the following general objections. CoStar specifically incorporates each of these general objections into its responses to each of Klein & Heuchan's requests for production, whether or not each such general objection is expressly referred to in CoStar's response to a specific request.

1.      CoStar will make reasonable efforts to respond to Klein & Heuchan's First Set of Requests for Production of Documents, to the extent that no objection is made, as CoStar understands and interprets each request. If Klein & Heuchan subsequently asserts any interpretation of any request that differs from the interpretation of CoStar, CoStar reserves the right to supplement and amend its objections and responses.

EXHIBIT E
1

2.    CoStar objects to any request that seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, the self-criticism privilege or any other applicable privilege or immunity. The inadvertent production by CoStar of documents containing information protected from disclosure by any privilege or doctrine shall not constitute a waiver by CoStar of such protections.

3.    CoStar objects to any request for documents that is premature and/or that conflicts with any schedule for disclosure to be entered by the Court.

4.    CoStar objects to any definition, instruction, or request to the extent it is overbroad or unduly burdensome, or purports to impose upon CoStar any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, or any other applicable rule. In particular, CoStar objects to any request to the extent it calls for production of information not relevant to the claims or defenses of the parties.

5.    CoStar objects to any request that requests "all" documents, except to the extent that such request seeks reasonably narrow information.

6.    CoStar objects to any request to the extent it calls for the production of documents prohibited from disclosure by any laws or regulations of any state, the United States, or any other country.

7.    CoStar objects to any request and to any definition to the extent they purport to impose a duty or obligation on CoStar to search for documents or things beyond a reasonably diligent search of CoStar's corporate files where documents responsive to these requests would reasonably be expected to be found.

8.    CoStar objects to any request and to any definition to the extent they purport to impose a duty or obligation on CoStar to create documents where no such documents exist, or to obtain documents not currently in the possession of CoStar.

9.     CoStar objects to any request to the extent it would impose a duty on CoStar to undertake a search for documents for which Klein & Heuchan is equally able to search. In particular, CoStar objects to each request to the extent it seeks documents that are publicly available.

10.     Nothing contained herein is an admission relative to the existence of any information sought, to the relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular request.

11.     CoStar objects to Klein & Heuchan's document requests as vague, ambiguous, overbroad and unduly burdensome to the extent that they are not limited to a reasonable, relevant time period.  CoStar will search for and produce documents concerning the time period that is relevant to the claims and defenses of the parties.

12.     Pending entry of an appropriate protective order, CoStar objects to each request to the extent it seeks the production of documents of a confidential or proprietary nature to CoStar, or to others to whom or to which CoStar is under an obligation of confidentiality.  CoStar further objects to the extent Klein & Heuchan seeks to impose document production obligations on CoStar that Klein & Heuchan contends are unreasonable as to Klein & Heuchan's own production.

13.     All responses are based on information presently known to CoStar after reasonable investigation.  CoStar's objections as set forth herein are made without prejudice to CoStar's right to assert any additional or supplemental objections.

14.     In CoStar's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

15.     The documents and materials to be produced will be produced for review at a mutually convenient time and place and subject to the terms of an appropriate protective order.

16.    CoStar objects to the terms "COSTAR," "YOU," and "YOUR," as defined by Klein & Heuchan on the grounds that, in light of Klein & Heuchan's definition of these terms, the requests for production are overbroad, vague, and ambiguous to the extent that they seek information, documents, or materials not in the possession, custody, or control of CoStar.

17.    CoStar objects to the term "RELATE TO" as defined by Klein & Heuchan on the grounds that, in light of Klein & Heuchan's definition of this term, the requests for production are overly broad, unduly burdensome, and seek information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

Subject to any specific objections set forth below, and specifically incorporating each of the foregoing General Objections into each response below, and without waiving said objections and responses, CoStar responds as follows:

**Request No. 1.**    All documents that you are requested to identify in Plaintiff's First Set of Interrogatories to Defendant, Costar Realty Information, Inc.

**RESPONSE:** CoStar incorporates by reference its specific and general objections to Plaintiff's First Set of Interrogatories to Defendant, CoStar Realty Information, Inc. CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 2.**   Any and all documents of communication between COSTAR

and the CUSTOMER (which had Scott Bell as its employee or independent contractor)

with which COSTAR entered into a LICENSE AGREEMENT for access to the CoStar

Property Professional, CoStar Comps, and CoStar Tennant commercial real estate

information databases and software.

**RESPONSE:**   CoStar objects to this interrogatory as vague, ambiguous and

unintelligible as written.   The concept of "documents of communications . . . with which

COSTAR entered into a LICENSE AGREEMENT" is unintelligible unless it calls for the

license agreement between CoStar and its customer.   CoStar further objects to this

Request as calling for the disclosure of confidential materials that are properly the subject

of a protective order.   CoStar is willing to work with Klein & Heuchan to enter into an

appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections, CoStar

construes this Request as seeking the license agreement between CoStar and its customer.

