UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KLEIN & HEUCHAN, INC.,

    Plaintiff and Counter-Defendant,

v.

COSTAR REALTY INFORMATION,
INC. and COSTAR GROUP, INC.,

    Defendants and Counter-Plaintiffs.

Civ. Act. No. 8:08-cv-01227-JSM-MSS

## COSTAR'S MOTION IN LIMINE
## AND INCORPORATED MEMORANDUM OF LAW

Defendants/Counter-Plaintiffs CoStar Group, Inc. and CoStar Realty Information, Inc. (collectively, "CoStar") respectfully submit this Motion in Limine and Memorandum in Support thereof.

### INTRODUCTION

As a commercial real estate sales associate for Plaintiff/Counter-Defendant Klein & Heuchan, Inc. ("K&H"), Counter-Defendant Scott Bell ("Bell") repeatedly accessed and used the proprietary CoStar online commercial real estate information services without authorization. In the course of doing so, Bell downloaded and distributed dozens of copyrighted photographs and market reports to facilitate K&H's real estate brokerage business. Bell recently settled with CoStar, and the claims against K&H are scheduled for a bench trial during the March 2010 term. This motion seeks to narrow the scope of the forthcoming bench trial by precluding K&H from pursuing an irrelevant and unfounded "blame the victim" defense.

1

In the parties joint Pretrial Statement, K&H listed as contested issues of fact: (a) whether CoStar took reasonable steps to disable Bell's access to the CoStar online services; (b) whether CoStar failed to properly monitor its license holders and take reasonable and appropriate action to prevent any alleged infringement; and (c) whether CoStar, Bell or a third-party was responsible for disabling Bell's password upon expiration of the license agreement. (K&H Contested Issue of Fact Numbers One, Three and Seven.) Apart from the fact that the suggested facts are without any factual basis, they are legally irrelevant. For this reason and in order to streamline the trial, K&H should be precluded from offering evidence on them.

## ARGUMENT

Motions *in limine* arise out of "the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Royale Green Condo. Ass'n v. Aspen Specialty Ins. Co.*, No. 07-Civ-21404, 2009 U.S. Dist. LEXIS 66064, at *3 (S.D. Fla. July 24, 2009) (quoting *Highland Capital Management, L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008)). Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

K&H's effort to put CoStar on trial will create a sideshow, or a "trial within a trial," on issues that have no relevance under Federal Rule of Evidence 401. This case concerns whether K&H is a vicarious and/or contributory infringer. K&H's conduct is on trial, not CoStar's.

Accordingly, any evidence that K&H offers for the purpose of blaming CoStar for allowing its works to be infringed should exclude them from trial.

I.      **The Evidence K&H Seeks to Admit Is Irrelevant as to Liability.**

Notwithstanding that the evidence would show that CoStar diligently protects its copyrights from infringement, K&H's "blame the victim" defense has no place in copyright law as a legal matter. Liability for copyright infringement, direct or secondary, does not turn on the extent to which the copyright owner sought to protect its works.

Direct copyright infringement occurs when an individual violates one of the exclusive rights of a copyright owner. Uncontested Points of Law # 6; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991). Contributory infringement occurs when one who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another. Uncontested Points of Law # 10; *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987). Vicarious liability arises when someone, regardless of their knowledge or intent, has the right and ability to supervise the infringing activity and a financial interest in the activity. *Foley v. Luster*, 249 F.3d 1281, 1288 (11th Cir. 2001); *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1139 n. 19 (11th Cir. 2007).

Nothing in copyright law mandates that a copyright owner must police the marketplace in order to gain the benefit of the legal protections under the Copyright Act. *See, e.g., H.M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70, 74 (2d Cir. 1963) (copyright law does not impose upon copyright proprietors the duty of policing the distribution of pirated works); *Arista Records v. Flea World*, 356 F. Supp. 2d 411, 417 (D.N.J. 2006) (the argument that copyright owners have an affirmative duty to police infringing activity on their own and are obligated not to sleep on their rights relates only to the defense of laches).

3

Early in the case, K&H pled fair use, a statutory exception to copyright infringement, as an affirmative defense. Arguing that CoStar is responsible for the infringement does not support a fair use defense. Fair use concerns whether there is an underlying direct infringement, which is a predicate for secondary liability. In this case, the parties have stipulations of fact in their Joint Pretrial Statement that effectively conclude that Bell committed direct infringement.[1] Moreover, the Court's ruling on CoStar's summary judgment motion reached the same conclusion, that Bell infringed CoStar's copyrighted works. *See* Order, dated November 25, 2009, at 6 ("The evidence presented shows that Bell directly infringed upon CoStar's valid copyrights.") As such, fair use is not an issue.

Moreover, none of the three contested facts would establish any of the statutory fair use factors in any event. Those factors include: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107. None of the three contested issues of fact fall within any of the traditional fair uses of criticism, comment, news reporting, teaching, scholarship, or research. *Id.* Bell's use for K&H was commercial and non-transformative. He used the service, rather than paying the customary license fees. He copied and distributed 100% of the copyrighted works. And, finally, unauthorized use and copying jeopardizes the market for

---

[1] In the parties' pretrial disclosures, Bell, K&H and CoStar stipulated that CoStar owns and registered the copyrights to certain photographs and market reports that Bell downloaded to his computer without authorization. (See Exhibit C to Pretrial Disclosures (Stipulated Facts), at paragraphs 1-3, 6 and 7.) The parties further stipulated that (1) the copying of a copyrighted work in the memory of a computer constitutes a "reproduction" under the Copyright Act; and (2) a *prima facie* case of copyright infringement exists where the plaintiff owns a valid copyright and the defendant violated one of the exclusive rights of the copyright owner. (See Exhibit F to Pretrial Disclosures (Uncontested Points of Law), at paragraphs 6-7.)

