Klein & Heuchan, Inc. v. CoStar Realty Information, Inc. et al — Doc. 108

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

|   |   |
|---|---|
| KLEIN & HEUCHAN, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Defendants and Counter-Plaintiffs. | Civ. Act. No. 8:08-cv-01227-JSM-MSS |

## COSTAR'S OPPOSITION TO KLEIN & HEUCHAN, INC'S MOTION IN LIMINE

Defendants/Counter-Plaintiffs CoStar Group, Inc. and CoStar Realty Information, Inc. (collectively, "CoStar") respectfully submit this Opposition to Plaintiff/Counter-Defendant Klein & Heuchan, Inc.'s ("K&H") Motion in Limine.

### INTRODUCTION

K&H instituted this action for a declaratory judgment of non-infringement, yet it actually seeks to avoid any adjudication on the merits. Fully aware of the nature and scope of CoStar's copyright infringement claims, K&H voluntarily chose not to conduct meaningful discovery. Now, with trial looming on the March 2010 calendar, K&H repeats the same faulty request it made when CoStar filed its Motion for Summary Judgment; namely, asking this Court to preclude CoStar from putting forward evidence fundamental to its case. As with K&H's prior Motion to Strike, which the Court denied, K&H now asks the Court to bar CoStar from introducing documents it claims were produced only after the close of discovery and from relying upon the testimony of a witness named Robert Lardizabal.

1

Dockets.Justia.com

Unfortunately, K&H's Motion in Limine omits much of the picture. Most importantly, K&H fails to mention that the Court already denied an essentially identical motion to strike in this case, and the law of the case now precludes K&H from bringing that same motion again. Moreover, K&H does not cite a single case to support the drastic exclusion remedy that it requests. K&H fails to accurately describe the evidence it seeks to bar from trial, which in vast measure includes documents produced or within the knowledge of the parties prior to the close of discovery. K&H omits any discussion of its own repeated failures and refusals to take discovery. Finally, K&H further overlooks that the parties have already stipulated to the very facts that would otherwise be proven by the evidence it seeks to exclude, thereby mooting much of its present motion. . Accordingly, consistent with its earlier ruling on these very same issues, the Court should deny K&H's Motion in Limine in its entirety.

## ARGUMENT

K&H's motion neither cites a single case supporting its position nor does it present the Court with the real legal standard for the extraordinary relief that it seeks.

Rule 37(c) states that exclusion of witnesses and other evidence is inappropriate where the failed disclosure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c). Courts have further clarified that preclusion under Federal Rule Civil Procedure 37(c) should only occur in "rare cases." *See, e.g., Semi-Tech Litig. LLC v. Bankers Trust Co.*, 219 F.R.D. 324, 325 (S.D.N.Y. 2004) (rejecting preclusion where failure to prepare case in timely manner was due to inattention rather than bad faith and in absence of showing of a substantial prejudice to opposing party ). It is a "severe sanction" that should only be granted where the alleged failure to disclose cannot be cured by allowing the party receiving the late disclosure an opportunity to conduct

discovery on that disclosure. *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 245, 254 (D.N.J. 1997). Indeed, the great weight of case law indicates that exclusion is inappropriate when the Court has the ability to remedy the lack of disclosure before trial.[1]

In the Eleventh Circuit, a court ruling on an exclusion request is required to consider (1) the importance of the testimony; (2) the reason for the failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify. *See, e.g., Rogers v. Muscogee County School District*, 165 F.3d 812, 818 (11th Cir. 1999). Stated differently, a court determining whether a failure to disclose evidence is substantially justified or harmless considers (1) surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the degree to which allowing he evidence would disrupt the trial; (4) the importance of the evidence; and (5) the explanation for the failure to disclose the evidence. *United States v. Breathe Easy Pulmonary Svcs.*, No. 8:06-cv-40-T-33MAP, 2009 U.S. Dist. LEXIS, 4567, *8 (M.D. Fla. Jan. 14, 2009).

As discussed below, K&H's Motion in Limine cannot withstand scrutiny under these standards and should be denied in its entirety.

