UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KLEIN & HEUCHAN, INC.,

    Plaintiff and Counter-Defendant,

v.

COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC.,

    Defendants and Counter-Plaintiffs.

Civ. Act. No. 8:08-cv-01227-JSM-MSS

# DECLARATION OF MATTHEW OPPENHEIM
# IN SUPPORT OF
# COSTAR'S OPPOSITION TO KLEIN & HEUCHAN, INC'S MOTION IN LIMINE

I, Matthew J. Oppenheim, declare as follows:

1. I am an attorney admitted to practice in Maryland and New York, as well as the District of Columbia. I am a principal of The Oppenheim Group, LLP and have been retained by Defendants and Counter-Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar"). I have been admitted before this Court *pro hac vice* in this case.

2. I have reviewed the document production by CoStar in this case. In that respect, I observed the following:

a. 366 pages were originally produced by Counter-Defendant C. Scott Bell ("Bell") prior to the close of discovery. Most of these documents were exhibits to Bell's deposition, which took place prior to the close of discovery with counsel for K&H present. (*See* DE # 74). CoStar affixed bates numbers to these documents for ease of reference at trial and produced the bates-numbered versions to K&H. These 366 pages are COSTAR 366 - 620, COSTAR 639 - 660, and COSTAR 729 – 820.

b. 855 pages are copies of the 41 infringed photographs and copyright registrations/applications for the infringed CoStar photographs and market reports. These 855 pages are COSTAR 927 - 1100 and COSTAR 1309 – 1991.

  i. K&H had *actual notice* as to the existence of these documents, from CoStar's Counterclaims, Rule 26 Disclosures, and Summary Judgment Motion, but yet never sought them in discovery or otherwise asked for copies. CoStar voluntarily produced these documents to K&H on December 7, 2009 and offered that K&H the opportunity to take further discovery regarding these documents should it want to.

  ii. These photographs and registrations are merely additional examples of the exact same type of infringements already produced on a representative basis to support CoStar's summary judgment motion.

c. 176 pages are the Declarations of Steve Williams and Robert Lardizabal submitted in support of CoStar's summary judgment motion in September/October 2009, along with the corresponding exhibits and copyright

registrations/applications. These 176 pages are COSTAR 621- 638, COSTAR 661 – 727, and COSTAR 821-914. Again, CoStar affixed bates numbers to these documents for ease of reference at trial. K&H never sought these documents in discovery, but received them just shortly following the close of discovery in any event.

d. 62 pages are simply a better, more complete version of a previously produced CoStar spreadsheet containing CoStar business records regarding Bell's unauthorized usage of the CoStar products. These 62 pages are COSTAR 1101 – 1163. CoStar produced the updated version for ease of presentation at trial, if and to the extent it is even necessary to do so

e. 42 pages are background documents concerning CoStar and its products. These 42 pages are COSTAR 1164 – 1206. They are from the publicly available portion of the CoStar website at www.costar.com, equally available to anyone with an Internet-connection. K&H never sought these documents during discovery and their production is not untimely. The documents will be helpful background for the Court at trial, and will streamline trial testimony.

f. 101 pages are merely cleaner, color copies of documents produced by Bell prior to the close of discovery. These 101 pages are COSTAR 1207 – 1308. CoStar produced these for ease of reference and the Court's convenience at trial.

g. 12 pages are merely bates-numbered versions of the online Terms of Use agreement posted and publicly available at www.costar.com. These 12 pages are

COSTAR 915-926. CoStar produced this document in the litigation long before the discovery deadline.

3. Attached as Exhibit 1 to this declaration is a true and correct copy of the letter I sent to counsel for K&H on December 7, 2009.

4. I declare under penalty of perjury that the foregoing is true and correct.

Dated: Potomac, Maryland

February 16, 2009

/s/ Matthew J. Oppenheim

Matthew J. Oppenheim



# OPPENHEIM GROUP

Matthew J. Oppenheim, Esq.

7304 River Falls Drive, Potomac, MD 20854
301-299-4986 | 866-766-1678 fax
matt@oppenheimgroup.net

December 7, 2009

VIA OVERNIGHT DELIVERY

Re:   *Klein & Heuchan, Inc. et al v. CoStar Realty et al*, 08-cv-1227-JSM-EAJ
       Document Disclosure

Jeffrey W. Gibson, Esq.
MacFarlane Ferguson & McMullen
Post Office Box 1669
Clearwater, FL 33757

Randall J. Love, Esq.
Randall J. Love & Associates, PA
5647 Gulf Drive
New Port Richey, FL 34652-4019

Dear Mssrs. Gibson and Love,

In order to facilitate our pre-trial process in February, we are producing the attached documents, labeled COSTAR 00000915-1991. The production includes: (1) documents that were previously produced by Mr. Bell but never Bates stamped; (2) documents previously attached to filings in this case but also never Bates stamped; and (3) documents described in Plaintiffs' Rule 26 Disclosures that were not requested by either K & H or Mr. Bell during discovery. Finally, also included are a few background documents from the CoStar website that describe CoStar and its products.

# EXHIBIT 1

In opposing the motion to strike that K&H filed (which the court denied), CoStar offered its consent for certain limited additional deposition testimony. If you are interested in pursuing this, please let me know. To the extent we schedule any additional depositions, please be advised that we intend to call Stephen Alliegro (a CoStar executive) as a background witness to describe CoStar, its products, and its licensing efforts.

Sincerely,

Matthew J. Oppenheim

Enclosures