IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.,

    Plaintiff,

v.                                                   Case No.: 8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

    Defendants.
_____/

**KLEIN & HEUCHAN, INC.'S RESPONSE IN OPPOSITION TO COSTAR'S MOTION IN LIMINE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff/Counter-Defendant, KLEIN & HEUCHAN, INC. (hereinafter referred to as "K&H"), by and through its undersigned attorneys, hereby files its Response in Opposition to Defendants/Counter Plaintiffs COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC.'s (hereinafter collectively referred to as "CoStar") Motion in Limine and Incorporated Memorandum of Law (Dock. #103), and in support thereof states as follows:

**MEMORANDUM OF LAW**

I. **COSTAR'S MOTION IN LIMINE IS IMPROPER AND MUST BE DENIED AS IT IS IN ACTUALITY A MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO SIX (6) OF K&H'S AFFIRMATIVE DEFENSES AND CANNOT SATISFY ITS BURDEN OF PROVING ANY EVIDENCE RELATING TO THOSE DEFENSES IS CLEARLY INADMISSIBLE.**

CoStar's Motion in Limine effectively requests the Court grant summary judgment in its favor as to K&H's Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Affirmative defenses. (Dock. # 25, p. 19-20). CoStar now alleges these well pled and previously unchallenged defenses are "irrelevant" and are unsupported by any "factual basis". CoStar correctly states that "[t]he purpose of an in *limine* motion is to aid the trial process by enabling

1

Dockets.Justia.

the Court to rule in advance of trial on the relevance of certain *forecasted evidence*...". *Royale Green Condo. Ass'n v. Aspen Specialty Ins. Co.*, No. 07-Civ-21404, 2009 U.S. Dist. LEXIS 66064, at *3 (S.D. Fla. July 24, 2009) (Empasis added) (Internal citations omitted). However, it is well settled that a motion in limine "is not a substitute for a motion for summary judgment." *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008) (*citing Tuttle v. Tyco Electronics Installation Services, Inc.*, 2008 WL 343178 (S.D. Ohio February 7, 2008)) (finding courts are reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence" and a "court should not make a ruling *in limine* unless the moving party meets **its burden of showing that the evidence in question is clearly inadmissible**") (*quoting Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D.Kan.1998)) (Emphasis added).

In denying Liberty Mutual's motion in limine the District Court for the Southern District of Florida cited to Black's Law Dictionary for the proposition that a motion in limine is, "[A] pretrial request that **certain inadmissible evidence** not be referred to or offered at trial". *Royal Indem. Co.*, 2008 WL 2323900, at *1. In its nine (9) page Motion in Limine and Incorporated Memorandum of Law CoStar does not cite to one (1) specific piece of evidence it contends is inadmissible. Instead the crux of CoStar's argument is that there is no genuine issue of material fact as to certain affirmative defenses asserted by H&K. Thus, instead of an attempt to narrow the evidence proffered at trial, CoStar's motion is an attempt to circumvent the dispositive motion deadline and narrow the substantive issues to be determined at trial. Motions in limine are inappropriate for resolving such substantive issues. *Royal Indem. Co.*, at *1. (*citing Witness Systems, Inc. v. Nice Systems, Inc.*, No. 1:06-cv-126-TCB, 2008 WL 2047633, at *1 (N.D. Ga.

May 10, 2008) (finding "Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues").

Further, a motion in limine is not the mechanism by which courts narrow the issues to be tried. Nor is it the means of testing issues of law. *Id.* at *1 (*citing Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,* 652 F. Supp. 1400, 1401 (D. Md. 1987); and *Natural Resources Defense Council v. Rodgers,* 2005 WL 1388671 (E.D. Cal. June 9, 2005)). As CoStar's motion in limine requests the court disallow six (6) of H&K's affirmative defenses it is in reality a motion for partial summary judgment in the guise of a motion in limine and must be summarily denied. *See Tuttle v. Tyco Electronics Installation Services, Inc.,* 2008 WL 343178, at *5 (finding "Defendant's request to exclude evidence…is more a motion for judgment on the pleadings or for summary judgment on the issue of emotional damages than it is a motion *in limine*. The time for filing such dispositive motions has long closed and Defendants cannot evade this Court's deadlines simply by captioning its dispositive motion in a creative manner"); *see also Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 249 (E.D. Mich. 1997) (denying a motion in limine seeking to exclude evidence in support of affirmative defenses because the defendant should have raised the factual sufficiency of the defenses in a motion for summary judgment not a motion in limine).

