IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KLEIN & HEUCHAN, INC.,

      Plaintiff,

v.                            Case No.:  8:08-cv-01227-JSM-MSS

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

      Defendants.

_____/

**PLAINTIFF/COUNTER-DEFENDANT, KLEIN & HEUCHAN, INC.'S
MOTION FOR JUDGMENT AS A MATTER OF LAW OR ALTERNATIVELY
MOTION FOR JUDGMENT ON PARTIAL FINDINGS ON
<u>COSTAR'S THEORY OF VICARIOUS LIABILITY</u>**

Plaintiff/Counter-Defendant, KLEIN & HEUCHAN, INC. (hereinafter "K&H"), by and

through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 50(a) and

52(c) files this Motion for Directed Verdict or alternatively Motion for Judgment on Partial

Findings and Memorandum of Law and in support thereof states as follows:

      1.     The undisputed facts show no liability exists on the part of K&H for the

allegations of vicarious copyright infringement contained within Count II of CoStar's

counterclaim.

      2.     On June 4, 2008, K&H filed this action seeking a declaratory judgment regarding

its rights and obligations to Defendants COSTAR REALTY INFORMATION, INC. and

COSTAR GROUP, INC. (collectively referred to as "CoStar"). (Dock. #2).

      3.     CoStar filed its Notice of Removal of the state action to this Court on June 25,

2008, and filed its counterclaims against K&H and Co-Defendant SCOTT BELL (hereinafter

"Mr. Bell") on November 21, 2008.  (Dock. #23).

1

Dockets.Justia.com

4.      CoStar asserts causes of action against Mr. Bell for direct copyright infringement, fraud arising out of an alleged violation of Section 18 U.S.C. 1030, and breach of contract. (Dock. #23, Counts I, III, and IV).   CoStar maintains one (1) count against K&H for alleged contributory and vicarious copyright infringement arising out of Mr. Bell's alleged direct copyright infringement.   (Dock. #23, Count II).

5.      On February 16, 2010, CoStar filed a Stipulation between it and Mr. Bell and a Motion for Permanent Injunction.   (Dock. #105). A true and accurate copy of the settlement agreement between CoStar and Mr. Bell executed on February 1, 2010 and attached to the Motion for Permanent Injunction is attached hereto as Exhibit "A".   Pursuant to the Stipulation and settlement agreement, CoStar released Mr. Bell "from any liability for the claims asserted against [him] in this litigation."   Exhibit "A", ¶ 3.   In consideration for the release of liability from CoStar's allegations of direct copyright infringement, fraud, and breach of contract, Mr. Bell paid CoStar $5,000.00 for damages and agreed to voluntarily testify in this proceeding on CoStar's behalf.   Exhibit "A", ¶¶ 1-2.

6.      There are two (2) bases for this Motion: (1) CoStar released K&H from any liability it could have had for alleged vicarious copyright infringement by virtue of its release of Mr. Bell from liability for direct infringement; and, (2) the settling Defendant has paid money to CoStar pursuant to the settlement agreement which compensates CoStar in whole or in part for the same injury for which CoStar now seeks a money judgment against K&H.   CoStar is not entitled to recover twice for the same injury; as such this action must be decided in K&H's favor as a matter of law.

## MEMORANDUM OF LAW

### I.    JUDGMENT AS A MATTER OF LAW IS APPROPRIATE IN THIS CASE

The Eleventh Circuit has developed a well-settled standard governing motions for judgment as a matter of law:

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict granting of the motions is proper.  On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.

*Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F. 3d 1183, 1186 (11th Cir. 2001) (*citing Watts v. Great Atl. & Pac. Tea Co.,* 842 F.2d 307, 309-10 (11th Cir. 1988)).  "A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n.o.v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question." *Ramos v. Sedgwick County Sheriff's Dep't.,* 785 F. Supp. 1457, 1459 (S.D. Fla. 1991).  Accordingly, if "there is no legally sufficient evidentiary basis for a reasonable jury to find" that K&H vicariously infringed upon CoStar's copyrights in light of the Stipulation and settlement agreement, K&H's Motion for Directed Verdict must be granted[1]. *Lipphardt* at 1186; Fed. R. Civ. P. 50(a)(1), (2), and (b).

