# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**KLEIN & HEUCHAN, INC.,**

    **Plaintiff,**

**v.**                                              **Case No.  8:08-cv-1227-T-30EAJ**

**COSTAR REALTY INFORMATION,
INC., and COSTAR GROUP, INC.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff/Counter-Defendant Klein & Heuchan, Inc.'s Motion for Attorneys' Fees and Costs (Dkt. 143), Motion for Appellee Attorneys' Fees and Costs (Dkt. 158), and Defendants/Counter-Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.'s respective responses (Dkts. 163 and 159).  The Court, having considered the motions and responses, and being otherwise advised, concludes that the motions should be denied with respect to Klein & Heuchan's request for attorneys' fees, and granted with respect to its request for costs.

### **Background**

Plaintiff/Counter-Defendant Klein & Heuchan, Inc. ("K&H") is a real estate brokerage firm based in Clearwater, Florida.  Defendants/Counter-Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar") are, together, a national

commercial real estate information service provider that operates an internet database of this information.

CoStar collects information on over 1,000,000 active commercial real estate listings in the United States and the United Kingdom. CoStar employs field researchers who collect the information and take pictures of the properties. The pictures taken by the field researchers are registered with the United States Copyright Office. CoStar makes the collected information and pictures available over the internet to customers who pay a license fee. With the subscription, customers are generally permitted to make limited reproductions of the photographs contained in the database and make limited use of the compilation of information maintained in the database.

Counter-Defendant Scott Bell was a real estate broker who worked for Coldwell Banker Commercial NRT ("Coldwell") from September 2005 to November 2006. During his time at Coldwell, Bell was given a subscription to the CoStar database. Bell could access the CoStar database using a unique username and password but his subscription was associated with Coldwell's license agreement with CoStar.

Sometime around December of 2006, Bell began working for K&H as an independent sales professional. Though Bell's subscription was supposed to end when he left Coldwell, Bell continued to access the CoStar service using the username and password associated with his Coldwell associated subscription.

Upon learning of Bell's continuing use of the CoStar service, K&H filed a declaratory judgment action seeking a court determination of their rights and obligations as they relate

to CoStar. CoStar filed a counterclaim against Bell for direct copyright infringement, breach of contract, and violation of 18 U.S.C. §1030; and against K&H for contributory and vicarious copyright infringement.

Although the Court found Bell liable for direct infringement, this Court ultimately concluded (after a bench trial) that K&H was not liable for either contributory or vicarious copyright infringement. (Dkt. 141). Costar later appealed the decision to the Eleventh Circuit Court of Appeals, which affirmed. (Dkt. 162).

K&H now moves for an award of attorneys' fees and costs with respect to fees incurred in the district court action and on appeal.

## Discussion

### A.   Basic Legal Standard

In copyright cases, the decision to award attorneys' fees is within the sound discretion of the Court. 17 U.S.C. § 505 ("[T]he Court in its discretion may allow the recovery of full costs by or against [a] party...[and] may also award a reasonable attorney's fee to the prevailing party as part of the costs."); *Cable/Home Commc'ns Corp. v. Network Prods., Inc.,* 902 F.2d 829, 853 (11th Cir. 1990). In deciding whether to award fees, a Court should consider whether the position of the losing party was (1) frivolous or (2) objectively unreasonable, (3) the losing party's motivation in litigating the action; and (4) the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n. 19 (1994). In balancing these factors, the Eleventh Circuit has stressed that a court should not consider the issue of whether the losing party can afford to pay the

prevailing party's fees but instead must focus on whether an award of fees will further the goals of the Copyright Act. *Mitek Holdings, Inc. v. Arce Eng'g Co., Inc.,* 198 F.3d 840, 842 (11th Cir. 1999).

### B.     Factor One: Frivolousness

K&H has not argued that Costar's claims were frivolous. Moreover, the discussion below regarding the "objective unreasonableness" factor makes clear that they were not. The Court's finding that Costar's claims were not frivolous thus weighs against an awarding of attorneys' fees.

### C.     Factor Two: Objective Unreasonableness

Just because a defendant prevails at trial, it does not follow that the plaintiff's position was therefore objectively unreasonable. *Maxwood Music Ltd. v. Malakian,* 722 F. Supp. 2d 437, 439 (S.D.N.Y. 2010). Indeed, to hold otherwise would be to establish a *per se* entitlement to fees for the prevailing defendant, which would belie the Supreme Court's mandate that fees only be awarded in the Court's discretion. *Fogerty,* 510 U.S. at 534.