When the parties agree to an appropriate protective order, CoStar will produce any

responsive, non-privileged documents in response to this Request.

**Request No. 3.**   Any and all documents of communication between COSTAR

GROUP and the CUSTOMER (which had Scott Bell as its employee or independent

contractor) with which COSTAR GROUP entered into a LICENSE AGREEMENT for

access to the CoStar Property Professional, CoStar Comps, and CoStar Tennant

commercial real estate information databases and software.

**RESPONSE:**   CoStar objects to this interrogatory as vague, ambiguous and

unintelligible as written.   The concept of "documents of communications . . . with which

COSTAR GROUP entered into a LICENSE AGREEMENT" is unintelligible unless it calls for the license agreement between CoStar and its customer. CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections, CoStar construes this Request as seeking the license agreement between CoStar and its customer. When the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 4.**   A copy of the LICENSE AGREEMENT between COSTAR and the CUSTOMER which had Scott Bell as an employee or independent contractor.

**RESPONSE:**  CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 5.**   A copy of the LICENSE AGREEMENT between COSTAR GROUP and the CUSTOMER which had Scott Bell as an employee or independent contractor.

**RESPONSE:**  CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.  CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 6.**   Any and all documents of communication between COSTAR and BELL.

**RESPONSE:**   CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., Bell.   CoStar further objects to this Request as unintelligible as written, as the term "documents of communications" is incomprehensible.   CoStar construes such term to mean documents recording communications.   CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.  CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.  CoStar further objects to this Request as potentially calling for documents privileged from production.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 7.**   Any and all documents of communication between COSTAR GROUP and Bell.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., Bell. CoStar further objects to this Request as unintelligible as written, as the term "documents of communications" is incomprehensible. CoStar construes such term to mean documents recording communications. CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials. CoStar further objects to this Request as potentially calling for documents privileged from production.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 8.** Any and all documents of communication between COSTAR and K&H.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar. CoStar further objects to this Request as unintelligible as written, as the term "documents of communications" is incomprehensible. CoStar construes such term to mean documents recording communications.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 9.** Any and all documents of communication between COSTAR GROUP and K&H.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar. CoStar further objects to this Request as unintelligible as written, as the term "documents of communications" is incomprehensible. CoStar construes such term to mean documents recording communications.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 10.** Any and all documents which would tend to show the date when BELL became associated with the CUSTOMER.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer. CoStar further objects to the term "associated" as vague and ambiguous. CoStar construes such term to mean when Bell became an employee of CoStar's customer.

Subject to and without waiving those specific and general objections, CoStar is unaware of any responsive, non-privileged documents in its possession.

**Request No. 11.** Any and all documents which would tend to show the date when BELL became an AUTHORIZED USER of any COSTAR or COSTAR GROUP database service.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 12.**  Any and all documents which would tend to show the date when BELL was issued or assigned a user name and password.

**RESPONSE:**  CoStar objects to this Request as vague and ambiguous inasmuch as it does not define the party issuing or assigning a user name and password nor does it define what such user name and password would be used for.  CoStar construes this Request to mean the assignment of a user name and password to Bell by CoStar.  CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.  CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 13.**  Any and all documents which would tend to show the date when BELL ceased to be associated with the CUSTOMER.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer.  CoStar further objects to the term "ceased to be associated" as vague and ambiguous.  CoStar construes such term to mean when Bell's employment with CoStar's customer was terminated.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 14.**  Any and all documents which would tend to show the date when BELL became an Unauthorized User.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer.  CoStar objects to the term "Unauthorized User" as vague and ambiguous in that it is not a term defined by Klein & Heuchan.  CoStar construes such term to mean "not an Authorized User."

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 15.**  Any and all documents which would tend to show that K&H directly profited from the alleged infringement by BELL.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 16.**  Any and all documents which would show that K&H had the right and ability to supervise BELL.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 17.**  Any and all documents which would show that BELL was a direct infringer of the copyrights held by COSTAR or COSTAR GROUP.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.  CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 18.**  Any and all documents which would show that K&H had knowledge of the alleged infringement by BELL.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 19.**  Any and all documents which would show that K&H intentionally induced, encouraged or materially contributed to the alleged infringement by BELL.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 20.**  Any and all documents which would show the policies and procedures utilized by COSTAR or COSTAR GROUP to terminate or cancel a license agreement with a License Holder or terminate or cancel the rights granted to an AUTHORIZED USER.