CoStar's copyrighted works. Therefore, the fair use defense would be a non-starter even absent the Court's earlier ruling and the parties' pretrial stipulations.

## II. The Evidence K&H Seeks to Admit is Irrelevant to an Equitable Defense.

None of the three contested facts K&H seeks to establish support the equitable defenses that K&H pled in "kitchen-sink" fashion in its Answer, including negligence, waiver, estoppel, laches, and others. (Affirmative Defenses Numbers Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen.) Factually, CoStar had no knowledge of Bell's infringement at the time that it occurred. The only testimony on the issue is from Steve Williams, who testified that "CoStar first detected that Bell was using his Coldwell Banker Commercial NRT-provided user account from IP addresses associated with Klein & Heuchan in the spring of 2008." (Steve Williams Summary Judgment Affidavit, at paragraph 16.) K&H does not contest this fact. Accordingly, that CoStar first learned of the infringing activity in the spring of 2008 and took immediate action precludes each of these affirmative defenses. Specifically:

1. K&H raised CoStar's purported negligence, in not preventing the infringement, as an affirmative defense. This defense fails factually and legally. Copyright infringement is a strict liability offense. As discussed above, although CoStar does protect its copyrights, a copyright owner need not police the marketplace in order to gain the benefit of the legal protections under the Copyright Act. *See, e.g., H.M. Kolbe Co.*, 315 F.2d at 74 (copyright law does not impose upon copyright proprietors the duty of policing the distribution of pirated works); *Flea World*, 356 F. Supp. 2d at 417 (the argument that copyright owners have an affirmative duty to police infringing activity on their own and are obligated not to sleep on their rights relates only to the defense of laches).

5

   2.   K&H raised waiver as an affirmative defense. In copyright law, waiver occurs "only if there is an intent by the copyright proprietor to surrender rights in his work.'" *Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1177 (S.D. Fla. 2006) (quoting *Napster* case), *aff'd* 527 F.3d 1218 (11th Cir. 2008). And that intent must be manifested by some overt act. *Id.* Here, this affirmative defense is not even remotely applicable. There is no dispute that CoStar protects its copyrights and, upon learning of the infringing activity by K&H and Bell, acted promptly to stop it. K&H has no factual basis to assert a defense of waiver.

   3.   K&H pled estoppel as an affirmative defense. The defense of estoppel requires that: (1) the copyright owner knew the facts of the infringement, (2) the copyright owner intended its conduct to be acted upon or the copyright owner acted such that the alleged infringer has a right to believe it was so intended, (3) the alleged infringer is ignorant of the true facts, and (4) the alleged infringer relies on the copyright owner's conduct to his detriment. *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1282 (M.D. Fla. 2008); *Penguin Books v. New Christian Church*, No. 96-Civ-4126 (RWS), 2000 U.S. Dist. LEXIS 10394, * 51-52, 55 U.S.P.Q. 2d 1680 (S.D.N.Y. July 25, 2000). As with waiver, this is not even remotely applicable. There is no dispute that CoStar protects its copyrights and, upon learning of the infringing activity at issue here, acted promptly to stop it. K&H has no factual basis to assert a defense of estoppel.

   4.   Laches is an affirmative defense requiring that: (1) Plaintiff delayed in asserting his rights; (2) the delay was not excusable; and (3) there was undue prejudice to Defendants. *Thornton*, 580 F. Supp. 2d at 1286; *Oravec*, 469 F. Supp. 2d at 1176. As with waiver and estoppel, there are absolutely no facts to support this affirmative defense.

   5.   Finally, as to its thirteenth affirmative defense, K&H pled that any damages sought by CoStar are attributable to and were caused by a third-party. That affirmative defense

has no application in an action regarding secondary infringement, however, as every case of contributory or vicarious liability necessarily involves the defendant being held to answer for the direct conduct of another. *See Flea World, Inc.*, 356 F. Supp. 2d 411, 416-17 (D. N.J. 2006) (striking same argument when pled as an affirmative defense). Here, CoStar alleges that K&H is legally responsible for the direct infringement by Bell because it had knowledge of and induced or materially contributed to Bell's infringing activity (contributory infringement), or had the ability to supervise and control it and financially benefitted from it (vicarious liability). Thus, this affirmative defense fails and the three contested issues of fact are irrelevant.

## CONCLUSION

For these reasons, CoStar respectfully requests the Court grant its motion in *limine* in order to streamline the trial to exclude evidence that seeks to place blame for infringement on CoStar. Such purported evidence is not "relevant" for purposes of Federal Rule of Evidence 401 and will only cause delay, waste and interruption at trial.

Dated: February 11, 2010

                                        Respectfully submitted,

                                        **CoStar Realty Information, Inc. and CoStar Group, Inc. Defendant and Counterclaimants:**

                                        s/William C. Guerrant, Jr.
                                        William C. Guerrant, Jr.
                                        Florida Bar No. 516058
                                        wguerrant@hwhlaw.com
                                        Trial Counsel
                                        William F. Sansone
                                        Florida Bar No. 781231
                                        wsansone@hwhlaw.com
                                        HILL, WARD & HENDERSON, P.A.

Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Defendants

- and -

/s/ Matthew J. Oppenheim
Matthew J. Oppenheim
The Oppenheim Group, LLP
7304 River Falls Drive
Potomac, MD 20854
301-299-4986
866-766-1678 (fax)
matt@oppenheimgroup.net
Attorneys for CoStar Realty
Information, Inc., and CoStar Group,
Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 11, 2010, I electronically filed the foregoing Consent Motion for Realignment with the Clerk of the Court by using the CM/ECF system.

s/William C. Guerrant, Jr.
Attorney