---

[1] *See, e.g., Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 752 (7th Cir. 2005) (holding that the sanction of exclusion was too severe when continuance could be granted to allow for discovery of previously undisclosed expert notes); *Jackson v. Fed. Express Corp.*, No. 3:03-CV-2341-D, 2006 U.S. Dist. LEXIS 39281, *5-*6 (N.D. Tex. June 14, 2006) (allowing additional depositions and rejecting motion to exclude where party failed to meet its obligations under Rule 26 and in responding to interrogatories); *Semi-Tech Litig. LLC v. Bankers Trust Col.*, 219 F.R.D. at 325 (holding that preclusion is appropriate only in "rare cases" and providing opportunity for deposition testimony in lieu of preclusion); and *Equant Integrations Servs. v. United Rentals (N. Am.), Inc.*, No. 3:01 CV 1134 (JBA), 2002 U.S. Dist. LEXIS 26657, *19-*22 (D. Conn. Apr. 17, 2002) (preclusion not appropriate if lack of disclosure is harmless or can be remedied through additional discovery).

**I.        THE COURT PREVIOUSLY RULED ON K&H'S MOTION.**

Except in one brief footnote, K&H fails to disclose to the Court that it has *already rejected* an attempt by K&H to strike many of the same documents and testimony. Specifically, on November 6, 2009, this Court denied a motion to strike that K&H filed seeking to bar CoStar from relying on Robert Lardizabal's testimony and certain documents at summary judgment. (*See* Order dated Nov. 6. 2009 (DE # 83)). Accordingly, not only has the Court already ruled on the propriety of the admission of that evidence, but Klein & Heuchan has now had been aware of that evidence for more than five months.

None of the arguments put forward in K&H's current Motion in Limine differ from the arguments it previously put forward in its Motion to Strike; namely, that the documents should have been produced during discovery and that Mr. Lardizabal should have been identified by CoStar in its initial disclosures and responses to interrogatories. (*See* DE # 75.) CoStar opposed the Motion to Strike, explaining, among other things, that (i) Mr. Lardizabal is an employee in CoStar's Product Development department whose limited testimony merely sponsors and explains exhibits as CoStar business records kept in the ordinary course of CoStar's operations (data recorded by CoStar during use of its products), and (ii) the documents challenged by K&H included copies of a *representative pool* of infringed photographs and the associated copyright registrations. (*See* DE # 82.) This Court ultimately denied K&H's motion to strike the very same documents and witness it now seeks exclude. (*See* Order dated Nov. 6. 2009 (DE # 83)).

This Court should again reject K&H's attempt to litigate this case on misplaced procedural attacks. As discussed below, K&H's argument is no better a second time. Moreover, the "law of the case" makes it improper for K&H to attempt to re-litigate the issue. *See,,*

*e.g., Validsa, Inc. v. PDVSA Servs.*, No. 08-21682, 2010 U.S. Dist. LEXIS 7545 (S.D. Fla. Jan. 29, 2010) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1313 (11th Cir. 2000), for proposition that, under the law-of-the-case doctrine, the resolution of an issue decided at one stage of a case is binding at later stages of the same case)).

II.  **A COMPLETE PICTURE OF THE DOCUMENTS MOOTS K&H's MOTION.**

K&H's Motion in Limine blindly seeks to exclude nearly 1600 pages of documents that it claims were "dumped upon counsel for K&H" after expiration of the discovery deadline. (*See* K&H's Motion in Limine, dated Feb. 8, 2010, at paragraphs 14, 17-18.) The implication that the documents are new to K&H and that it was surprised by them is without basis. As set forth below, the documents that K&H complains of were not new to K&H:

(a) 366 pages were originally produced by Counter-Defendant C. Scott Bell ("Bell") prior to the close of discovery. In fact, most of these documents were exhibits to Bell's deposition, which took place prior to the close of discovery, with counsel for K&H present. (*See* DE # 74). CoStar merely affixed bates numbers to these documents for ease of reference at trial and produced the bates-numbered versions to K&H. These 366 pages are COSTAR 366 - 620, COSTAR 639 - 660, and COSTAR 729 – 820. (Declaration of Matthew Oppenheim , 2.a ("Oppenheim Decl.")). [2]

(b) 855 pages are copies of the 41 infringed photographs and copyright registrations/applications for the infringed CoStar photographs and market reports. These

---

[2] What concerns K&H is the probative value of the documents. This internal K&H email correspondence produced by Bell --- **but not by K&H** --- reaches issues such as knowledge, inducement and financial benefit of and from the infringing activity.