## II. THE AFFIRMATIVE DEFENSES UNDER ATTACK IN COSTAR'S MOTION IN LIMINE ARE LEGALLY VALID DEFENSES TO THE ALLEGATIONS AGAINST H&K AND H&K IS ENTITLED TO AND INTENDS TO PRESENT EVIDENCE SUPPORTING THOSE DEFENSES AT TRIAL.

CoStar contends that this Court should disallow H&K to present any evidence in support of its Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth affirmative defenses because "they are legally irrelevant". Despite this not being a valid basis for a motion in limine, the case law (some of which was cited by CoStar in its motion) demonstrates that these defenses are

clearly relevant to claims of contributory and vicarious copyright infringement. As to H&K's Ninth Affirmative Defense, CoStar states that "the defense fails factually and legally." (Dock. # 103, p. 5, ¶ 1). H&K's Ninth Affirmative Defense alleges that CoStar failed to properly monitor its license holders and allowed Co-Defendant Scott Bell's infringement to continue. K&H will demonstrate that CoStar knew Mr. Bell was accessing its online database and did not terminate his access to the material despite its ability to immediately intervene and stop the infringement. Despite CoStar's contentions, the law does place a burden on copyright holder's to monitor potential infringement particularly when they have prior knowledge of it. *See Kepner-Tregoe, Inc. v. Executive Development, Inc.*, 79 F. Supp. 2d 474, 488 (D. N.J. 1999) (*citing Wanlass v. General Elec. Co.*, 148 F. 3d 1334, 1338, 1340-41 (Fed.Cir.1998)) (recognizing dual burdens of complainants "to police their rights" and to raise infringement claims expediently).

As to K&H's defenses of waiver, estoppel, and laches, CoStar does not argue that any and all evidence K&H could proffer in support of these defenses is inadmissible. Instead, CoStar argues that "there are absolutely no facts to support" these defenses, and they "are not even remotely applicable." CoStar fails to cite to any specific evidence it feels is inadmissible in its motion because there is no evidence presently before the court regarding these issues. However, simply because there is no record evidence before the court at the moment does not mean that there is no evidence in support of these defenses that will be relevant and admissible at trial. *See Tuttle v. Tyco Electronics Installation Services, Inc.*, 2008 WL 343178, at * 3 (finding "[s]imply because there was no evidence before the Court on summary judgment that indicated the metadata was not accurate does not mean that there is no such evidence. And, if such evidence exists, it would certainly be relevant"). In fact, there is evidence to support K&H's defenses and K&H intends to present such evidence at trial.

The authority cited by CoStar clearly demonstrates that the defenses of waiver, estoppel, and laches are available in defense of claims of contributory and vicarious copyright infringement. Because CoStar fails to cite to any forecasted evidence that will be inadmissible this Court should deny the motion in limine and decide any evidentiary issues that may arise at trial. *See Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009)) (finding "that this is a bench trial weighs heavily in favor of denying the motions *in limine* and addressing the issues raised if and when they come up at trial") (*citing Lifetime Homes, Inc. v. Residential Development Corp.*, 510 F.Supp.2d 794, 811 (M.D.Fla.2007)).

**WHEREFORE** Plaintiff/Counter-Defendant, KLEIN & HEUCHAN, INC. respectfully requests this Court deny Defendants/Counter Plaintiffs COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC.'s Motion in Limine and Incorporated Memorandum of Law, and such other and further relief as this Court deems appropriate.

    Respectfully submitted,

    s/ Jeffrey W. Gibson
    Jeffrey W. Gibson
    Florida Bar No. 0568074
    jg@macfar.com
    Macfarlane Ferguson & McMullen
    201 N. Franklin Street, Suite 2000
    PO Box 1531
    Tampa, FL 33602
    Phone: 813-273-4200
    Fax: 813-273-4396
    Attorneys for Plaintiff/Counter-Defendant
    Klein & Heuchan, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 25, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                s/ Jeffrey W. Gibson
                                                Attorney for Plaintiff,/Counter-Defendant
                                                Klein & Heuchan, Inc.