Alternatively, this Court should grant K&H Judgment on Partial Findings as to CoStar's claim for vicarious copyright infringement pursuant to Federal Rule of Civil Procedure 52(c). Under Rule 52(c), "if during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment against that party

---

[1] *See De Saro v. United States*, 173 Fed. Appx. 760, 762 (11th Cir. 2006) (demonstrating that a judge in a bench trial may grant a Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a)).

with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." "Awarding a defendant judgment as a matter of law pursuant to Rule 52(c) is appropriate where the plaintiff has failed to make out a prima facie case or where the plaintiff has made out a prima facie case but the court determines that a preponderance of the evidence goes against the plaintiffs claim." *In re Earle*, 307 B.R. 276, 289 (Bkrtcy. S.D. Ala. 2002) (internal citations omitted). Unlike motions for summary judgment or directed verdict, when a court considers a Rule 52(c) motion the nonmoving party is not entitled to any special inferences, nor is the court to consider the evidence in a light most favorable to that party. *Id.* (*citing In re Regency Holdings (Cayman), Inc.*, 216 B.R. 371, 374 (Bankr. S.D.N.Y. 1998)). "Instead, the court acts as both judge and jury, weighing the evidence, resolving any conflicts and deciding where the preponderance of evidence lies." *Id.* A judgment pursuant to Rule 52(c) "operates as a decision on the merits in favor of the moving party." *Id.*

## II.   THE SETTLEMENT AGREEMENT SATISFIED AND EXTINGUISHED ALL OF COSTAR'S CLAIMS FOR VICARIOUS COPYRIGHT INFRINGEMENT ARISING OUT OF BELL'S CONDUCT

"[V]icarious infringement's roots lie in the agency principles of respondeat superior." *Louis Vuitton Malletier, S.A. v. Akonic Solutions, Inc.*, 591 F. Supp. 2d 1098, 1109 (N.D. Cal. 2008) (*citing Perfect 10, Inc. v. Visa Int'l. Service Ass'n.*, 494 F. 3d 788, 802 (9th Cir. 2007)). To be held liable for vicarious copyright infringement CoStar must prove K&H "profit[ed] directly from the infringement and has a right and ability to supervise the direct infringer". *Metro-Goldwyn-Mayer Studios, Inc. v. Grockster, Ltd.*, 545 U.S. at 930. At common law, under the theory of respondeat superior courts generally held that an instrument characterized as the release of a primarily liable tortfeasor had the effect of discharging the claim against a secondarily liable tortfeasor despite the express reservation of rights against the secondarily

4

liable tortfeasor. *See Wright v. Orlowski* 235 S.E. 2d 349 (Va. 1977); *see also Garrett v. Jeffcoat*, 483 F. 2d 590 (4th Cir. 1973); *Dickey v Estate of Meier*, 197 N.W. 2d 385 (Neb. 1972); *Bacon v. United States*, 321 F. 2d 880 (8th Cir. 1963*)*; *Land v. United States*, 342 F. 2d 785 (10th Cir. 1965); *Jacobson v. Parrill*, 351 P. 2d 194 (Kan. 1960); *McLaughlin v. Siegel*, 185 S.E. 873 (Va. 1936). Today settlements and releases are construed under the principles of contract law and should be interpreted to release a secondarily liable tortfeasor when that is the effect of the plain and unambiguous language. *See Mergens v. Dreyfoos,* 166 F. 3d 1114 (11th Cir. 1999).

In order to determine what was in fact settled, the Court must look to CoStar's underlying counterclaim. The counterclaim provides:

> 1) "BELL's use of CoStar's services was open and notorious in K&H's offices, and K&H knew that Bell was using CoStar's services and made no effort to prevent BELL from using CoStar's services". (Dock. #23, ¶ 24).

> 2) "BELL's use of CoStar's services was for the purpose of benefiting K&H and within his responsibilities as an employee of or independent contractor for K&H". (Dock. #23, ¶ 23).