On the contrary, in determining the objective reasonableness of the losing party's position, the Court "must consider not how many times in the litigation at issue the presiding court rejected a non-prevailing party's legal position, but rather, the clarity of the law with respect to the losing party's position at the time that the losing party pressed its argument." *Luken v. Int'l Yacht Council,* 581 F.Supp.2d 1226, 1240 (S.D. Fla. 2008). In determining the objective reasonableness of the party's position at the time it advanced the argument, the

Court should consider whether its position was patently without merit or otherwise clearly lacking a legal or factual basis. *Maxwood Music,* 722 F.Supp.2d at 439.

In the instant case, CoStar prevailed on its direct infringement claim against Bell, but lost its contributory and vicarious infringement claims against K&H. K&H argues that CoStar's two losing claims were objectively unreasonable.

To prove contributory infringement, a plaintiff must show that one "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Casella v. Morris,* 820 F.2d 362, 365 (11th Cir. 1987) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,* 443 F.2d 1159, 1162 (2d Cir. 1971)). As intimated above, in order to prove contributory infringement, one must first prove direct infringement, as the plaintiff must show that the defendant contributed to "the infringing conduct of another." *Id.* In the copyright context, knowledge means that either the alleged contributory infringer has actual knowledge or has reason to know of the infringing activity. *Id.*

Here, K&H argues that CoStar's contributory infringement claim was objectively unreasonable as this Court ultimately determined that Klein neither knew nor should have known that Bell's right to use the service was unauthorized.

This Court disagrees with K&H's contention that CoStar's contributory infringement claim was objectively unreasonable. Indeed, CoStar presented evidence tending to show that Klein knew that Bell was using the CoStar service, knew that one needed a license to use it, and should have known that CoStar licenses were granted only to businesses, not individuals.

CoStar thus presented evidence tending to show that K&H knew, and/or had reason to know that Bell's use was unauthorized.

While this Court ultimately found for K&H on the issue of knowledge, this was the result of a credibility determination made at trial. Specifically, this Court concluded that "[a]fter hearing [Mark and Steve Klein's] testimony and observing their demeanor, the Court finds their testimony credible and makes a finding of fact that Mark and Steve Klein neither knew nor should have known that Bell's use was unauthorized." (Dkt. 141, 5).

CoStar's argument that K&H possessed knowledge of Bell's infringing conduct, while ultimately unsuccessful, was not clearly without a factual or legal basis. On the contrary, CoStar's argument failed only after the Court made a credibility determination at trial. Thus, this Court concludes that CoStar's contributory infringement claim was not objectively unreasonable. *See, e.g., Maxwood Music,* 722 F.Supp.2d at 439 (denying attorneys' fees where case involved credibility determinations made at trial).

To prove a claim for vicarious infringement, a plaintiff must show that "the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer." *Metro-Goldwyn-Mayer Studios, Inc., v. Grokster, Ltd.,* 545 US. 913, 939 n. 9 (2005). A prior finding of direct copyright infringement is a precondition to a finding of vicarious infringement; however, the defendant's knowledge of that direct infringement is not necessary. *So. Bell Tel. and Tel. Co. V. Associated Tel. Directory Publishers,* 756 F.2d 801, 811 (11th Cir. 1985).

After considering Costar's Motion for Summary Judgment, this Court found both that Bell had directly infringed Cotstar's copyrights, and that K&H had the right and ability to supervise Bell. As a result, the only remaining issue was whether K&H received a "direct financial benefit" from Bell's direct infringement. At trial, this Court found that K&H failed to adequately prove this element, and thus it ruled for K&H on CoStar's vicarious infringement claim. Specifically, this Court found that:

> Bell's infringing use was not of any direct benefit to Klein. No other agents accessed CoStar's website through Bell's computer or password. And Klein did not attract any customers or make any sales because of any CoStar information. Thus, there was no "causal relationship" between the infringing activity and a financial benefit reaped by Klein. Therefore, under the facts of this case, Klein is not liable for vicarious infringement. (Dkt. 141, 22-23).

K&H argues that CoStar's vicarious infringement claim was objectively unreasonable as it knew that it could not, and did not, show that Klein directly profited from the infringing material. This Court disagrees with K&H's characterization of CoStar's vicarious infringement claim.

While CoStar conceded that it could not show that Bell's unauthorized use resulted in any specific financial benefit to Klein, for example, that it resulted in specific real estate sales, and/or attracted new customers, CoStar argued that it was unnecessary to show such a specific connection. Instead, it argued that it was enough to show that it lost licensing fees and that Bell's infringing conduct could reasonably be thought to generally benefit K&H's real estate business.