**RESPONSE:**  CoStar objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all documents" related to policies and procedures utilized by CoStar to terminate a license agreement for any reason.  CoStar is willing to meet and confer with Klein & Heuchan to narrow this Request to make it conform to the Federal Rules of Civil Procedure.    CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.  CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 21.**  Any and all documents terminating or cancelling BELL's status as an AUTHORIZED USER.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 22.**   Any and all documents relating to BELL's association with CUSTOMER.

**RESPONSE:**   CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer.   CoStar further objects to the term "association" as vague and ambiguous.   CoStar construes such term to mean Bell's employment CoStar's customer.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 23.**   Any and all documents relating to BELL's association with K&H.

**RESPONSE:**   CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 24.**   Any and all documents showing that K&H supplied facilities, including office space, computer and internet necessary for BELL's alleged access to COSTAR or COSTAR GROUP's copyrighted material.

**RESPONSE:**   CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 25.**   Any and all documents showing that BELL made unauthorized copies and displays of COSTAR or COSTAR GROUP's copyrighted databases and copyrighted photographs.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.   CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 26.**   Any and all documents which would show the efforts and steps taken by COSTAR or COSTAR GROUP to prevent BELL from accessing COSTAR or COSTAR GROUP's copyrighted material.

**RESPONSE:** CoStar objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order.   CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 27.**   Any and all documents which would show the policies and procedures utilized by COSTAR or COSTAR GROUP to determine when AUTHORIZED USERS become unauthorized users.

**RESPONSE:** CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar objects to the term "unauthorized user" as vague and ambiguous in that it is not a term defined by Klein & Heuchan. CoStar construes such term to mean "not an Authorized User." CoStar is willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 28.** Any and all documents which would show the steps taken to block access to COSTAR or COSTAR GROUP's copyrighted material or cancel user identification or pass codes when AUTHORIZED USERS become unauthorized users.

**RESPONSE:** CoStar objects to the term "unauthorized user" as vague and ambiguous in that it is not a term defined by Klein & Heuchan. CoStar construes such term to mean "not an Authorized User." CoStar further objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all documents" related to the steps taken by CoStar to block access or cancel user identifications or passcodes when an authorized user no longer has authorized status. CoStar is willing to meet and confer with Klein & Heuchan to narrow this Request to make it conform to the Federal Rules of Civil Procedure. CoStar further objects to this Request as calling for the disclosure of confidential materials that are properly the subject of a protective order. CoStar is

willing to work with Klein & Heuchan to enter into an appropriate protective order to maintain the confidentiality of such confidential materials.

Subject to and without waiving those specific and general objections and when the parties agree to an appropriate protective order, CoStar will produce responsive, non-privileged documents in response to this Request.

**Request No. 29.** Any and all documents which would show that BELL agreed to and accepted COSTAR or COSTAR GROUP'S Terms of Use agreement.

**RESPONSE:** CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 30.** Any and all documents which would show that BELL was party to or had knowledge of any License Agreement between COSTAR or COSTAR GROUP and the CUSTOMER.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of a third party, i.e., CoStar's customer and Bell.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 31.** Any and all documents which would show that K&H agreed to and accepted or otherwise had knowledge of COSTAR or COSTAR GROUP'S Terms of Use agreement.

**RESPONSE:** CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 32.**   Any and all documents that would show that K&H was party to or had knowledge of any License Agreement between COSTAR or COSTAR GROUP and the CUSTOMER.

**RESPONSE:**  CoStar objects to this Request to the extent that it calls for documents in the possession of Klein & Heuchan rather than CoStar.

Subject to and without waiving those specific and general objections, CoStar will produce any responsive, non-privileged documents in its possession.

**Request No. 33.**   Exact copies (i.e. bit-by-bit copies) of all hard drives on the desktop computers, laptop computers, notebook computers, personal digital assistant computers, in-house servers, servers, mainframes, and other electronic media which contain any materials related to the subject matter of this litigation. (include all instructions, passwords, formats, coding, labeling and other identifiers implemented by you to enable a person to search, navigate, retrieve, sort, locate, organize and otherwise utilize the information stored on said media).

**RESPONSE:** CoStar objects to this request as overly broad, unduly burdensome, harassing in nature, asserted in bad faith, and not reasonably calculated to the discovery of admissible evidence.  The subject hard drives contain enormous amounts of data, privileged and unprivileged, which have no connection whatsoever to this litigation. CoStar further objects that the reproduction of such hard drives is not reasonably accessible because of undue burden or cost.  CoStar further objects that the burden or expense of the such discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

CoStar will meet and confer with Klein & Heuchan to work out an appropriate stipulation concerning electronic discovery in this case.

Respectfully submitted,

William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
Trial Counsel
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this _____ day of December, 2008, to J. Paul Raymond and Jeff Gibson, MacFarlane Ferguson & McMullen, P. O. Box 1669, Clearwater, FL 33757.

Attorney

634206