855 pages are COSTAR 927 - 1100 and COSTAR 1309 – 1991. (Oppenheim Decl. 2.b). For at least three reasons, K&H has no basis to complain about these documents:

- First, K&H had *actual notice* as to the existence of these documents, from CoStar's Counterclaims, Rule 26 Disclosures, and Summary Judgment Motion, *see infra* at 8-11, but yet never sought them in discovery or otherwise asked for copies. Even though CoStar had no obligation to produce these documents until its pretrial disclosures, CoStar voluntarily produced them to K&H on December 7, 2009 and offered that K&H the opportunity to take further discovery regarding these documents should it want to. (Oppenheim Decl. 2.b.i).

- Second, K&H *already stipulated* that CoStar owns and registered the 41 CoStar photographs and 4 CoStar market reports that Bell downloaded to his computer without authorization. (*See* Pretrial Disclosures, Exhibit C, ¶¶ 1-3, 7 (DE # 96)) That stipulation moots K&H's motion in *limine* as to these documents. K&H concedes the factual/legal issues as to which CoStar would offer these documents; namely, to prove ownership, registration, and copying.

- Finally, even absent K&H's stipulations, these photographs and registrations are merely additional examples of the exact same type of infringements already produced on a representative basis to support CoStar's summary judgment motion. (Oppenheim Decl. 2.b.ii). At that time, the Court rejected K&H's motion to strike those documents and CoStar expressly noted it would produce more of the same at any trial in this matter. (*See* CoStar's Summary Judgment Motion, at 13 fn. 2 (DE # 69)) (Noting that the evidence for purposes of this

motion was "exemplary in nature rather than comprehensive" because "the predicate acts leading to infringement liability are the same" and that at any trial CoStar would come forward with evidence of additional works infringed)). K&H did not object to this at all or ask for production of the documents. (Oppenheim Decl. 2.b.ii).

(c) 176 pages are the Declarations of Steve Williams and Robert Lardizabal submitted in support of CoStar's summary judgment motion in September/October 2009, along with the corresponding exhibits and copyright registrations/applications. These 176 pages are COSTAR 621- 638, COSTAR 661 – 727, and COSTAR 821-914. (Oppenheim Decl. 2.c). Again, CoStar merely affixed bates numbers to these documents for ease of reference at trial. K&H never sought these documents in discovery, but received them just shortly following the close of discovery in any event. (Oppenheim Decl. 2.c). The Court's rejection of K&H's earlier motion to strike governs, and K&H's request for preclusion of these documents is misplaced.

(d) 62 pages are simply a better, more complete version of a previously produced CoStar spreadsheet containing CoStar business records regarding Bell's unauthorized usage of the CoStar products. These 62 pages are COSTAR 1101 – 1163. (Oppenheim Decl. 2.d). CoStar produced the updated version for ease of presentation at trial, if and to the extent it is even necessary to do so. K&H has no reason to object to the this document, especially when it already stipulated that Bell downloaded to his computer without authorization the 41 CoStar photographs on the List of CoStar Photographs Allegedly Infringed and the 4 CoStar market reports on the List of CoStar Market Reports Allegedly Infringed. (*See* Pretrial Disclosures, Exhibit C, at ¶¶ 1-3, 7 (DE # 96))

(e) 42 pages are background documents concerning CoStar and its products. These 42 pages are COSTAR 1164 – 1206. (Oppenheim Decl. 2.e). They are from the publicly available portion of the CoStar website at www.costar.com, equally available to anyone with an Internet-connection. *Id.* K&H never sought these documents during discovery and their production is not untimely. The documents will be helpful background for the Court at trial, and will streamline trial testimony. *Id.* K&H's attempt to preclude these documents is unjustified.

(f) 101 pages are merely cleaner, color copies of documents produced by Bell *prior to the close of discovery*. These 101 pages are COSTAR 1207 – 1308. (Oppenheim Decl. 2.f) CoStar produced these for ease of reference and the Court's convenience at trial. It is unclear why K&H would want to object to these documents. However, it lacks any basis to do so. *See, e.g., Laffy v. Janssen Phramaceutica*, No. 3:03-cv-1005-J-12MCR, U.S. Dist. LEXIS 14833, *2 (Mar. 31, 2006) (denying motion in *limine* with regard to document that are simply better copies of documents disclosed during discovery).