> 3) "K& H supplied all the facilities necessary for BELL to access CoStar's services..." (Dock. #23, ¶ 23).

> 4) "K&H provided such material contribution to BELL knowing or with reason to know that BELL would access CoStar's Internet website and thus infringe CoStar's copyrights". (Dock. #23, ¶ 38).

CoStar released Mr. Bell from all acts of vicarious copyright infringement which occurred prior to the settlement agreement. Despite its attempt to unilaterally preserve its claim for vicarious copyright infringement against K&H, CoStar cannot properly preserve, reserve, or carve out these claims against K&H as they were extinguished when CoStar released Mr. Bell for the underlying necessary act of direct infringement between November 2006 and July 2008. *See Santilli v. Cardone*, No. 8:07-cv-308-T-23MSS, 2008 WL 4534138, * 4 (M.D. Fla. October 7, 2008) (finding in a case alleging vicarious copyright infringement "Absent sufficient allegations

that an employee has committed a tort, no vicarious liability arises under respondeat superior")

(internal citations omitted).

Releases are contracts and as such are to be interpreted and construed in accordance with

the principles of contract interpretation generally. *Mergens v. Dreyfoos,* 166 F.3d 1114 (11th

Cir. 1999); *Plumpton v. Continental Acreage Development Co., Inc.,* 830 So. 2d 208 (Fla. 5th

DCA 2002). General words are always construed so as to give effect to, and not to destroy the

expressed intentions of the scriveners of the release. Thus, a court should give full effect to a

broad release, even if the release fails to list all of the possible claims that may be covered by the

release. *Aleyska Pipeline Service Co. v. Shook,* 978 P.2d 86 (Alaska 1999). CoStar's release

specifically provides:

> CoStar's release shall only cover Bell's unauthorized use, copying and
> distribution to the extent such activity would have complied with each and every
> term and condition of the standard CoStar license agreement for the CoStar
> Products, *as if Bell had been a fully licensed subscriber at all relevant times*

Exhibit "A", ¶3(a) (emphasis added). Thus, by the unambiguous language of the release, CoStar

has made Mr. Bell a licensee for a period covering all relevant times of this litigation. As Mr.

Bell has been retroactively conferred a license to access the copyrighted CoStar products

between November 2006 and July 2008, there could have been no actual infringement of a

CoStar copyright undertaken by him. As such, CoStar's cause of action against K&H for alleged

vicarious infringement for Mr. Bell's activity between November 2006 and July 2008 was

extinguished by the fact that the settlement agreement makes his activity during that time period

licensed.

CoStar attempts to preserve its cause of action against K&H in Count II of the

counterclaim in Paragraph 3(c) of the settlement agreement which provides:

CoStar's release shall be limited to Bell alone, and ***shall not cover any third parties who may have made unauthorized or unlicensed use of the CoStar Products*** with or without Bell's assistance, authorization, or facilitation, including without limitation K&H.

Exhibit "A", ¶ 3(c) (emphasis added).  This provision of the settlement agreement expressly preserves CoStar's right to prosecute claims against K&H and other "third parties" for their direct "unauthorized or unlicensed use" of CoStar's copyrighted materials.  However, Count II of the counterclaim merely alleges K&H's contributory liability for allegedly inducing Mr. Bell to directly infringe CoStar's copyright and its vicarious liability for not preventing Bell from undertaking ***his*** direct infringement.   The only cause of action the settlement agreement preserves for CoStar against K&H is one predicated upon K&H's ***own*** direct infringement of CoStar's copyright.  As the only Count in the counterclaim directed at K&H is premised wholly on Mr. Bell's alleged unlicensed access of CoStar's copyrighted information, it was necessarily extinguished by the plain and unambiguous language of the settlement agreement.