In support of this contention, CoStar cited numerous cases. For example, Costar relied on several cases in which a business proprietor (for example, a dance hall, a restaurant, and a horse racing venue) was found liable for playing music without the proper license. In these cases, plaintiffs were unable to tie the playing of music to specific sales or other specific financial benefits; however, courts nonetheless found that the playing of the music coupled with the non-payment of licensing fees rendered the defendants liable for copyright infringement. These courts stated that the infringing activity could be reasonably presumed to benefit the defendant companies financially; thus, plaintiffs were not required to show that the infringing activity causally resulted in a specific profit. *See, e.g., Dreamland Ball Room v. Shapiro,* 36 F.2d 354, 355 (7th Cir. 1929); *Herbert v. Shanley Company,* 242 U.S. 591, 595 (1917); *Famous Music Corp. v. Bay State Harness Horse Racing,* 554 F.2d 1213, 1214-15 (1st Cir. 1977).

Moreover, Costar relied on additional cases reaching the same result, including a recent case in which an employer was found vicariously liable for its employees infringement after employees distributed unauthorized copies of a financial newspaper to others in the firm. *Lowry's Reports v. Legg Mason,* 271 F.Supp. 2d 737, 745-46 (D. Md. 2003). This Court noted that *Lowry's* is often cited for the proposition that "the avoidance of subscription fees may be sufficient to constitute a 'direct financial benefit,'" (Dkt. 141, 20) which was essentially CoStar's argument in this case.

In short, CoStar cited substantial authority for their vicarious infringement claim. In addition, there seems to have been little case authority limiting the scope of the doctrine

discussed above, to wit, that the avoidance of license or subscription fees can often be sufficient to show a direct financial benefit (of note, K&H relied on a single case circumscribing this doctrine in its reply to CoStar's summary judgment motion).

Thus, while this Court ultimately decided, based on the unique facts of this case, in favor of K&H, CoStar's claims were not clearly without legal or factual support. On the contrary, CoStar had substantial authority on its side. Moreover, CoStar presented this Court with a relatively rare opportunity to limit the reach of the doctrine discussed above, that the avoidance of subscription fees can constitute a direct financial benefit. This litigation has therefore enabled the Court to clarify the scope of the Copyright Act and to demarcate the boundaries of its protections, thereby furthering the purposes of the Act. For the above reasons, CoStar's vicarious infringement claim was not objectively unreasonable.

In sum, the Court finds that CoStar's claims against K&H were not objectively unreasonable. Moreover, the Court concludes that it was not objectively unreasonable for CoStar to appeal this Court's ruling, especially since CoStar's appeal primarily concerned relatively novel and complex questions of law. This finding of objective reasonableness also weighs against an awarding of fees.

### D.   Factor Three: Motivation

In exercising its discretion to award fees, a court should consider whether the losing party litigated in good or bad faith. *See, e.g., Tuff 'N' Rumble Management, Inc. v. Profile Records, Inc.,* 1997 WL 470114, *1 (S.D.N.Y. 1997). Bad faith litigation conduct includes initiating a lawsuit for the purposes of harassment (or for another improper motive),

obstructing discovery, disobeying court orders, failing to adequately research the law and facts, and otherwise pursuing litigation in an improper and unprofessional manner. *See, e.g., id.; Cramer v. Crestar Financial Corp.,* 67 F.3d 294, *7 (4th Cir. 1995).

Here, K&H argues that CoStar engaged in bad faith conduct by attempting to make K&H subscribe to CoStar's service in exchange for agreeing not to seek damages for Bell's prior unauthorized use of its services.

Despite K&H's contentions, this Court concludes that K&H has failed to show that CoStar acted in bad faith. This court has previously noted that CoStar's claims against K&H, while ultimately unsuccessful, were not objectively unreasonable. Thus, the mere fact that CoStar attempted to settle their claims against K&H prior to suit, and/or that they threatened to sue to enforce their (reasonably believed) rights fails to establish bad faith.

CoStar states that it brought its instant claims in order to protect its believed rights, and this Court finds no reason to conclude otherwise. Accordingly, this Court finds that CoStar acted in good faith in prosecuting its claims against K&H. As a result, this factor also weighs against awarding fees.