(g) 12 pages are merely bates-numbered versions of the online Terms of Use agreement posted and publicly available at www.costar.com. These 12 pages are COSTAR 915-926. (Oppenheim Decl. 2.g) CoStar produced this document in the litigation *long before the discovery deadline. Id.;* (*see also* Exhibit G to CoStar's Motion to Dismiss and/or Transfer, Dated July 17, 2008.) K&H has no basis to seek preclusion of this document.

In sum, the foregoing examination of the roughly 1600 documents at issue shows that K&H's suggestion of surprise and prejudice lacks merit.

### III. K&H'S ATTEMPTS TO TURN ITS OWN FAILURE TO CONDUCT DISCOVERY INTO A SWORD TO FORESTALL A TRIAL ON THE MERITS.

K&H's motion attempts to cover-up its own failure to conduct discovery. The sum total of K&H's discovery efforts was to serve perfunctory and broadly-worded interrogatories and document requests. (*See* K&H's Motion in Limine, at Exhs B and D (DE #101)). It opted against requesting any discovery even remotely tailored to the key allegations of CoStar's claims. It also opted against taking a single deposition, including any Rule 30(b)(6) deposition of CoStar, or a deposition of the individual identified in CoStar's initial disclosures as a CoStar witness with relevant knowledge.

In its Rule 26 disclosures and its Counterclaims, CoStar identified copyright registrations and infringed photographs as documents it would rely upon. K&H's document requests and interrogatories *did not contain a single request* for identification or production of the photographs or copyright registrations that CoStar believed K&H infringed, even though:

(a) CoStar's Counterclaims *specifically indicated* that Bell and K&H infringed "more than 100" copyrighted CoStar photographs as a result of Bell's unauthorized use;

(b) CoStar's Counterclaims *specifically provided* "a partial list of these photographs, as well as the copyright registrations corresponding thereto;" and

(c) CoStar's initial disclosures *specifically identified* copyright registrations and information concerning K&H's access to CoStar's products as separate categories of documents that it would rely upon.

(*See* CoStar's Answer & Counterclaim (DE # 23), at ¶ 30; and K&H's Motion in Limine (DE # 101), at Exh. A.)

K&H had *actual notice* about the nature and scope of CoStar's infringement allegations, including as to some of the specific building photographs and copyright registrations. However, K&H voluntarily chose never to ask CoStar to identify or produce copies of the photographs and associated copyright registrations that CoStar alleged Bell and K&H infringed. K&H chose not to follow-up with questions about CoStar's discovery responses, initial disclosures, or Counterclaims.

Preclusion in this situation is not only unwarranted, but it would reward K&H for its own discovery failings. *See Tolerico v. Home Depot*, 205 F.R.D. 169, 176 (M.D. Pa. 2002) (exclusion is inappropriate where moving party is sufficiently aware that material has not been produced); *Two Men And A Truck Int'l v. Residential and Comm'l Transport Co. LLC*, No.4:08-CV-67-WS/WCS, 2008 U.S. Dist. LEXIS 103896, *6 (N.D. Fla. Oct. 20, 2008) (exclusion inappropriate where moving party had knowledge of lack of disclosures and failed to voice an objection, ask for the documents or move to compel).

Even after the formal close of discovery, K&H had multiple opportunities to take discovery on what it now seeks to exclude but opted against it in each instance. First, in its opposition to K&H's Motion to Strike, CoStar consented to K&H conducting limited additional discovery. (See CoStar's Opposition to K&H's Motion to Strike (DE # 82), dated October 30, 2009, at 3, 11-12) In response, K&H did nothing. Second, in early November 2009, CoStar retained undersigned counsel and the parties filed a stipulated request to extend the deadlines for the pretrial conference and the trial. (DE # 86) In that Motion, K&H indicated it was "considering filing a motion in limine to exclude certain evidence or in the alternative to permit

additional discovery following receipt of the Court's Order of November 6, 2009 denying K & H's Motion to Strike." *Id.* K&H again did nothing. Finally, on December 7, 2009, in correspondence to K&H, CoStar unilaterally and explicitly offered to allow K&H to take additional discovery to avoid any dispute later on in the case. (Oppenheim Decl. 3, Ex. 1). Once again, K&H chose not to do anything and took no discovery.