When a release or settlement agreement impacts upon significant federal rights or interest, federal common law controls the interpretation of that release or agreement.  *See Heuser v. Kephart,* 215 F.3d 1186, 1190 (10th Cir.2000) (enforcement and interpretation of settlement agreements in Title VII cases are governed by federal common law).   Under federal common law, the effect of a release upon unnamed parties "shall be determined in accordance with the intentions of the parties." *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 345-46 (1971) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 501 (1964)); *see also Sims v. Western Steel Co.,* 551 F.2d 811, 817-18 (10th Cir.1977) (where federal law controls release question, the effect of release is determined in accordance with the intention of the parties).  In doing so, the court looks first to the plain language of the release.  Under general principles of contract law, where a contract is complete and unambiguous, its plain language is

the "only legitimate evidence of the parties' intent." *See United Bank & Trust Co. v. Kansas Bankers Surety Co.,* 901 F.2d 1520, 1522 & n. 1 (10th Cir.1990).

Pursuant to Florida law, a party preparing and executing a release has the burden to specifically state which claims and damages are being settled and which damages and claims remained. Otherwise, the claims are extinguished and the agreement satisfied all damages from the copyright infringement. *Caccavella v. Silverman,* 814 So.2d 1145 (Fla. 1st DCA 2002). In the instant action, CoStar failed to specifically delineate which of its counterclaims were being settled and which damages were satisfied in the settlement agreement. Thus, Florida law will presume that all damages arising from the claims settled and released were satisfied and no damages which remain to be collected from the remaining defendants. *Id.*

K&H maintains that the settlement agreement:

1) released and discharged K&H from any and all liability arising from CoStar's claims of vicarious copyright infringement; and,

2) fully satisfied and compensated CoStar for Costar's alleged injury arising from the Defendants' copyright infringement.

If CoStar's intent was to specifically carve out and preserve its claim for vicarious copyright infringement against K&H it should have specifically enumerated that in the plain language of the release. It failed to do so. Thus, the only possible conclusion that may be drawn from the plain language of the release is that CoStar and Mr. Bell agreed to and intended to put an end to litigation involving claims of any nature, against any persons, involving his alleged direct copyright infringement between November 2006 and July 2008. *See Bennett v. Coors Brewing Co.,* 189 F. 3d 1221, 1232 (10th Cir. 1999) (where plaintiffs agreed to release "all ...claims...in any way relating to [their] employment with Coors," plain meaning of the release-and the only reasonable meaning of the release-was to release all claims in any way relating to plaintiffs'

8

employment with Coors); *see also Coleson v. Inspector General of Dep't of Defense,* 721 F. Supp. 763, 767-68 (E.D. Va. 1989) (dismissing claims against individuals unnamed in release based on express terms of release-plaintiff released "any action or actions arising out of his employment"); *United Bank & Trust Co.,* 901 F.2d at 1522 (language in a contract is given its plain and ordinary meaning).

The release does not carve out nor does it preserve any claims or causes of action regarding Mr. Bell's previously unlicensed access of CoStar's copyrighted materials between November 2006 and July 2008. Taking the allegations of the counterclaim as correct, in settling with the primary infringer in full and making his infringing activity licensed activity, CoStar released K&H from all claims regarding vicarious infringement arising out of that activity. CoStar failed to comply with Florida law which requires it to have specifically stated which claims and damages were being settled and which damages and claims remained. Otherwise, the claims are extinguished and the agreement satisfied all damages from the copyright infringement. *Caccavella v. Silverman,* 814 So.2d 1145 (Fla. 1st DCA 2002).

## III.   COSTAR IS NOT ENTITLED TO RECOVER TWICE FOR THE SAME INJURY

In reviewing the counterclaim, CoStar alleges that Mr. Bell and K&H collectively caused one (1) injury. (Dock. #23). Thus, when CoStar settled its claims against Mr. Bell for his unlicensed activity (as described in the settlement agreement) for payment of $5,000.00, the only reasonable conclusion is that the $5,000.00 represented all of CoStar's damages arising from Mr. Bell's alleged copyright infringement. CoStar attempts to carve out the claims against K&H. However, the only claims that can possibly exist after this settlement agreement are claims unrelated to Mr. Bell's alleged infringement between November 2006 and July 2008. CoStar fully satisfied its asserted counterclaims by recovering its damages against the principal

perpetrator of the alleged infringement, fraud, and breach. CoStar settled with the primary infringer and thereby satisfied its damages arising from the alleged misconduct. CoStar's efforts to inure the release only to the direct infringer and not to the alleged vicarious infringer are consistent with its obvious concern that the agreement would prohibit a double recovery. Exhibit "A", ¶ 2. Continuing this action against K&H after settling with Mr. Bell constitutes an attempt by CoStar to obtain a double recovery on the alleged damages arising from the copyright infringement.