### E.     Factor Four: Considerations of Compensation and Deterrence

In deciding whether to award attorneys' fees in a copyright infringement action, Courts have often looked to considerations of compensation and deterrence. Courts have rewarded fees both to encourage the litigation of valid patent claims (and defenses) and to deter the prosecution of frivolous and nuisance suits. Courts have also declined to award fees where doing so would chill a plaintiff from bringing a meritorious claim.

Here, this Court has already concluded that CoStar has advanced objectively reasonable claims in good faith. To award fees in such a situation would deter future plaintiffs from bringing meritorious (especially close) copyright actions, frustrating the goals of the Copyright Act. As one of our sister courts succinctly stated:

> [T]he need to advance considerations of compensation and deterrence goes hand in hand with the inquiry into the reasonableness of the parties' positions. Consistent with furthering the purposes of the Copyright Act, a party that advances a reasonable position should not be deterred from doing so for fear that it will have to pay attorney's fees if it loses. *Luken v. Int'l Yacht Council, Ltd.,* 581 F.Supp. 2d 1226, 1246 (S.D. Fla. 2008)

Numerous other courts have also argued against awarding fees in such a situation, fearing that doing so would chill plaintiffs from litigating good-faith reasonable claims and thus frustrate the purposes of the Copyright Act. *See, e.g., Matthew Bender & Co. v. West Publ'g Co.,* 240 F.3d 116, 122 (2d Cir. N.Y. 2001); *Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.,* 785 F.2d 897, 916 (11th Cir. 1986); *Harris Custom Builders, Inc., v. Hoffmeyer,* 140 F.3d 728, 730 (7th Cir. 1998); *Advanz Behavorial Management Resources, Inc. v. Miraflor,* 21 F.Supp.2d 1179, 1192 (C.D. Cal. 1998).

In arguing that considerations of compensation and deterrence support an award of fees, K&H relies upon a 7th Circuit case which held that a prevailing defendant should be presumptively entitled to fees in order both to encourage defendants to litigate meritorious defenses and to deter the litigation of nuisance suits. *Assessment Techs. of WI, LLC v. WIREdata, Inc.,* 361 F.3d 434, 437 (7th Cir. 2004). K&H's reliance on this case is misplaced.

First, the 7th Circuit presumption in favor of awarding fees to a prevailing defendant is non-binding authority. Second, the 7th circuit presumption can of course be overcome in particular circumstances. Indeed, the 7th Circuit itself has expressed concern over taxing attorneys' fees against losing plaintiffs who advance good-faith reasonable claims, noting that "[a] party who propounds a reasonable claim should not be penalized, whether or not the judge buys the claim or whether the judge's decision is upheld or reversed on appeal." *Harris Custom Builders, Inc.,* 140 F.3d at 730. Third, in this particular case there is no need to award fees in order to deter nuisance suits as this Court has already found that CoStar's claims were brought in good faith and were neither frivolous nor objectively unreasonable. Moreover, CoStar did not initiate this lawsuit; on the contrary, it was K&H which first involved the court system in the parties' dispute.

For all of the above reasons, this Court will not depart from the several courts which have held that considerations of compensation and deterrence will not be advanced by taxing fees against a losing plaintiff who prosecuted objectively reasonable claims in good faith. As a result, this factor also weighs against an awarding of fees.

**F.     Conclusion**

As the Court finds that all four factors weigh against an award of attorneys' fees (incurred both in district court and on appeal), this Court concludes that K&H should not be awarded its reasonable attorneys' fees for its successful defense of CoStar's counterclaims. However, as Courts routinely award costs to the prevailing party (even if the losing party's

claims were brought in good faith and were complex, and/or reasonable),[1] this Court concludes that K&H should be awarded its costs in this case, both for litigating in district court and on appeal.

It is therefore **ORDERED** AND **ADJUDGED** that:

1. Plaintiff/Counter-Defendant Klein & Heuchan, Inc.'s Motion for Attorneys' Fees incurred in conjunction with the district court action (Dkt. 143) is hereby denied.

2. Plaintiff/Counter-Defendant Klein & Heuchan, Inc.'s Motion for Appellee Attorneys' Fees incurred on appeal (Dkt. 158) is hereby denied.

3. Plaintiff/Counter-Defendant Klein & Heuchan, Inc.'s Motion for Costs is hereby granted, with respect to costs incurred in the district court action and on appeal.

**DONE** and **ORDERED** in Tampa, Florida on December 7, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1227.maf.frm

---

[1] *See* Fed. R. Civ. P. 54(d)(1); *Pacheo v. Mineta*, 448 F.3d 783, 794-95 (5th Cir. 2006); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 467 (3d Cir. 2000).