In the cover letter forwarding those documents, CoStar again reminded K&H that it could take additional discovery, informing counsel for K&H as follows:

> "In order to facilitate our pre-trial process in February, we are producing the attached documents, labeled COSTAR 00000915-1991. The production includes: (1) documents that were previously produced by Mr. Bell but never Bates stamped; (2) documents previously attached to filings in this case but also never Bates stamped; and (3) documents described in Plaintiffs' Rule 26 Disclosures that were not requested by either K & H or Mr. Bell during discovery. Finally, also included are a few background documents from the CoStar website that describe CoStar and its products.
>
> In opposing the motion to strike that K&H filed (which the court denied), CoStar offered its consent for certain limited additional deposition testimony. If you are interested in pursuing this, please let me know. To the extent we schedule any additional depositions, please be advised that we intend to call Stephen Alliegro (a CoStar executive) as a background witness to describe CoStar, its products, and its licensing efforts."

(*See* Oppenheim Decl., 3, and <u>Exhibit 1</u> attached thereto).

In sum, K&H has had multiple opportunities to take discovery on what it now seeks to exclude, but has refused to do so each and every time. It cannot now claim prejudice as a result of its own voluntary decisions and inaction.

## IV.    **COSTAR DISCLOSED LARDIZABAL ON A TIMELY BASIS.**

K&H's argument for striking Lardizabal as a witness lacks any factual or legal basis. Factually, Lardizabal will sponsor and describe certain electronic information in the possession of CoStar, as he did in his declaration in support of summary judgment. (See (Corrected)

11

Declaration of Robert Lardizabal (DE # 81)) Lardizabal's testimony will be limited to describing CoStar's documents relating to the infringement at issue. As such, there was no requirement for CoStar to identify him as an *individual* likely to have discoverable evidence in its Rule 26(a) disclosures or in response to K&H's interrogatories.

Instead, it was CoStar as a corporate entity with corporate records that had relevant information, which could be discovered through interrogatories and document requests as well as a Rule 30(b)(6) deposition. K&H chose not to engage in discovery efforts to obtain this testimony. As a result, it was not until summary judgment that CoStar offered Lardizabal's testimony to authenticate/sponsor certain corporate records. Calling him at trial as a witness to authenticate corporate records is entirely appropriate. *See, e.g., Laffy v. Janssen Phramaceutica*, No. 3:03-cv-1005-J-12MCR, U.S. Dist. LEXIS 14833, *2 (Mar. 31, 2006) (denying motion in *limine* with regard to two witnesses, who were listed in pretrial statement but not Rule 26 disclosures, to the extent they will be called to authenticate admissible documents).

### V. THE RELIEF SOUGHT BY K&H IS DRASTIC AND UNWARRANTED.

Under the factors that the Court considers when ruling on a motion like this one, it is clear that K&H's motion cannot withstand scrutiny and should be rejected in its entirety.

1. K&H simply cannot claim to be prejudiced by the use of these documents or Lardizabal. As discussed above, even for the documents that were not produced for the first time until December 7, 2009, K&H has known about those documents since the beginning of the case. K&H claims "[t]he tardy production of these materials is prejudicial in that it prevented K&H from fully analyzing the strength of COSTAR's case and prevented any analysis of the potential exposure faced by K&H should COSTAR prevail in its cause of action against K&H." (See K&H's Motion in Limine, ¶ 19.) That is simply not true. There was no "tardy production."

CoStar seeks to prove infringement of roughly 40-50 works at trial, which is a fewer amount than the number alleged in its Counterclaim (100). As a result, K&H could not have underestimated its potential exposure. Nor do the documents change the strength or nature of CoStar's case. It is untenable for K&H to contend otherwise, as the documents it challenges reach only the number of works allegedly infringed.

2. Any alleged lack of timely disclosure or production was "harmless" and could have been cured by subsequent discovery. K&H only has itself to blame for not conducting proper discovery prior to the discovery cutoff. K&H also only has itself to blame for repeatedly deciding not to conduct later discovery on the documents and testimony that it now seeks to exclude.