An injured plaintiff is entitled to only one satisfaction for the same harm. *See Greenleaf v. Garlock, Inc.,* 174 F. 3d 352 (3d Cir. 1999); *see also Torres-Troche,* 873 F. 2d at 501 (finding "plaintiffs cannot enrich themselves unjustly by receiving double indemnity for a single injury"). Moreover, while an injured plaintiff can recover from one or all of the defendants found to be jointly and severally liable, the plaintiff cannot recover more than once for the same injury. *F.D.I.C. v. Mijalis,* 15 F. 3d 1314, 1322 (5th Cir. 1994). The law abhors double recoveries. This is readily seen in the law of election of remedies, by which a plaintiff must elect between alternative remedies "to prevent double recovery for a single harm." *U.S. v. Weiss Pollution Control Corp.,* 532 F.2d 1009, 1012 (5th Cir. 1976). For this reason, a plaintiff in a copyright infringement case can recover actual *or* statutory damages, but not both. 17 U.S.C. § 504. The plaintiff in a copyright infringement case must elect its remedy, rather than obtain a double recovery. CoStar recognized this when it elected actual damages from Mr. Bell in the agreement, rather than statutory damages. Likewise, CoStar cannot recover twice for the same harm; once from the settling Counter-Defendant and again from the non-settling Counter-Defendant. CoStar pled in its counterclaim that Mr. Bell and K&H contributed to the same copyright infringement. (Dock. #23). Therefore, both of the Defendants would be jointly and

severally liable for CoStar's damages. *Branch v. Ogilvy & Mather, Inc.,* 772 F. Supp. 1359, 1364 (S.D.N.Y. 1991) (where two (2) or more defendants contribute to copyright infringement, they are jointly and severally liable for the award of damages); *Microsoft Corp. v. Grey Computer, et al.,* 910 F. Supp. 1077, 1090 (S.D. Md. 1995) (a party who, with knowledge of infringing activity, induces, causes, or materially contributes to the infringing conduct of another, will be held liable as a contributory infringer and is jointly and severally liable for the infringement).  Because CoStar released its claim against Mr. Bell and licensed his access of its copyrighted information between November 2006 and July 2008 in exchange for $5,000.00; CoStar has satisfied and released any damages it may have been entitled to recover against K&H and extinguished its cause of action against K&H contained in Count II of the counterclaim.

**WHEREFORE** Plaintiff/Counter-Defendant, KLEIN & HEUCHAN, INC. respectfully requests this Court grant this Motion for Directed Verdict or alternatively Motion for Judgment on Partial Findings as to Defendants/Counter Plaintiffs COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC.'s counterclaim, and such other and further relief as this Court deems appropriate.

Respectfully submitted this 2nd day of March, 2010

/s/ Brian J. Aungst, Jr.,                          ,
JEFFREY W. GIBSON, ESQ.
Florida Bar No.: 0568074
jg@macfar.com
BRIAN J. AUNGST, JR., ESQ.
Florida Bar No.: 0055347
bja@macfar.com
MACFARLANE FERGUSON & MCMULLEN
625 Court Street, Suite 200
Post Office Box 1669 (33757)
Clearwater, FL 33756
(727) 441-8966 - Telephone
(727) 442-8470 - Facsimile
Attorneys for Klein & Heuchan, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2010, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECG system, which will send a notice of electronic filing to all

counsel of record.

<div style="margin-left:40%">

s/ Brian J. Aungst, Jr.
Attorney for Plaintiff,
Klein & Heuchan, Inc.

</div>