When these issues arose at summary judgment, CoStar expressly indicated that it had no objection to K&H conducting limited additional discovery. (*See* CoStar's Opposition to K&H's Motion to Strike, dated October 30, 2009, at 3, 11-12 (DE # 82)). K&H voluntarily chose not to take the discovery in the intervening months but instead seek to preclude the testimony and documents at trial. Additionally, on December 7, 2009, CoStar produced the documents bearing bates numbers COSTAR 915 – 1991. (Oppenheim Decl. 3). A breakdown of this production is above at pages 5 to 8.

Nevertheless, K&H once again voluntarily chose not to conduct the discovery. In fact, K&H did not even respond to CoStar's letter of December 7, 2009 and the offer for additional discovery made therein (which the parties would have proposed to the Court on a stipulated

basis). Instead, K&H ignored the issue until now, preferring a faulty procedural motion over a trial on the merits.[3]

3.  Denying K&H's motion in *limine* will not disrupt the trial at all, nor has K&H even raised this as an argument. Rather, the documents will be helpful background for the Court, will help streamline the proceedings, will serve as representative examples of documents referenced in stipulations, and will help demonstrate important issues like knowledge, inducement, financial benefit, and willfulness. Likewise, Lardizabal is merely a corporate designee who can authenticate important corporate records.

4.  If K&H's motion is to be believed, the testimony and documents that it seeks to exclude are of great importance.[4] Based on the appropriate legal standard, this weighs against preclusion. *See, e.g., Munnings v. Fedex Ground Package Sys.*, 2008 U.S. Dist. LEXIS 33041, *17 (M.D. Fla. Apr. 22, 2008) (holding that importance of testimony weighed against preclusion under Fed. R. Civ. P. 37(c)).

5.  Finally, as discussed above, CoStar had substantial justification for the timing of its document production and the identification of its witnesses. There was absolutely no concealment or bad faith or necessarily any untimely disclosure or production. In fact, it was in

---

[3] To the extent that the Court wants to provide K&H with an opportunity to take additional discovery, the trial date can be adjusted in order to provide K&H with time to do so. As such, the remedy of preclusion is all the more inappropriate. *See, e.g., Belk v. Charlotte-Mecklenburg Bd. Of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (approving the sanction of a one-week continuance to allow depositions of 26 different witnesses disclosed five days before trial); *Lesser v. Camp Wildwood*, No. 01 Civ. 4209 (RWS), 2003 U.S. Dist. LEXIS 16921, *7-*9 (S.D.N.Y. Sept. 20, 2003) (allowing additional deposition testimony in lieu of precluding evidence). At the same time, although CoStar notes that limited additional discovery should occur rather than preclusion, CoStar believes that the Court should simply reject K&H's motion outright and not reward its gamesmanship with additional discovery at this late date. That is especially true where K&H had ample opportunity to conduct discovery in response to CoStar's offers but chose not to do so.

[4] In fact, K&H refers to Lardizabal as offering "critical testimony." (K&H's Motion in Limine, at ¶ 23.) K&H further refers to the documents it seeks to exclude as "the foundation of COSTAR's claims against K&H." Id., at ¶ 24.

CoStar's best interests to produce the documents that K&H seeks to exclude. K&H did not receive the documents sooner only because it failed to ask for them.

## CONCLUSION

For the reasons set forth above, the Court should deny K&H's motion in *limine*.

Respectfully submitted,

s/ William C. Guerrant, Jr.
William C. Guerrant, Jr.
Florida Bar No. 516058
wguerrant@hwhlaw.com
William F. Sansone
Florida Bar No. 781231
wsansone@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
Suite 3700 – Bank of America Building
101 East Kennedy Boulevard
Post Office Box 2231
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900

- and -

s/ Matthew J. Oppenheim
Matthew J. Oppenheim
The Oppenheim Group, LLP
7304 River Falls Drive
Potomac, MD 20854
301-299-4986
866-766-1678 (fax)
matt@oppenheimgroup.net
Trial Counsel

*Attorneys for Defendants/Counter Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/William C. Guerrant, Jr.
Attorney
